IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN S. STAFFORD, III,<br>in his individual and representative capacities,<br><br>        Plaintiff,<br><br>    v.<br><br>INTELITY, INC. f/k/a PROJECT CLOUDKEY, INC.<br><br>        Defendant. | C.A. No. _____ |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff John S. Stafford, III ("Stafford"), by and through his undersigned attorneys, hereby moves the Court for an Order granting leave to file under seal his Complaint and exhibits. The grounds for this motion are as follows:

1. This action arises out of a Stock Purchase Agreement ("SPA") dated November 29, 2018 between Defendant Intelity, Inc. f/k/a Project Cloudkey, Inc. ("Intelity") and stockholders of Intelity Solutions, Inc. (the "Stock Purchase Agreement"). Stafford was one of the stockholders who sold stock to Intelity and was appointed as the Stockholder Representative in connection with the transaction.

2. The SPA upon which Stafford brings suit (and has attached as Exhibit A to the Complaint) contains a confidentiality provision under which Stafford and the other stockholders agreed "to hold in confidence any and all information, whether written or oral concerning" the other parties to the agreement and Intelity Solutions, Inc. *See* Compl. Ex. A § 6.01. The confidentiality provision also applies to Confidential Information, which is defined to include "all confidential information, formulas, designs, devices, technology, know-how, research and development, inventions, methods, processes, compositions and other trade secrets, whether or

1

not patentable." *See id.* § 4.12(v). The SPA further recites that the parties have agreed to enter into the SPA "in consideration of the mutual covenants and agreements" set forth in the SPA, including the confidentiality provision. *See id.* (Recitals).

3. The Complaint necessarily refers to Intelity, Solutions, and the SPA, which Stafford alleges Intelity breached. In addition, attached to the Complaint as Exhibit A is a copy of the Stock Purchase Agreement, which references and attaches copies of the parties' sensitive, non-public business information.

4. The correspondence between Stafford and Intelity regarding the dispute (attached as Exhibits B, C, D, E, and F) refer to and include provisions from the Stock Purchase Agreement and matters related to Intelity and Solutions, which, as stated above, need to be kept confidential.

5. Although Stafford reads Section 6.01 to permit disclosure when it is required in a legal process or proceeding, Stafford recognizes that Intelity may assert that such disclosure would violate the SPA's confidentiality provision.

6. A federal court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3d Cir. 1994); *see also In re Sarkar*, 575 F.2d 870, 871 (C.C.P.A. 1978) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978)); *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299–300 (D. Del. 2013), as corrected (Mar. 15, 2013) (citing *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011)) ("A court has 'supervisory power over its own records.' Despite a 'presumption in favor of public accessibility,' a court has authority to seal documents 'when justice so requires,' provided the party requesting sealing demonstrates that the 'interest in secrecy outweighs the presumption' of access.").

7. Indeed, where an agreement requires confidential treatment, the intentional failure to file court documents under seal can evidence bad faith. *Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 953 (5th Cir. 2001). And, where a party relies on assurances of confidentiality in entering into an agreement, that party has a privacy interest preventing disclosure of its non-public, secretive business information. *See Leap Sys.*, 638 F.3d at 222.

8. Permitting the Complaint and its exhibits to be filed under seal will preserve for now the status quo concerning the rights and obligations of the parties as to the SPA. These interests in secrecy outweigh any presumption or interest that may exist in favor of public access to the details of a private and confidential business transaction.

WHEREFORE, Stafford respectfully requests that the Court issue an order permitting the Complaint and any exhibits related thereto to be filed and remain under seal.

| | |
|---|---|
| OF COUNSEL: | Respectfully submitted, |
| Gary M. Miller<br>Shook, Hardy & Bacon L.L.P.<br>111 S. Wacker Drive<br>Suite 4700<br>Chicago, IL 60606<br>312-704-7703<br>gmiller@shb.com | */s/ Henry E. Gallagher, Jr.*<br>Henry E. Gallagher, Jr. (#495)<br>Lauren P. DeLuca (#6024)<br>Connolly Gallagher LLP<br>1201 North Market Street, 20th Floor<br>Wilmington, DE 19801<br>Phone: (302) 757-7300<br>hgallagher@connollygallagher.com<br>ldeluca@connollygallagher.com |
| Kali R. Backer<br>Shook, Hardy & Bacon L.L.P.<br>1660 17th Street, Suite 450<br>Denver, CO 80202<br>303.285.5303<br>kbacker@shb.com | *Attorneys for Plaintiff* |

Dated: February 6, 2020