## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VAXCEL INTERNATIONAL CO., LTD., | C.A. No. _____ |
| *Plaintiff*, | |
| v. | **JURY TRIAL DEMANDED** |
| HEATHCO LLC, | |
| *Defendant*. | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Vaxcel International Co., Ltd. ("Vaxcel") files this Complaint for Patent

Infringement against Defendant HeathCo LLC ("Heath"), and alleges as follows:

### PARTIES

1.     Plaintiff Vaxcel International Co., Ltd. is an Illinois corporation with its principal

place of business located at 121 E. North Avenue, Carol Stream, Illinois 60188.

2.     Upon information and belief, Defendant HeathCo LLC is a limited liability

company organized and existing under the laws of the State of Delaware having its principal

place of business located at 2445 Nashville Road, Bowling Green, Kentucky, 42101.

3.     Defendant Heath engages in the design, manufacture, offer to sell, sale, and

marketing of lights that include one or more of the following features: switch between different

color temperatures, switch between different brightness levels, detect motion and detect light.

### JURISDICTION AND VENUE

4.     This is an action for patent infringement arising under the Patent Laws of the

United States as set forth in 35 U.S.C. §§ 1 *et seq.*

5.     This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     Heath was formed under the laws of Delaware and regularly conducts business in the District of Delaware (this "Judicial District").  Heath markets and supplies infringing products to local retailers and consumers in this Judicial District.  Therefore, this Court has general jurisdiction over Defendant Heath.

7.     Heath has contributed to and/or committed and continues to contribute to and/or commit acts of patent infringement in this Judicial District.  Heath has sufficient minimum contacts with this forum by way of Heath having, at a minimum, directly and/or through intermediaries, including subsidiaries, distributors, sales agents, and others, sold and/or offered for sale and/or imported infringing products in this Judicial District and/or placed their infringing products in the stream of commerce, which is directed at this Judicial District, as alleged in further detail below. Therefore, this Court has specific jurisdiction over Defendant Heath.

8.     This Court has personal jurisdiction over Heath based upon Heath's being formed in this Judicial District, and Heath's offering to sell and/or selling of goods and the transaction of business in the state of Delaware.

9.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## BACKGROUND

10.     For more than 25 years, Vaxcel has been and continues to be engaged in the business of designing and developing, manufacturing and selling lighting products, among other products, throughout the United States.

11.     Vaxcel has invested and continues to invest in the research and development of lighting products, has marketed and sold and continues to market and sell lighting products and has filed many design and utility patent applications for Vaxcel's innovative designs and inventions.

12.     United States Letters Patent Number 10,136,503 (the "'503 patent"), entitled "Microcontroller-Based Multifunctional Electronic Switch and Lighting Apparatus Having the Same," was duly and legally issued on November 20, 2018 based upon an application filed by inventor Chia-Teh Chen.  A copy of the '503 patent is attached as EXHIBIT A.

13.     The owner of the '503 patent, by assignment, is Vaxcel, who has the right to sue and recover damages for past and present infringement thereof.

14.     Plaintiff Vaxcel has never licensed Defendant Heath under the '503 patent and Plaintiff Vaxcel has not otherwise authorized Defendant Heath to practice any part of the '503 patent.

15.     United States Letters Patent Number 10,187,947 (the "'947 patent"), entitled "Life-Style LED Security Light," was duly and legally issued on January 22, 2019 based upon an application filed by inventor Chia-Teh Chen.  A copy of the '947 patent is attached as EXHIBIT B.

16.     The owner of the '947 patent, by assignment, is Vaxcel, who has the right to sue and recover damages for past and present infringement thereof.

17.     Plaintiff Vaxcel has never licensed Defendant Heath under the '947 patent and Plaintiff Vaxcel has not otherwise authorized Defendant Heath to practice any part of the '947 patent.

18.     United States Letters Patent Number 10,491,032 (the "'032 patent"), entitled "Life-Style Security Light," was duly and legally issued on November 26, 2019 based upon an application filed by inventor Chia-Teh Chen.  A copy of the '032 patent is attached as EXHIBIT C.

19.     The owner of the '032 patent, by assignment, is Vaxcel, who has the right to sue and recover damages for past and present infringement thereof.

20.     Plaintiff Vaxcel has never licensed Defendant Heath under the '032 patent and Plaintiff Vaxcel has not otherwise authorized Defendant Heath to practice any part of the '032 patent.

21.     United States Letters Patent Number 10,225,902 (the "'902 patent"), entitled "Two-Level Security Light with Motion Sensor," was duly and legally issued on March 5, 2019 based upon an application filed by inventor Chia-Teh Chen.  A copy of the '902 patent is attached as EXHIBIT D.

22.     The owner of the '902 patent, by assignment, is Vaxcel, who has the right to sue and recover damages for past and present infringement thereof.

23.     Plaintiff Vaxcel has never licensed Defendant Heath under the '902 patent and Plaintiff Vaxcel has not otherwise authorized Defendant Heath to practice any part of the '902 patent.

24.     United States Letters Patent Number 10,516,292 (the "'292 patent"), entitled "Two-Level LED Security Light with Motion Sensor," was duly and legally issued on December 24, 2019 based upon an application filed by inventor Chia-Teh Chen.  A copy of the '292 patent is attached as EXHIBIT E.

