**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------- x
                                                    :
THE TRADING COLLECTIVE, LLC.,                       :
                                                    :     Civil Action No. _____
                      Plaintiff,                    :
                                                    :
       v.                                           :
                                                    :
THE MANE CHOICE HAIR SOLUTION LLC;                  :     JURY TRIAL DEMAND
NATURE GLOW; and LE CHIQUE BOUTIQUE,                :
                                                    :
                      Defendants.                   :
                                                    :
------------------------------------------------------------- x
```

## COMPLAINT

Plaintiff The Trading Collective, LLC ("Plaintiff"), by and through its counsel, for its Complaint against The Mane Choice Hair Solution LLC ("Mane Choice"), NATURE GLOW and LE CHIQUE BOUTIQUE, alleges as follows:

## PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 2105 Humphrey Street, Fort Wayne, IN 46803.

2.      Defendant Mane Choice is a corporation organized and existing under the laws of the Delaware and may be served through its registered agent, the Corporation Trust Company, which has a place of business at 1209 Orange Street, Wilmington, DE 10801.

3.      Defendants NATURE GLOW and LE CHIQUE BOUTIQUE are Amazon.com ("Amazon") seller accounts, whose physical addresses are presently unknown.

4.      On information and belief, Defendants NATURE GLOW and LE CHIQUE BOUTIQUE are owned and operated, either directly or indirectly, by Auction Brothers Inc. d/b/a Amazzia ("Amazzia").

-1-

5.      On information and belief, The Mane has a contractual relationship with Amazzia under which Amazzia has agreed to provide Amazon-related services to the The Mane.

6.      On information and belief, these services include eliminating competition for The Mane's products on Amazon, including through the unlawful acts described herein.

7.      Once the identities of the true owner(s) of the NATURE GLOW and LE CHIQUE BOUTIQUE accounts are confirmed through discovery, Plaintiff will seek leave to amend this Complaint accordingly.

## JURISDICTION AND VENUE

8.      The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

9.      Defendant The Mane is subject to general and specific jurisdiction in this Court, *inter alia*, because it is incorporated in Delaware, conducts business in the District and has committed at least some of the acts complained of herein within this District.

10.     On information and belief, The Mane sells large quantities of consumer products to customers in Delaware, maintains an interactive website accessed by residents of Delaware, and otherwise avails itself of the privilege of doing business in Delaware.

11.     The Mane has purposely directed its activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities.

12.     Defendants NATURE GLOW and LE CHIQUE BOUTIQUE are subject to general and specific jurisdiction in this Court, *inter alia*, because they conduct business in the District and have committed at least some of the acts complained of herein within this District.

13.     On information and belief, Defendants NATURE GLOW and LE CHIQUE BOUTIQUE sell large quantities of consumer products to customers in Delaware, maintain interactive Amazon storefronts accessed by residents of Delaware, and otherwise avail themselves of the privilege of doing business in Delaware.

14.     On information and belief, Amazzia operates numerous additional interactive Amazon accounts accessed by residents of Delaware, including Vanity Online, Cozy Zone, Twenty20, Krystal Ball and others.  Through these accounts, Amazzia sells large quantities of consumer products to customers in Delaware and avails itself of the privilege of doing business in Delaware.

15.     Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## BACKGROUND FACTS

16.     Defendant The Mane is in the business of manufacturing and distributing hair care products, including shampoos and conditioners sold under THE MANE CHOICE mark ("Mane Choice Products").

17.     Defendant The Mane is the registered owner of U.S. Trademark Registration Nos. 4790425 for THE MANE CHOICE (see Exhibit A) and 4977930 for THE MANE CHOICE (see Exhibit B) (stylized) ("MANE CHOICE Registrations").

18.     Plaintiff is in the business of lawfully acquiring and re-selling various consumer and household products for a profit.

19.     Plaintiff resells products through various channels, including through an Amazon storefront.

20.     Since its formation, Plaintiff has served tens of thousands of customers through its Amazon storefront.

-3-

21.     Defendants' illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

## ONLINE MARKETPLACES

22.     Amazon is the world's largest online retailer.

23.     According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

24.     Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

25.     The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

26.     Since approximately November 2017, Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

27.     Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

28.     Nearly all of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

29.     Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.

30.     In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

31.     Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

32.     Plaintiff's Amazon storefront has amassed over ten-thousand reviews and holds a stellar customer rating.

33.     A small sample of Plaintiff's recent reviews are shown below:



34.     Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

## DEFENDANTS ATTEMPTS TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS

35.     On information and belief, Defendant The Mane seeks to increase its profits by controlling the distribution and pricing of its products, including the Mane Choice Products, through unlawful means.

