## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| McKESSON CORPORATION, a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BI-COASTAL PHARMA INTERNATIONAL LLC, a New Jersey limited liability company,<br><br>　　　　　Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff McKesson Corporation ("McKesson"), by its undersigned counsel, as and for its Complaint, against Defendant Bi-Coastal Pharma International LLC ("Bi-Coastal"), alleges as follows:

## PARTIES

1. McKesson is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business at 6555 State Hwy 161, Irving, Texas 75039.

2. McKesson is informed and believes, and based thereon alleges, that Bi-Coastal was, at all times relevant herein, and is a New Jersey limited liability company, with a principal place of business at 1161 Broad Street, Suite 216, Shrewsbury, New Jersey 07702.

3. McKesson is informed and believes, and based thereon alleges, that Bi-Coastal was formerly doing business as Bi-Coastal Pharmaceutical Corp. ("Bi-Coastal Corp.").

4. McKesson is informed and believes, and based thereon alleges, that the sole-member of Bi-Coastal is Ralph Massa, Jr. who is, and at all times relevant herein was, domiciled in, and is a citizen of, the State of New Jersey.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because McKesson and Bi-Coastal are of diverse citizenship and the matter in controversy exceeds, exclusive of interest and costs, $75,000.

6. Bi-Coastal is subject to the personal jurisdiction of this Court pursuant to the contract at issue, the Purchase Agreement which is described more fully below in paragraph 15, which states, in pertinent part under Section 13.C. therein, as follows:

> SUBJECT TO SECTION 9.F., EACH OF THE PARTIES HEREBY AGREES THAT **ANY ACTION REFERRED TO JUDICIAL PROCESS UNDER OR RELATING TO THIS AGREEMENT SHALL BE INSTITUTED IN THE STATE OR FEDERAL COURTS THEN SITTING IN NEW CASTLE COUNTY IN THE STATE OF DELAWARE**, INCLUDING THE APPELLATE COURTS WITH JURISDICTION OVER SUCH COURTS, AND IN NO OTHER FORUM AND EACH OF THE PARTIES HEREBY IRREVOCABLY CONSENTS TO SUCH JURISDICTION AND IRREVOCABLY WAIVES ANY OBJECTIONS, INCLUDING, WITHOUT LIMITATION, ANY OBJECTION TO THE LAYING OF VENUE BASED ON THE GROUNDS OF FORUM NON CONVENIENS, THAT IT MAY NOW OR HEREAFTER HAVE TO THE BRINGING OF ANY SUCH ACTION OR PROCEEDING IN SUCH RESPECTIVE JURISDICTIONS. THE FOREGOING IS WITHOUT PREJUDICE TO THE RIGHT OF ANY PREVAILING PARTY TO SEEK ENFORCEMENT OF ANY JUDGMENT RENDERED IN A COURT IN ANY JURISDICTION WHERE THE LOSING PARTY OR ITS PROPERTY MAY BE LOCATED.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because Bi-Coastal agreed to personal jurisdiction and venue in this district pursuant to Section 13.C. of the Purchase Agreement.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

8. McKesson incorporates by reference all allegations contained in Paragraphs 1 through 7, inclusive, of the Complaint as if those allegations were set forth herein.

9. McKesson is in the business of distributing pharmaceutical products manufactured by others to retailers and others.

10. Bi-Coastal is a pharmaceutical marketing company that contracts with developers and manufacturers of pharmaceutical products to distribute those products through all major distribution channels in the United States including to national and regional wholesalers.

11. On or about September 22, 2011, McKesson and Bi-Coastal's predecessor, Bi-Coastal Corp., entered into a Wholesaler Service Fee Agreement ("Wholesaler Agreement") wherein McKesson was appointed a distributor of products of Bi-Coastal Corp. The Wholesaler Agreement contains confidential and proprietary information so that in that agreement, Bi-Coastal Corp. agreed to keep the terms of the Wholesaler Agreement confidential.

12. On or about November 3, 2011, McKesson and Bi-Coastal's predecessor, Bi-Coastal Corp., entered into a Supplier Agreement Multisource and OneStop Generics Program ("Multisource Supplier Agreement") wherein Bi-Coastal Corp. was appointed as a supplier of pharmaceutical products to be featured in McKesson's OneStop or Multisource program. The Multisource Supplier Agreement contains confidential and proprietary information so that in that agreement, Bi-Coastal Corp. agreed to keep the terms of the Multisource Supplier Agreement confidential.

13. On or about March 15, 2013, McKesson and Bi-Coastal entered into an agreement to amend the Multisource Supplier Agreement. The First Amendment to the Multisource Supplier

Agreement contains confidential and proprietary information so that in that agreement, Bi-Coastal agreed to keep the terms of the First Amendment to the Multisource Agreement confidential.

14. On or about April 12, 2013, McKesson and Bi-Coastal entered into a Supplier Agreement Network Net Program ("Network Supplier Agreement") wherein Bi-Coastal was appointed as a supplier of pharmaceutical products to be featured in McKesson's Network Net Program. The Network Supplier Agreement contains confidential and proprietary information so that in that agreement, Bi-Coastal agreed to keep the terms of the Network Supplier Agreement confidential.