25.     The owner of the '292 patent, by assignment, is Vaxcel, who has the right to sue and recover damages for past and present infringement thereof.

26.     Plaintiff Vaxcel has never licensed Defendant Heath under the '292 patent and Plaintiff Vaxcel has not otherwise authorized Defendant Heath to practice any part of the '292 patent

27.     Defendant Heath is the manufacturer, distributor and/or marketer of Heath®/Zenith ("Heath/Zenith") branded lighting products and affiliate and/or subsidiary branded lighting products such as but not limited to The Home Depot's Defiant® ("Defiant") branded lighting products corresponding to SKU/Model Nos. 1002578066/DFI-5997-WH, 1002578069/DFI-5997-BZ and 1002578077/DFI-5886-WH and the Menards® ("Menards") lighting products corresponding to SKU/Model Nos. 3569247/HZV-5051-WH and 3569248/HZV-5051-BZ (the "Group 1 Lights") which include a bar code owned by Heath.  A true and correct depiction of Heath's Group 1 Lights as advertised on HomeDepot.com (the "Home Depot Website") and Mendards.com (the Menards Website) is attached as EXHIBIT F.

28.     Defendant Heath is the manufacturer, distributor and/or marketer of Heath/Zenith branded lighting products and affiliate and/or subsidiary branded lighting products such as but not limited to The Home Depot's and Wayfair's lighting products corresponding to Internet Nos./Model Nos. 308772843/HZ-8813-BZ, 308772819/HZ-8813-WH, 309814994/HZ-8814-BZ and 309815011/HZ-8814-WH (the "Group 2 Lights") which include a bar code owned by Heath. A true and correct depiction of Heath's Group 2 Lights as advertised on the Home Depot website is attached as EXHIBIT G.

29.     Defendant Heath is the manufacturer, distributor and/or marketer of Heath/Zenith branded lighting products and affiliate and/or subsidiary branded lighting products such as but

not limited to The Home Depot's Defiant branded lighting products corresponding to SKU/Model Nos. 1004365415/DF5909-WH, 1001311060/DFI-5983-WH, 1001318510/DFI-5983-BZ, 1001311064/DFI-5988-WH; 1002169632/DFI-5988-BZ, 1001318516/DFI-5985-BZ, and 1001311061/DFI-5985-WH, Internet No./Model No. 310380131/CD-5909-BZ,  Menards' lighting products corresponding to SKU/Model Nos. 3569276/HZ-5835-WH and 3569275/HZ-5835-BZ and Heath's lighting products corresponding to Model Nos. HZ-5867 (White, Bronze), HZ-5868 (White, Bronze), HZ-5869 (White, Bronze), and HZ-5872 (White, Bronze) (the "Group 3 Lights") which include a bar code owned by Heath.  A true and correct depiction of Heath's Group 3 Lights as advertised on the Home Depot, Menards and Heath's websites is attached as EXHIBIT H.

30.     Defendant Heath is the manufacturer, distributor and/or marketer of Heath/Zenith branded lighting products and affiliate and/or subsidiary branded lighting products such as but not limited to The Home Depot's Defiant branded lighting products corresponding to SKU/Model No. 1002578072/DFI-5996-WH and Menards' lighting products corresponding to SKU/Model Nos. 3569245/HZV-5838-BZ and 3569246/HZV-5838-WH (the "Group 4 Lights"), which include a bar code owned by Heath.  A true and correct depiction of Heath's Group 4 Lights as advertised on the Home Depot website and Menards' website is attached as EXHIBIT I.

**COUNT I**

**PATENT INFRINGEMENT OF U.S. PATENT NO. 10,136,503**

31.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 as if fully repeated and restated herein.

32.     Heath has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims  1, 8, 11, 12, 16, 17, 20, 40, 41, 53 and 56 of the

'503 Patent by making, using, selling, offering to sell, and/or importing without license or authority, color temperature tuning lighting products, including at least the Group 1 Lights, which it sells in the United States generally and in the District of Delaware in violation of 35 U.S.C. § 271(a).

33.     Heath's Group 1 Lights are microcontroller based (determined through testing), LED lamps, having temperature color that is adjustable (between orange/warm white and blue/daylight) by a user accessible switch (shown on product packaging and on page 9 of the "Use and Care Guide" (the "Guide 1") provided with Group 1 Lights sold on the Home Depot website, attached as EXHIBIT J and reproduced in part below and on page 5 of the "owner's manual" (the "Guide 1A") provided with Group 1 Lights sold on the Menards website, attached as EXHIBIT K).



34.     The Group 1 Lights include multiple sets of LEDs which, in full-bright mode, are adjusted by rotating the color temperature dial and which operate with different conduction rates of controllable switching elements to change the color emitted through the light diffusing cover. The Group 1 Lights also include a microcontroller, which receives a signal from the color

temperature dial, which in turn controls the conduction/cut-off states and electric power supplied to the various sets of LEDs.

35.     Defendant Heath has infringed and continues to infringe indirectly at least claims 1, 8, 11, 12, 16, 17, 20, 40, 41, 53 and 56 of the '503 patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to, end users and retailers such as Home Depot and Menards) by the sale of at least the Group 1 Lights to others.  Acts of inducement include, for example, advertisement and instruction to install and use the Group 1 Lights with color temperature adjustment.