36.     On information and belief, Defendant The Mane has engaged with the owner and operator of the NATURE GLOW and LE CHIQUE BOUTIQUE accounts to control the distribution and pricing of its products, including the Mane Choice Products, through unlawful means.

37.     As demonstrated below, Defendants have engaged in a coordinated effort to preclude select third-parties from reselling genuine Mane Choice Products on online marketplaces by false allegations of intellectual property infringement and defamation.

38.     On information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiff from selling genuine Mane Choice Products on Amazon.

39.     On information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff.

40.     Because Plaintiff sells only genuine products through its Amazon storefront, Defendants have no legitimate intellectual property claim(s) against Plaintiff.

41.     Under the first sale doctrine, Plaintiff is lawfully permitted to re-sell Mane Choice Products without violating the intellectual property rights or other legal rights of Defendant The Mane.

42.     The first sale doctrine provides that, once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

43.     It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

44.     As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.

> **Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.

> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

45.     On information and belief, Defendants were, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

46.     On information and belief, Defendants were, at all relevant times, aware that Amazon will act on reports that a product is "counterfeit," regardless of the truth of the report.

47.     The Lanham Act defines a "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

48.     Defendants, working in concert, filed dozens of complaints with Amazon that alleged that Plaintiff was selling "counterfeit" Mane Choice Products.

49.     Defendants knew, or should have known, that these allegations were false. Defendants' allegations of counterfeiting were objectively unreasonable sham submissions made in bad faith in an effort to prevent Plaintiff's resale of genuine Mane Choice Products on Amazon's e-commerce platform.

50.     The complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendants.

51.     For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

Report Infringement, https://www.amazon.com/report/infringement (last visited February 18, 2020).

52.     Once confirmed through discovery, all individual(s) responsible for the false intellectual property complaints described below will be added as defendants in this action.

53.     For example, on or about December 13, 2019, Plaintiff received a notice from Amazon stating as follows:

Hello,

We received a report from a rights owner that the products listed at the end of this email are inauthentic.

The rights owner is asserting that the products infringe the following trademark:
-- Trademark number {4977930}

Why did this happen?
One or more of your listings may be infringing the intellectual property rights of others.

We're here to help.
If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help
(https://sellercentral.amazon.com/gp/help/external/201361070).

How do I reactivate my listing?
Please provide the following to reactivate your listings:
-- An invoice, letter of authorization or a licensing agreement from the manufacturer or Rights Owner demonstrating that your products are lawful to notice-dispute@amazon.com. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.

Have your listings been removed in error?
If you have never sold or listed the product, please reach out to us and tell us.
If you think that the rights owner has made an error in sending the notice, please reach out to the rights owner and ask for a retraction of the notice. To retract the complaint, the rights owner must send the retraction to us at notice-dispute@amazon.com or use the retraction function in Brand Registry.

These are the rights owner's contact details:
-- {NAME OF RIGHTS OWNER:Compliance- The Mane Choice}
-- {EMAIL ADDRESS OF RIGHTS OWNER:BrandProtection@themanechoice.com}

We can only accept retractions if the rights owner clearly states that they made an error. For any other reason, please explain to us why you were warned in error so that we can investigate the case.

What happens if I do not provide the requested information?
Your listings will remain inactive. We reserve the right to destroy the inventory associated with this violation if proof of authenticity is not provided within 90 days.

ASIN: B01N9N6J62
B07JQZBV93
B0799RKR1V
B07JQHTR9Q
B07JQ7NSRW
B01N28E5X0
Infringement type: Counterfeit
Trademark asserted: {4977930}
Complaint ID: {4977930}

    54.    The above report relates to several Mane Choice Products, which are referenced by their Amazon Standard Identification Numbers ("ASIN").

55.     The Mane Choice Product identified as "counterfeit" in the above report was genuine.

56.     The Mane Choice Product identified as "counterfeit" in the above report was manufactured and distributed by Defendant The Mane.

57.     On information and belief, prior to filing the above report, Defendants did not bother to perform a test purchase because they knew that the products were not counterfeit.

58.     On information and belief, at the time the above report was filed, Defendants were unaware of any counterfeit Mane Choice Products in the marketplace.

59.     On information and belief, Defendants' allegation that the above Mane Choice Products were counterfeit was knowingly false and made in bad faith.

60.     Plaintiff contacted Amazon in accordance with Amazon's procedures and challenged Defendants' false report and allegations of counterfeiting.