15. On or about February 26, 2018, McKesson and Bi-Coastal entered into a Member Purchase and Services Agreement (the "Purchase Agreement") pursuant to which Bi-Coastal agreed to sell to McKesson generic pharmaceutical products that were sold by Bi-Coastal under the terms or conditions contained in the Purchase Agreement. The Purchase Agreement superseded all other agreements between McKesson and Bi-Coastal except as excluded in Exhibit 5 of the Purchase Agreement. The Purchase Agreement contains confidential and proprietary information so that in that agreement, Bi-Coastal agreed to keep the terms of the Purchase Agreement confidential.

16. Pursuant to the Purchase Agreement, McKesson purchased generic pharmaceutical products from Bi-Coastal. The Purchase Agreement provided that under certain circumstances McKesson was entitled to return products that it purchased from Bi-Coastal. The Purchase Agreement further provided that McKesson was also entitled to other credits including, but not limited to, chargebacks, deals income, item substitutions, and service level penalties.

17. McKesson returned products to Bi-Coastal and otherwise generated credits that placed Bi-Coastal in a debit balance situation.

18. Bi-Coastal failed to make payments when due and is in breach of the terms of the Purchase Agreement.

19. McKesson has performed all the promises, covenants and conditions it agreed to perform in accordance with the terms of the Purchase Agreement, except for those promises, covenants and conditions excused by the acts or omissions of Bi-Coastal.

20. As a result of Bi-Coastal's default under the Purchase Agreement, as of August 9, 2019 there is now due and owing, after application of an offset, recoupment, deduction of amounts owed by McKesson or its affiliates (in accordance with the Purchase Agreement) to Bi-Coastal, an unpaid debit balance from Bi-Coastal to McKesson pursuant to the terms of the Purchase Agreement in the sum of at least $4,633,873.00, together with accrued unpaid interest, accruing interest and other charges, according to proof at time of trial or entry of judgment.

21. McKesson made demand upon Bi-Coastal for payment of the unpaid debit balance sums due and owing under the terms of the Purchase Agreement; however, Bi-Coastal failed and refused, and continues to fail and refuse, to pay the sums due and owing to McKesson.

22. As a result of Bi-Coastal's breach of the Purchase Agreement, McKesson has been damaged in the sum of $4,633,873.00, together with accrued unpaid interest, accruing interest and other charges, according to proof at time of trial or entry of judgment.

**SECOND CLAIM FOR RELIEF**
**(Account Stated)**

23. McKesson incorporates by reference all allegations contained in Paragraphs 1 through 23, inclusive, of the Complaint as if those allegations were set forth herein.

24. Within the last three years, an account was stated by and between McKesson and Bi-Coastal in which it was agreed and understood that Bi-Coastal was indebted to McKesson for the reimbursement of returned products and other credits including, but not limited to,

chargebacks, deals income, item substitutions, and service level penalties in the sum of $4,633,873.00.

25. The whole of the above sum has not been paid, although demand therefor has been made.

26. There is now due, owing and unpaid from Bi-Coastal to McKesson the sum of not less than $4,633,873.00.

### THIRD CLAIM FOR RELIEF
### (Open Book)

27. McKesson incorporates by reference all allegations contained in Paragraphs 1 through 27, inclusive, of the Complaint as if those allegations were set forth herein.

28. Within the last three years, Bi-Coastal became indebted to McKesson on an open book account for money due in the sum of $4,633,873.00 for the return of products and other credits including, but not limited to, chargebacks, deals income, item substitutions, and service level penalties.

29. The whole of the above sum has not been paid, although demand therefor has been made.

30. There is now due, owing and unpaid from Bi-Coastal to McKesson the sum of not less than $4,633,873.00.

### PRAYER FOR RELIEF

**WHEREFORE,** McKesson prays for judgment against Bi-Coastal as follows:

1. For damages in the sum of not less than $4,633,873.00, together with accrued unpaid interest, accruing interest and other charges, in accordance with the terms of the Purchase Agreement, in amounts not yet determined, according to proof at time of trial or entry of judgment;

2. For further damages according to proof at trial;

3. For costs of suit incurred herein; and

4. For such other and further legal and equitable relief as the Court may deem just and proper.

DATED: April 1, 2020            **THE POWELL FIRM, LLC**

                                             /s/ Jason C. Powell, Esquire
Jason C. Powell *(Del. Bar No. 3768)*
Thomas Reichert (*Del. Bar No. 6220*)
1201 N. Orange Street, Suite 500
Wilmington, DE 19899
Telephone: (302) 650-1572
Facsimile: (302) 650-1574
JPowell@delawarefirm.com
*Counsel for McKesson Corporation*

*And*

**BUCHALTER, A Professional Corporation**
*Counsel for McKesson Corporation*
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182
Jeffrey K. Garfinkle * *(Cal. Bar No. 153496)*
jgarfinkle@buchalter.com
Joanne N. Davies * *(Cal. Bar No. 204100)*
jdavies@buchalter.com

*\*Pro hac vice admission pending*