36.     Defendant Heath has and continues to promote, advertise, and instruct customers and potential customers about its products and how to use the Group 1 Lights, including infringing uses. Defendant Heath's promotion, advertising, and instruction efforts include, at a minimum, the production and distribution of instruction manuals/user guides and other indicia included on the Home Depot website, on the Menards website and within or printed on the packaging of the Group 1 Lights. Defendant engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

37.     Specifically, regarding the Group 1 Lights, Heath instructs how to "Turn the Adjustable Color Temperature dial toward the 'Blue' color to increase the color temperature toward daylight (5000K)…Turn the Adjustable Color Temperature dial toward the 'Orange' color to decrease the color temperature toward warm (3000K)", as stated on page 9 of the Guide 1, attached as EXHIBIT J and reproduced in relevant part in paragraph 33 above.

38.     Defendant Heath has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 26 of the '503 Patent by making, using, offering to sell, selling and/or importing without license or authority, at least Group 1

Lights having a free running technology of tunable color temperature, which Heath provides for display samples to its retail clients including the Home Depot. Heath provides these free running display samples in the United States generally and in the District of Delaware in violation of 35 U.S.C. § 271(a).

39.     The Group 1 Lights that Heath provides for display samples to its retail clients including the Home Depot are configured to run through a color temperature display back and forth between 3000K and 5000K as illustrated below.



40.     Heath has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 8, 11, 12, 16, 17, 20, 40, 41, 53 and 56 of the '503 Patent by making, using, selling, offering to sell, and/or importing without license or authority, color temperature tuning lighting products, including at least the Group 2 Lights, which it sells in the United States generally and in the District of Delaware in violation of 35 U.S.C. § 271(a).

41.     Heath's Group 2 Lights are microcontroller based (determined through testing), LED lamps, having temperature color that is adjustable (between warm orange and blue daylight) by a user accessible dial/switch (shown on product packaging and on page 3 of the

Owner's Manual ("Guide 2") provided with Group 2 Lights sold on the Home Depot website,

attached as EXHIBIT L and reproduced in part below).



42.     The Group 2 Lights include multiple sets of LEDs which are adjusted by rotating

the color temperature dial and which operate with different conduction rates of controllable

switching elements to change the color emitted through the light diffusing cover.   The Group 2

Lights also include a microcontroller, which receives a signal from the color temperature dial,

which in turn controls the conduction/cut-off states and electric power supplied to the various

sets of LEDs.

43.     Defendant Heath has infringed and continues to infringe indirectly at least claims

1, 8, 11, 12, 16, 17, 20, 40, 41, 53 and 56 of the '503 patent by knowingly and specifically

intending to contribute to or induce infringement by others (e.g. including, but not limited to, end

users and retailers such as the Home Depot) by the sale of at least the Group 2 Lights to others.

Acts of inducement include, for example, advertisement and instruction to install and use the

Group 2 Lights in color adjustment.

44.     Defendant Heath has and continues to promote, advertise, and instruct customers

and potential customers about its products and how to use the Group 2 Lights, including

infringing uses. Defendant Heath's promotion, advertising, and instruction efforts include, at a

minimum, the production and distribution of Owner's Manuals and other indicia included on the Home Depot website and within or printed on the packaging of the Group 2 Lights.  Defendant engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

45.     Specifically, regarding the Group 2 Lights, Heath instructs how to "Turn the Adjustable Color Temperature dial toward the 'Blue' color to increase the color temperature toward daylight (5000K)…Turn the Adjustable Color Temperature dial toward the 'Orange' color to decrease the color temperature toward warm (3000K)" as stated on page 3 of Guide 2, attached as EXHIBIT L.

46.     Plaintiff Vaxcel marks its products that are covered by the '503 patent with notice (https://www.vaxcelpatents.com/).  Thus, the Defendant Heath had constructive knowledge of the existence of the '503 patent.

47.     Defendant Heath knew or should have known that at least the Group 1 and Group 2 Lights are especially made or especially adapted for use in an infringement of the '503 patent and that there is no substantially non-infringing use of these lighting products.

48.     Defendant Heath's products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

49.     Defendant Heath's actions have and continue to constitute active inducement and contributory infringement of the '503 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

50.     As a result of Defendant Heath's infringement of the '503 patent, Plaintiff Vaxcel has suffered monetary damages in an amount not yet determined and will continue to suffer damages in the future unless Defendant Heath's infringing activities are enjoined by this Court.

51.     Defendant Heath's wrongful acts have damaged and will continue to damage Plaintiff Vaxcel irreparably, and Plaintiff Vaxcel has no adequate remedy at law for those wrongs and injuries. In addition to its actual damages, Plaintiff Vaxcel is entitled to a permanent injunction restraining and enjoining Defendant Heath and its agents, servants and employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing the '503 patent.

52.     Vaxcel is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283 and 284.

53.     To the extent that facts learned in discovery show that Heath's infringement of the '503 Patent was willful, Plaintiff Vaxcel reserves the right to request such finding at the time of trial.

## COUNT II
## PATENT INFRINGEMENT OF U.S. PATENT NO. 10,187,947

54.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 53 as if fully repeated and restated herein.

55.     Heath has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 20-22, 24-26 and 28-30 of the '947 Patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-brightness-level, motion and light sensor lighting products, including at least the Group 1, Group 3 and Group 4 Lights (the "Group 134 Lights"), which it sells in the United States generally and in the District of Delaware in violation of 35 U.S.C. § 271(a).