61.     Plaintiff has now exhausted all avenues of redress with Amazon.

62.     The above report was not an isolated incident, but a pattern of calculated and malicious conduct.

63.     In 2018, Defendants filed at least *fifteen different complaints* against Plaintiff, each falsely alleging that Plaintiff had sold "counterfeit" Mane Choice Products, including Complaint ID: 1442867191, Complaint ID: 1477589301, Complaint ID: 1462307591, Complaint ID: 5080988311, Complaint ID: 5101221171, Complaint ID: 5128427151, Complaint ID: 5181513471, Complaint ID: 5190743451, Complaint ID: 5195093701, Complaint ID: 5263405051, Complaint ID: 5272523081, Complaint ID: 5281513381, Complaint ID: 5287247261, Complaint ID: 5371110051 and Complaint ID: 5243153361.

64.     In 2019, Defendants filed at least five complaint against Plaintiff, each falsely alleging that Plaintiff had sold "counterfeit" Mane Choice Products, including Complaint ID: 6511674711, Complaint ID: 6580854771, Complaint ID 6674523861 and Complaint ID: 6688339651.

65.     On information and belief, prior to filings the above reports, Defendants did not bother to perform a test purchases because they knew that the products were not counterfeit.

66.     On information and belief, at the time the above reports were filed, Defendants were unaware of any counterfeit Mane Choice Products in the marketplace.

67.     On information and belief, Defendants' allegations that the above Mane Choice Products were counterfeit were knowingly false and made in bad faith.

**DEFENDANTS REFUSED TO RETRACT THEIR FALSE REPORTS**

68.     Plaintiff has sought in good faith to resolve the above December 13, 2019 complaint with Defendants.  Defendants, despite having no support for their allegations, refused to retract the complaint.

69.     On or about January 30, 2020, counsel for Plaintiff sent an e-mail to Defendants requesting support for their allegation of trademark counterfeiting or, in the alternative, a withdrawal of the complaint.  Defendants did not respond.

70.     On or about February 4, 2020, counsel for Plaintiff sent a letter by e-mail and overnight carrier to Defendants demanding withdrawal of the complaint and directing Defendants to preserve documents for litigation. Defendants did not respond.

71.     To date, Defendants have failed to provide support for their allegations that Plaintiff has sold "counterfeit" Mane Choice Products.  Yet, Defendants have refused to retract their complaint.

## HARM TO PLAINTIFF

72.     As a result of the above false rights complaints, Plaintiff's listing relating to Mane Choice Products have been repeatedly suspended, resulting in loss of revenue.

73.     It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

74.     On information and belief, Defendants were aware that complaints to Amazon, particularly those alleging the sale of counterfeit products, result in selling suspensions.

75.     On information and belief, Defendants have used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

76.     At no time has Plaintiff ever sold counterfeit Mane Choice Products.

77.     The Mane Choice Products sold by Plaintiff were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

78.     Defendants knowingly made false intellectual property rights complaints against Plaintiff.

79.     Upon information and belief, the true purpose of these complaints was to ensure the suspension of Plaintiff's marketplace listings, control pricing and eliminate fair competition.

80.     As result of Defendants' false complaint, Plaintiff's performance metrics were irreparably damaged.

81.     It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

82.     Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

83.    Defendants' false complaints and reviews have damaged Plaintiff's metrics and caused Plaintiff to lose the "buy box" on many of its product listings.

## COUNT I - DECLARATORY JUDGMENT
(No Trademark Infringement or Counterfeiting)

84.    Plaintiff realleges and incorporates all previous paragraphs.

85.    Defendant The Mane manufactures and distributes Mane Choice Products and places such products into the stream of commerce.

86.    Plaintiff stocks, displays, and resells new, genuine Mane Choice Products, each bearing a true mark.

87.    Defendants, working in concert, have submitted numerous complaints to Amazon that state that Plaintiff sold counterfeit Mane Choice Products and infringed, inter alia, the MANE CHOICE Registrations.

88.    The Mane Choice Products sold by Plaintiff were not counterfeit.

89.    Defendants' complaints have caused the suspension of Plaintiff's selling privileges as they relate to Mane Choice Products.

90.    Defendants' complaints have caused the suspension of Plaintiff's selling privileges as they relate to any and all products.

91.    Defendants' complaints continue to, once again, threaten to cause the suspension of Plaintiff's selling privileges as they relate to any and all products.