56.     Heath's Group 1 Lights are hardwired to a power supply and automatically switch between two modes of LED brightness ("accent light from dusk-to-dawn and full light when motion is detected") as indicated in the "Product Overview" section of the Home Depot advertisement, attached as EXHIBIT F.  The length of time that the Group 1 Lights remain in the

accent light configuration and in the full light configuration are adjustable by user accessible

switches (Shown on product packaging, pages 8-9 of Guide 1, attached as EXHIBIT J

reproduced in part below and page 5 of Guide 1A, attached as EXHIBIT K).



57.     Heath's Group 3 Lights are hardwired to a power supply and automatically switch

between two modes of LED brightness ("accent light from dusk-to-dawn and full light when

motion is detected") as indicated in the "Product Overview" section of the Home Depot

advertisement, attached as EXHIBIT H.  All Group 3 Lights provide a user adjustable switch for

adjusting the length of time the lights remain on in the accent level (Shown at page 9 of "Use and

Care Guide" (the "Guide 3"), attached as EXHIBIT M, at pages 4-5 of the "owner's manual"

(the "Guide 3A"), attached as EXHIBIT N, provided with Group 3 Lights sold on the Menards

website, and at pages 4-5 of the "owner's manual" (the "Guide 3B"), attached as EXHIBIT O,

provided with Group 3 Lights sold on the website http://www.heath-zenith.com (the "Heath

website")).  With many Group 3 Lights the length of time that the Group 3 Lights remain in the

full light configuration is also adjustable by user accessible switches (Shown on page 8 of Guide

3, attached as EXHIBIT M and on page 5 of Guide 3B, attached as EXHIBIT O).

58.     Heath's Group 4 Lights are hardwired to a power supply and automatically switch between two modes of LED brightness ("accent light from dusk-to-dawn and full light when motion is detected") as indicated in the "Product Overview" section of the Home Depot advertisement, attached as EXHIBIT I.  The Group 4 Lights provide user adjustable switches for adjusting the length of time the lights remain on in the accent level (Shown at page 9 of "Use and Care Guide" (the "Guide 4"), attached as EXHIBIT P, provided with Group 4 Lights sold on the Home Depot website and at pages 4-5 of the "owner's manual" (the "Guide 4A"), attached as EXHIBIT Q, provided with Group 4 Lights sold on the Menards website) and for adjusting the amount of time the lights remain in the full light configuration after motion is detected (Shown on page 9 of Guide 4, attached as EXHIBIT P and on pages 4-5 of Guide 4A, attached as EXHIBIT Q).

59.     The Group 134 Lights include a motion sensor/detector as shown on the packaging, which causes the Group 134 Lights to switch between the accent light and the full bright light.  The Group 134 Lights further include a light sensor/detector which enables the Group 134 Lights to detect dusk and dawn as stated on the DualBrite switch.

60.     Defendant Heath has infringed and continues to infringe indirectly at least claims 20-22, 24-26 and 28-30 of the '947 Patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Home Depot and Menards) by the sale of at least the Group 134 Lights to others.  Acts of inducement include, for example, advertisement and instruction to install and use the Group 134 Lights in motion detection and brightness switching modes.

61.     Defendant Heath has and continues to promote, advertise, and instruct customers and potential customers about its products and how to use the Group 134 Lights, including

infringing uses. Defendant Heath's promotion, advertising, and instruction efforts include, at a minimum, maintenance of the Heath website, the production and distribution of instruction manuals/User Guides/owner's manuals and other indicia included on the Heath website, on the Home Depot website on the Menards website and within or printed on the packaging of the Group 134 Lights. Defendant engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

62.     Specifically, regarding the Group 134 Lights, Heath instructs how "[t]he 'ON-TIME' switch determines the amount of time the light will stay on full bright after all motion has stopped" and "the 'DUALBRITE' switch determines the amount of time the lights stay on at an accent level after sundown."

63.     Plaintiff Vaxcel marks its products that are covered by the '947 patent with notice (https://www.vaxcelpatents.com/).  Thus, the Defendant Heath had constructive knowledge of the existence of the '947 patent.

64.     Defendant Heath knew or should have known that at least the Group 134 Lights are especially made or especially adapted for use in an infringement of the '947 patent and that there is no substantially non-infringing use of these lighting products.

65.     Defendant Heath's products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

66.     Defendant Heath's actions have and continue to constitute active inducement and contributory infringement of the '947 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

67.     As a result of Defendant Heath's infringement of the '947 patent, Plaintiff Vaxcel has suffered monetary damages in an amount not yet determined and will continue to suffer damages in the future unless Defendant Heath's infringing activities are enjoined by this Court.

68.     Defendant Heath's wrongful acts have damaged and will continue to damage Plaintiff Vaxcel irreparably, and Plaintiff Vaxcel has no adequate remedy at law for those wrongs and injuries. In addition to its actual damages, Plaintiff Vaxcel is entitled to a permanent injunction restraining and enjoining Defendant Heath and its agents, servants and employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing the '947 patent.

69.     Vaxcel is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283 and 284.

70.     To the extent that facts learned in discovery show that Heath's infringement of the '947 Patent was willful, Plaintiff Vaxcel reserves the right to request such finding at the time of trial.

## COUNT III

## PATENT INFRINGEMENT OF U.S. PATENT NO. 10,491,032

71.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 70 as if fully repeated and restated herein.