92.    Defendants' complaints put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

93.    Under these facts, an actual controversy exists between Plaintiff and Defendants.

94.     Plaintiff is entitled to a declaratory judgment that it has not sold counterfeit Mane Choice Products.

95.     Plaintiff is entitled to a declaratory judgment that it has not violated Defendants trademark rights or other rights, whether under Federal or State law.

## COUNT II – FALSE OR MISLEADING REPRESENTATION AND UNFAIR COMPETITION PURSUANT TO 15 U.S.C. § 1125

96.     Plaintiff realleges and incorporates all previous paragraphs.

97.     This is a claim for false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

98.     Plaintiff and Defendants compete for sales of hair care products.

99.     Plaintiff has a commercial interest in its commercial and business reputation.

100.     Plaintiff has established a business reputation as a popular and trusted seller of consumer products on Amazon's marketplace.

101.     Defendants have knowingly made false, misleading, and defamatory statements in commerce through Amazon's infringement reporting tools relating to the products associated with Plaintiff. These statements actually deceived Amazon and are likely to deceive and confuse the public (i.e., Amazon's marketplace users) into believing that Plaintiff's products are counterfeit, thereby materially effecting their decision and ability to purchase Plaintiff's products.

102.     Defendants' reports to Amazon were designed to advance their business interests by removing Plaintiff's listings from the Amazon marketplace thereby increasing Defendants' market share.

103.    Defendants' false and misleading representations were sufficiently disseminated to actual and prospective customers by way of the reports to Amazon so as to constitute advertising.

104.    Defendants' false and misleading representations of Plaintiff's alleged infringement has misled, confused and deceived customers and prospective customers as to Plaintiff's reputation. Further, these misrepresentations have the capacity to continue misleading, confusing, and deceiving Plaintiff's customers and prospective customers.

105.    The false and misleading representations had a material effect on Plaintiff's customers' and prospective customers' decisions to do business with Plaintiff.

106.    Defendants have made these false and misleading representations in interstate commerce and these false and misleading representations affect interstate commerce.

107.    On information and belief, Defendants had actual knowledge that they had no support for the complaints that they submitted to Amazon in connection with Plaintiff's product, and Defendants acted with the intent that Plaintiff's ability to sell Mane Choice Products be removed thereby forcing consumers to purchase Mane Choice directly from Defendants.

108.    Plaintiff's injuries fall within the zone of interest protected by the Lanham Act because Defendants' false advertising and disparaging misrepresentations have caused Plaintiff to suffer a loss of goodwill, a loss of sales, and damage to its commercial and business reputation.

109.    Defendants' wrongful acts as alleged in this Complaint constitute false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

110.    The damage to Plaintiff's economic and reputational injuries were directly caused by Defendants' false and misleading representations.

111.    As a direct and proximate result of Defendants' actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

112.    As a direct and proximate result of Defendants' actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

113.    Defendants will continue their actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

## COUNT III – UNFAIR COMPETITION
## PURSUANT TO THE DELAWARE COMMON LAW

114.    Plaintiff realleges and incorporates all previous paragraphs.

115.    This is a claim for unfair competition, arising under the common law of the State of Delaware.

116.    By reason of all of the foregoing, Defendants, as market competitors of Plaintiff, engaged in deceptive conduct by disseminating false and misleading representations that Plaintiff sold counterfeit Mane Choice Products.

117.    Defendants' conduct caused consumer confusion because it had a material effect on Plaintiff's customers' and prospective customers' decisions and ability to purchase Plaintiff's products or do business with Plaintiff.

118.    As a result of Defendants' unfair competition, Plaintiff's customers and prospective customers were actually deceived or are likely to deceived and confused into believing that Plaintiff's products are counterfeit.

119.    As a direct and proximate result of Defendants' actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

120.    As a direct and proximate result of Defendants' actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

121.    Defendants will continue their actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

## COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

122.    Plaintiff realleges and incorporates all previous paragraphs.

123.    Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

124.    Plaintiff is also in a contractual relationship with Amazon, including through the Amazon Business Services Agreement.

125.    At all relevant times, Defendants were aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

126.    At all relevant times, Defendants were aware of Amazon's terms and conditions, as well as the advantageous business relationship that comes with being an Amazon seller.

127.    Defendants intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling counterfeit products.

128.    Defendants' conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon.

129.    Defendants intended to cause Amazon to suspend Plaintiff's ability to sell Mane Choice Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

130.    Defendants had actual knowledge that their actions would cause Amazon to suspend Plaintiff's ability to sell Mane Choice Products on Amazon.