72.     Heath has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 1-4 and 8-11 of the '032 patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-brightness-level, motion sensor lighting products, including at least the Group 134 Lights, which it sells in the United States generally and in the District of Delaware in violation of 35 U.S.C. § 271(a).

73.     Heath has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 39-42, 44, 45, 47, 48, 50, 51, 55, 56, 59 and 60 of the '032 patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-brightness-level, color temperature tuning, motion sensor lighting products,

including at least the Group 1 Lights, which it sells in the United States generally and in the District of Delaware in violation of 35 U.S.C. § 271(a).

74.     Heath's Group 1 Lights are hardwired to a power supply and automatically switch between two modes of LED brightness ("accent light from dusk-to-dawn and full light when motion is detected") as indicated in the "Product Overview" section of the Home Depot advertisement, attached as EXHIBIT F.  The length of time that the Group 1 Lights remain in the accent light configuration and in the full light configuration are adjustable by user accessible switches (Shown on product packaging, pages 8-9 of Guide 1, attached as EXHIBIT J reproduced in part below and page 5 of Guide 1A, attached as EXHIBIT K).  The color temperature of the full light mode is adjustable by a switch from "Blue" daylight (5000K) to "Orange" warm (3000K Home Depot) (2700K Menards) (Shown on product packaging and at page 9 of Guide 1, attached as EXHIBIT J reproduced in part below and page 5 of Guide 1A, attached as EXHIBIT K).





75.     Heath's Group 3 Lights are hardwired to a power supply and automatically switch between two modes of LED brightness ("accent light from dusk-to-dawn and full light when motion is detected") as indicated in the "Product Overview" section of the Home Depot advertisement, attached as EXHIBIT H.  All Group 3 Lights provide a user adjustable switch for adjusting the length of time the lights remain on in the accent level (Shown at page 9 of Guide 3, attached as EXHIBIT M, at pages 4-5 of the "owner's manual" (Guide 3A), attached as EXHIBIT N, provided with Group 3 Lights sold on the Menards website, and at pages 4-5 of the

"owner's manual" (Guide 3B), attached as EXHIBIT O, provided with Group 3 Lights sold on the Heath website).  With many Group 3 Lights the length of time that the Group 3 Lights remain in the full light configuration is also adjustable by user accessible switches (Shown on page 8 of Guide 3, attached as EXHIBIT M and on page 5 of Guide 3B, attached as EXHIBIT O).

76.     Heath's Group 4 Lights are hardwired to a power supply and automatically switch between two modes of LED brightness ("accent light from dusk-to-dawn and full light when motion is detected") as indicated in the "Product Overview" section of the Home Depot advertisement, attached as EXHIBIT I.  The Group 4 Lights provide user adjustable switches for adjusting the length of time the lights remain on in the accent level (Shown at page 9 of Guide 4, attached as EXHIBIT P, provided with Group 4 Lights sold on the Home Depot website and at pages 4-5 of Guide 4A, attached as EXHIBIT Q, provided with Group 4 Lights sold on the Menards website) and for adjusting the amount of time the lights remain in the full light configuration after motion is detected (Shown on page 9 of Guide 4, attached as EXHIBIT P and on pages 4-5 of Guide 4A, attached as EXHIBIT Q).

77.     The Group 134 Lights include a motion sensor/detector as shown on the packaging, which causes the Group 134 Lights to switch between the accent light and the full bright light.  The Group 134 Lights further include a light sensor/detector which enables the Group 134 Lights to detect dusk and dawn as stated on the DualBrite switch.

78.     Defendant Heath has infringed and continues to infringe indirectly at least claims 1-4 and 8-11 of the '032 patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Home Depot and Menards) by the sale of at least the Group 134 Lights to others.  Acts of

inducement include, for example, advertisement and instruction to install and use the Group 134 Lights in motion detection and brightness switching modes.

79.     Defendant Heath has infringed and continues to infringe indirectly at least claims 39-42, 44, 45, 47, 48, 50, 51, 55, 56, 59 and 60 of the '032 patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Home Depot and Menards) by the sale of at least the Group 1 Lights to others.  Acts of inducement include, for example, advertisement and instruction to install and use the Group 1 Lights in motion detection, color temperature tuning, and brightness switching modes.

80.     Defendant Heath has and continues to promote, advertise, and instruct customers and potential customers about its products and how to use the Group 134 Lights, including infringing uses. Defendant Heath's promotion, advertising, and instruction efforts include, at a minimum, maintenance of the Heath website, the production and distribution of instruction manuals/User Guides/owner's manuals and other indicia included on the Heath website, on the Home Depot website, on the Menards website and within or printed on the packaging of the Group 134 Lights. Defendant engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

81.     Specifically, regarding the Group 134 Lights, Heath instructs how "[t]he 'ON-TIME' switch determines the amount of time the light will stay on full bright after all motion has stopped" and "the 'DUALBRITE' switch determines the amount of time the lights stay on at an accent level after sundown."

82.     Plaintiff Vaxcel marks its products that are covered by the '032 patent with notice (https://www.vaxcelpatents.com/).  Thus, the Defendant Heath had constructive knowledge of the existence of the '032 patent.

83.     Defendant Heath knew or should have known that at least the Group 134 Lights are especially made or especially adapted for use in an infringement of the '032 patent and that there is no substantially non-infringing use of these lighting products.