131.    Defendants' accusations of counterfeiting, made directly to Amazon, were for the improper purpose of suppressing competition.

132.    Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listing of Mane Choice Products to be suspended.

133.    The intentions of Defendants are demonstrated by the fact that Defendants were unable to provide any evidence in support of their complaint and, nevertheless, refused to withdraw their complaint.

134.    The intention of Defendants is demonstrated by the fact that, on information and belief, Defendants failed to perform test purchases prior to alleging that the products sold by Plaintiff were counterfeit because they knew that the products were not counterfeit.

135.    Defendants' accusations were false and were made maliciously and with ill will.

136.    Plaintiff has been damaged by suspension of these listings by losing revenue related to Mane Choice Products.

137.    Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

138.    Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## COUNT V – DEFAMATION

139.    Plaintiff realleges and incorporates all previous paragraphs.

140.    Defendants published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff sold "counterfeit" Mane Choice Products.

141.    Plaintiff did not sell counterfeit Mane Choice Products.

142.    Defendants' false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to Mane Choice Products.

143.    Defendants' false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

144.    Upon information and belief, Defendants were, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendants knew that Plaintiff sells genuine products.

145.    Defendants' false statements are not protected by any privilege.

146.    Defendants acted with actual malice or with reckless disregard for the truth of the matter contained in Defendants' false statements to Amazon and Plaintiff's customers.

147.    False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

148.    Here, Defendants published statements that Plaintiff was engaged in trademark counterfeiting, which is a criminal offense.

149.    Defendants' false statements constitute defamation per se.

150.    Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling Mane Choice Products and damage to its relationship with Amazon and its customers.

151.    Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to Mane Choice Products have been suspended and Plaintiff has lost sales of Mane Choice Products and other products.

152.    Plaintiff is entitled to damages, costs, and fees as allowed by law.

153.    Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

### COUNT VI – TRADE LIBEL

154.    Plaintiff realleges and incorporates all previous paragraphs.

155.    Defendant knowingly published false and derogatory statements regarding Plaintiff's business.

156.    Specifically, Defendants published false and materially derogatory statements that Plaintiff was selling counterfeit Mane Choice Products.

157.    Defendants' statements that Plaintiff was selling counterfeit Mane Choice Products were calculated to prevent others (including Amazon and Amazon's customers) from doing business with Plaintiff and interfered with Plaintiff's business relationships with these parties.

158.    As discussed above, on information and belief, Defendants knew that submitting false complaints to Amazon would cause Amazon to suspend Plaintiff's product listings.

159.    Defendants' false and derogatory statements to Amazon were a substantial factor in inducing these parties not to conduct business with Plaintiff.

160.    Plaintiff suffered special damages as a result of Defendants' statements in the form of lost dealings.

161.    As a result of Defendants' false rights owner complaint, Plaintiff's product listings were removed from Amazon resulting in a direct and immediate loss in revenue.

162.   As a result of Defendants' false reviews, Plaintiff has experienced a direct and immediate loss in revenue.

163.   Plaintiff is entitled to damages, costs, and fees as allowed by law.

164.   Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A.   An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendant;

B.   Preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from filing false complaints with Amazon and any other e-commerce platform.

C.   Injunctive relief requiring Defendants to rescind all complaints that they have filed against Plaintiff;

D.   An award of all damages that Plaintiff has suffered as a result of Defendants' false representations and unfair competition;

E.   An award of all damages that Plaintiff has suffered as a result of Defendants' tortious interference;

F.   An award of all damages that Plaintiff has suffered as a result of Defendants' defamation;

G.   An award of all damages that Plaintiff has suffered as a result of Defendants' trade libel;

H.   An award of all costs and fees incurred in this Action;

I.     An order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiffs;

J.     An order directing Amazon to cease providing services to Defendants, including, without limitation, suspension of all user accounts and merchant storefronts; and

K.     Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated:  March 2, 2020                               Respectfully submitted,


                                   */s/ Kenneth L. Dorsney*
                                   Kenneth L. Dorsney (I.D. #3726)
                                   MORRIS JAMES LLP
                                   500 Delaware Avenue, Suite 1500
                                   Wilmington, DE 19801
                                   (302) 888-6800
                                   kdorsney@morrisjames.com

                                   Mark Berkowitz *(Pro Hac Vice to be filed)*
                                   AMSTER, ROTHSTEIN & EBENSTEIN LLP
                                   90 Park Avenue
                                   New York, NY  10016
                                   (212) 336-8000
                                   mberkowitz@arelaw.com

                                   **Attorneys for Plaintiff**