84.     Defendant Heath's products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

85.     Defendant Heath's actions have and continue to constitute active inducement and contributory infringement of the '032 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

86.     As a result of Defendant Heath's infringement of the '032 patent, Plaintiff Vaxcel has suffered monetary damages in an amount not yet determined and will continue to suffer damages in the future unless Defendant Heath's infringing activities are enjoined by this Court.

87.     Defendant Heath's wrongful acts have damaged and will continue to damage Plaintiff Vaxcel irreparably, and Plaintiff Vaxcel has no adequate remedy at law for those wrongs and injuries. In addition to its actual damages, Plaintiff Vaxcel is entitled to a permanent injunction restraining and enjoining Defendant Heath and its agents, servants and employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing the '032 patent.

88.     Vaxcel is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283 and 284.

89.     To the extent that facts learned in discovery show that Heath's infringement of the '032 Patent was willful, Plaintiff Vaxcel reserves the right to request such finding at the time of trial.

**COUNT IV**

**PATENT INFRINGEMENT OF U.S. PATENT NO. 10,225,902**

90.      Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 89 as if fully repeated and restated herein.

91.      Heath has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 2, 3, 6, 10, 11, 15, 16, 17, 19, 23, 24, 27, 29 and 30 of the '902 Patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-brightness/color temperature-level, motion sensor lighting products, including at least the Group 1 Lights, which it sells in the United States generally and in the District of Delaware in violation of 35 U.S.C. § 271(a).

92.      Heath has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 3, 5, 10, 11, 15, 17, 18, 23 and 24 of the '902 Patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-brightness, motion sensor lighting products, including at least the Group 4 Lights, which it sells in the United States generally and in the District of Delaware in violation of 35 U.S.C. § 271(a).

93.      Heath's Group 1 Lights are hardwired to a power supply and automatically switch between two modes of LED brightness and color temperature ("accent light from dusk-to-dawn and full light when motion is detected") as indicated in the "Product Overview" section of the Home Depot advertisement, attached as EXHIBIT F.  The length of time that the Group 1 Lights remain in the accent light configuration and in the full light configuration are adjustable by user accessible switches (Shown on product packaging, pages 8-9 of Guide 1, attached as EXHIBIT J and page 5 of Guide 1A, attached as EXHIBIT K).  The color temperature of the full light mode is adjustable by a switch from "Blue" daylight (5000K) to "Orange" warm (3000K Home Depot)

(2700K Menards) (Shown on product packaging and at page 9 of Guide 1, attached as EXHIBIT J and page 5 of Guide 1A, attached as EXHIBIT K).  The Group 1 Lights have 2 sets of LED lights.

94.     Heath's Group 4 Lights are hardwired to a power supply and automatically switch between two modes of LED brightness ("accent light from dusk-to-dawn and full light when motion is detected") as indicated in the "Product Overview" section of the Home Depot advertisement, attached as EXHIBIT I.  The Group 4 Lights provide a user adjustable switch with a Dusk-Dawn setting for the lights to turn on with a low brightness and low color temperature at dusk in the accent level during which time the lights switch to a high brightness and high color temperature when motion is detected and turn off at dawn (Shown at page 9 of Guide 4, attached as EXHIBIT P and at pages 4-5 of Guide 4A, attached as EXHIBIT Q and reproduced in part below).



*Figure 7*

## DUALBRITE TIMER

DualBrite mode is a selectable feature that turns the light on at a reduced (accent) level at dusk – only the two bottom lamp heads will turn on (approximately 3000K warm white color) while the two top lamp heads remain off. When motion is detected, the light will increase to full bright (all four lamp heads will turn on at 5000K bright white) for the amount of the ON-TIME setting (1, 5, or 20 minutes) then returns to DualBrite mode. The light will stay on at the reduced light level for the amount of time selected (Off, 3 hr., 6 hr., dusk-to-dawn) and then turn off completely. Once the DualBrite timer runs out, the light will turn ON only when motion is detected. Selecting OFF disables the DualBrite feature, however the motion sensing features will continue to work.

95.     Defendant Heath has infringed and continues to infringe indirectly at least claims 1, 2, 3, 6, 10, 11, 15, 16, 17, 19, 23, 24, 27, 29 and 30 of the '902 Patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as the Home Depot) by the sale of at least the Group 1 Lights to others.  Acts of inducement include, for example, advertisement and instruction to install and use the Group 1 Lights in motion detection and brightness and color temperature switching modes.

96.     Defendant Heath has infringed and continues to infringe indirectly at least claims 1, 3, 5, 10, 11, 15, 17, 18, 23 and 24 of the '902 Patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as the Home Depot) by the sale of at least the Group 4 Lights to others.  Acts of inducement include, for example, advertisement and instruction to install and use the Group 4 Lights in motion detection and brightness switching modes.

97.     Defendant Heath has and continues to promote, advertise, and instruct customers and potential customers about its products and how to use the Group 1 and Group 4 Lights, including infringing uses. Defendant Heath's promotion, advertising, and instruction efforts include, at a minimum, the production and distribution of owner's manuals/instruction manuals/User Guides and other indicia included on the Home Depot website and within or printed on the packaging of the Group 1 and Group 4 Lights. Defendant engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

98.     Plaintiff Vaxcel marks its products that are covered by the '902 patent with notice (https://www.vaxcelpatents.com/).  Thus, the Defendant Heath had constructive knowledge of the existence of the '902 patent.

99.     Defendant Heath knew or should have known that at least the Group 1 and Group 4 Lights are especially made or especially adapted for use in an infringement of the '902 patent and that there is no substantially non-infringing use of these lighting products.

100.    Defendant Heath's products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

101.    Defendant Heath's actions have and continue to constitute active inducement and contributory infringement of the '902 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

102.    As a result of Defendant Heath's infringement of the '902 patent, Plaintiff Vaxcel has suffered monetary damages in an amount not yet determined and will continue to suffer damages in the future unless Defendant Heath's infringing activities are enjoined by this Court.

103.    Defendant Heath's wrongful acts have damaged and will continue to damage Plaintiff Vaxcel irreparably, and Plaintiff Vaxcel has no adequate remedy at law for those wrongs and injuries. In addition to its actual damages, Plaintiff Vaxcel is entitled to a permanent injunction restraining and enjoining Defendant Heath and its agents, servants and employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing the '902 patent.

104.    Vaxcel is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283 and 284.

105.    To the extent that facts learned in discovery show that Heath's infringement of the '902 Patent was willful, Plaintiff Vaxcel reserves the right to request such finding at the time of trial.

**COUNT V**

**PATENT INFRINGEMENT OF U.S. PATENT NO. 10,516,292**

106.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 105 as if fully repeated and restated herein.

107.    Heath has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 1-3, 5, 9, 13-17, 19, 23, 30, 36 and 37 of the '292 Patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-brightness/color temperature-level, motion sensor lighting products, including at least the Group 1 Lights, which it sells in the United States generally and in the District of Delaware in violation of 35 U.S.C. § 271(a).

108.    Heath has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 79-82 of the '292 Patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-brightness/color temperature-level, motion sensor lighting products, including at least the Group 3 Lights, which it sells in the United States generally and in the District of Delaware in violation of 35 U.S.C. § 271(a).

109.    Heath has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 3, 4, 9, 13-15, 17, 18, 23, 36 and 37 of the '292 Patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-brightness/color temperature-level, motion sensor lighting products, including at least the Group 4 Lights, which it sells in the United States generally and in the District of Delaware in violation of 35 U.S.C. § 271(a).

110.    Heath's Group 1 Lights are hardwired to a power supply and automatically switch between two modes of LED brightness and color temperature ("accent light from dusk-to-dawn

and full light when motion is detected") as indicated in the "Product Overview" section of the

Home Depot advertisement, attached as EXHIBIT F.  The length of time that the Group 1 Lights

remain in the accent light configuration and in the full light configuration are adjustable by user

accessible switches (Shown on product packaging, pages 8-9 of Guide 1, attached as EXHIBIT J

and page 5 of Guide 1A, attached as EXHIBIT K).  The color temperature of the full light mode

is adjustable by a switch from "Blue" daylight (5000K) to "Orange" warm (3000K Home Depot)

(2700K Menards) (Shown on product packaging and at page 9 of Guide 1, attached as EXHIBIT

J and page 5 of Guide 1A, attached as EXHIBIT K).  The Group 1 Lights have 2 sets of LEDs

each with a different light color temperature.

111.    Heath's Group 3 Lights are hardwired to a power supply and automatically switch

between two modes of LED brightness ("accent light from dusk-to-dawn and full light when

motion is detected") as indicated in the "Product Overview" section of the Home Depot

advertisement, attached as EXHIBIT H.  All Group 3 Lights provide a user adjustable switch

with a Dusk-Dawn setting for the lights to turn on at dusk in the accent level and turn off at dawn

(Shown at page 9 of Guide 3, attached as EXHIBIT M, at pages 4-5 of Guide 3A, attached as

EXHIBIT N and at pages 4-5 of Guide 3B, attached as EXHIBIT O).

112.    Heath's Group 4 Lights are hardwired to a power supply and automatically switch

between two modes of LED brightness ("accent light from dusk-to-dawn and full light when

motion is detected") as indicated in the "Product Overview" section of the Home Depot

advertisement, attached as EXHIBIT I.  The Group 4 Lights provide a user adjustable switch

with a Dusk-Dawn setting for the lights to turn on with a low brightness and low color

temperature at dusk in the accent level during which time the lights switch to a high brightness

and high color temperature when motion is detected and turn off at dawn (Shown at page 9 of

Guide 4, attached as EXHIBIT P and at pages 4-5 of Guide 4A, attached as EXHIBIT Q). The Group 4 Lights have 2 sets of LED lights.  One set of LEDs has a lower light color temperature and lower wattage than those of the other set of LEDs and when the Group 4 Lights switch to full light the set of LEDS with the lower light color temperature and lower wattage turns off.

113.    Defendant Heath has infringed and continues to infringe indirectly at least claims 1-3, 5, 9, 13-17, 19, 23, 30, 36 and 37 of the '292 Patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Home Depot and Menards) by the sale of at least the Group 1 Lights to others. Acts of inducement include, for example, advertisement and instruction to install and use the Group 1 Lights in motion detection and brightness and color temperature switching modes.

114.    Defendant Heath has infringed and continues to infringe indirectly at least claims 79-82 of the '292 Patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Home Depot and Menards) by the sale of at least the Group 3 Lights to others.  Acts of inducement include, for example, advertisement and instruction to install and use the Group 3 Lights in motion detection and brightness switching modes.

115.    Defendant Heath has infringed and continues to infringe indirectly at least claims 1, 3, 4, 9, 13-15, 17, 18, 23, 36 and 37 of the '292 Patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Home Depot and Menards) by the sale of at least the Group 4 Lights to others.  Acts of inducement include, for example, advertisement and instruction to install and use the Group 4 Lights in motion detection and brightness and color switching modes.

116.     Defendant Heath has and continues to promote, advertise, and instruct customers and potential customers about its products and how to use the Group 134 Lights, including infringing uses. Defendant Heath's promotion, advertising, and instruction efforts include, at a minimum, maintenance of the Heath website, the production and distribution of owner's manuals/instruction manuals/User Guides and other indicia included on the Heath website, on the Home Depot website, on the Menards website and within or printed on the packaging of the Group 134 Lights. Defendant Heath engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

117.     Plaintiff Vaxcel marks its products that are covered by the '292 patent with notice (https://www.vaxcelpatents.com/).  Thus, the Defendant Heath had constructive knowledge of the existence of the '292 patent.

118.     Defendant Heath knew or should have known that at least the Group 134 Lights are especially made or especially adapted for use in an infringement of the '292 patent and that there is no substantially non-infringing use of these lighting products.

119.     Defendant Heath's products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

120.     Defendant Heath's actions have and continue to constitute active inducement and contributory infringement of the '292 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

121.     As a result of Defendant Heath's infringement of the '292 patent, Plaintiff Vaxcel has suffered monetary damages in an amount not yet determined and will continue to suffer damages in the future unless Defendant Heath's infringing activities are enjoined by this Court.

122.     Defendant Heath's wrongful acts have damaged and will continue to damage Plaintiff Vaxcel irreparably, and Plaintiff Vaxcel has no adequate remedy at law for those

wrongs and injuries. In addition to its actual damages, Plaintiff Vaxcel is entitled to a permanent injunction restraining and enjoining Defendant Heath and its agents, servants and employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing the '292 patent.

123.    Vaxcel is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283 and 284.

124.    To the extent that facts learned in discovery show that Heath's infringement of the '292 Patent was willful, Plaintiff Vaxcel reserves the right to request such finding at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Vaxcel respectfully requests that this Court enter:

A.    A judgment in favor of Plaintiff Vaxcel that Defendant Heath has been and is infringing one or more of the claims of the '503 patent pursuant to 35 U.S.C. §§ 271(a), 271(b) and/or 271(c);

B.    A permanent injunction enjoining Defendant Heath and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '503 patent;

C.    A judgment in favor of Plaintiff Vaxcel that Defendant Heath has been and is infringing one or more of the claims of the '947 patent pursuant to 35 U.S.C. §§ 271(a), 271(b) and/or 271(c);

D.    A permanent injunction enjoining Defendant Heath and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others

acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '947 patent;

E.     A judgment in favor of Plaintiff Vaxcel that Defendant Heath has been and is infringing one or more of the claims of the '032 patent pursuant to 35 U.S.C. §§ 271(a), 271(b) and/or 271(c);

F.     A permanent injunction enjoining Defendant Heath and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '032 patent;

G.     A judgment in favor of Plaintiff Vaxcel that Defendant Heath has been and is infringing one or more of the claims of the '902 patent pursuant to 35 U.S.C. §§ 271(a), 271(b) and/or 271(c);

H.     A permanent injunction enjoining Defendant Heath and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '902 patent;

I.     A judgment in favor of Plaintiff Vaxcel that Defendant Heath has been and is infringing one or more of the claims of the '292 patent pursuant to 35 U.S.C. §§ 271(a), 271(b) and/or 271(c);

J.     A permanent injunction enjoining Defendant Heath and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '292 patent;

K.      That Defendant Heath be directed to file with the Court and serve on Plaintiff Vaxcel, no later than thirty (30) days after the issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant Heath has complied with the injunction;

L.      That the Court require a full and complete accounting of all monies received by Defendant Heath as a result of the offering for sale or sale of infringing Group 1, Group 2, Group 3 and Group 4 Lights;

M.      An award of damages adequate to compensate Plaintiff Vaxcel for the infringement by Defendant Heath along with pre-judgment and post-judgment interest, but in no event less than a reasonable royalty pursuant to the provisions of 35 U.S.C. § 284;

N.      That the Court require Defendant Heath to notify its commercial licensees, dealers, associates, suppliers, and customers of said Court Order; and

O.      Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Vaxcel hereby demands a trial by jury on all issues so triable.


Dated: February 14, 2020

*/s/ Frederick L. Cottrell III*
Frederick L. Cottrell III (#2555)
Katharine Lester Mowery (#5629)
Richards, Layton & Finger PA
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
mowery@rlf.com

Of Counsel:

R. Mark Halligan

FisherBroyles, LLP
203 North LaSalle Street, Suite 2100
Chicago, Illinois 60601
(312) 607-0102
rmark.halligan@fisherbroyles.com

Richard M. Lehrer
FisherBroyles, LLP
109 Normandy Drive
Woodstock, GA 30188
(845) 519-9525
richard.lehrer@fisherbroyles.com


*Attorneys for Vaxcel International Co., Ltd.*