## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFERY R. WERNER, | : CIVIL ACTION NO.: |
| | : |
| *Plaintiff*, | : |
| v. | : |
| | : |
| HIVE MEDIA GROUP, LLC, and | : JURY TRIAL DEMANDED |
| KIPZO, LLC, | : |
| | : |
| *Defendants.* | : |

### CIVIL ACTION COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Jeffery R. Werner ("Mr. Werner") alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this Complaint for direct, contributory, and vicarious copyright infringement against the Defendants under the copyright laws of the United States, 17 U.S.C. § 101, *et seq*., requesting actual or statutory damages stemming from Defendants' for-profit, unauthorized exploitation of Mr. Werner's copyrighted photographic images.

### PARTIES

2.      Plaintiff, Jeffery R. Werner, is an individual residing at 4910 1/4 McConnell Ave., Los Angeles, California 90066.  He is the owner of the copyrights to the photographs that are the subject of this action.

3.      Upon information and belief Defendant, Hive Media Group, LLC, individually and doing business as, *inter alia*, "Trend-Chaser.com", "Buzznet.com", "Bavardist.com", "Giveitlove.com", "Ricklaxpresents.com", "Auntyacid.com" and "Japacrunch.com" (collectively "Hive"), is a Delaware limited liability company with its principal place of business located at 5760 Fleet Street, Suite 220, Carlsbad, CA 92008 (mailing address 1345 Encinitas Blvd #828, Encinitas, CA 92024).

4.     Upon information and belief Defendant, Kipzo, LLC, doing business as "Trend-Chaser.com," is a Delaware limited liability company with its principal place of business located at 29991 Canyon Hills Rd Suite 1709-7001, Lake Elsinore, CA 92532.

5.     Hive Media Group, LLC's registered agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

6.     Kipzo, LLC's registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

**JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction over the copyright infringement claims, with jurisdiction vested in this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (acts of Congress relating to copyrights).

8.     This Court has general personal jurisdiction over the Defendants because they are incorporated (or otherwise formed) in the state of Delaware.

9.     Venue in this judicial district is proper under 28 U.S.C. § 1400(a) (venue in copyright actions) in that each Defendant resides and may be found in this District in which it is incorporated. In addition, venue is proper under 28 U.S.C. §1391(b) (Defendants' residence) because Defendants are incorporated or otherwise formed under the laws of the state of Delaware.  Additionally, on information and belief, Defendants have committed acts of direct and indirect infringement in this District by displaying infringing works in Delaware.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

*Plaintiff's Work*

10.     Mr. Werner has over 35 years of experience as a professional photographer.  His work has appeared in magazines world-wide as covers, features, and editorial coverage in

2

publications such as *Life, Time, Newsweek, People, Marie Claire, FHM, Smithsonian, Playboy, Maxim, In Touch, Daily Mail, Penthouse, Psychology Today, Stern, Country Weekly, Page Six Sunday Magazine* (*NY Post*), and many others.

11.     Mr. Werner is also well-known for his work with exotic animals, celebrities in their homes, remote aboriginal peoples, sideshow eccentrics, and people who have overcome incredible obstacles.  Mr. Werner has a growing "outsider art" reputation, and his work was the subject of a retrospective gallery exhibition at the Annenberg Space for Photography in Los Angeles.

## HIVE'S COPYRIGHT INFRINGEMENTS

### Giraffe Woman Photographs

12.     In May, 2014, Mr. Werner contracted to create one or more photo features of Sydney Smith, who was called the "Giraffe Woman" because she attempted to stretch her neck with rings for several years.  Mr. Werner conducted three photo shoots of Ms. Smith in November 2014, May 2016, and November 2016.  In course of those three shoots Mr. Werner created several photographs of Sydney Smith (the "Giraffe Woman Photographs").

13.     On May 19, 2016 Mr. Werner registered with the Copyright Office a collection of photographs titled "Giraffe Woman Stills" as VAu 1-253-880.  *See* registration with relevant deposit image at Exhibit "1" ("First Giraffe Woman Photographs").

14.     On November 22, 2016 Mr. Werner registered with the Copyright Office a collection of photographs titled "Giraffe Woman Without Rings" as VAu 1-276-595.  *See* registration with relevant deposit images at Exhibit "2" ("Second Giraffe Woman Photographs").

15.     The Giraffe Woman photos were licensed to the *Daily Mail*.

3

*Trendchaser Infringed the Giraffe Woman Photographs*

16.     On July 12, 2018 Trendchaser.com published an article that copied one of the Second Giraffe Woman Photographs displayed at the URL address https://www.trend-chaser.com/amazing/after-five-years-of- stretching-her-neck-giraffe-woman- finally-shed-her-rings/.  *See* Exhibit "3" ("Trendchaser Giraffe Woman Accused Work") and Exhibit "4" (publication date shown in page source).

17.     In addition to its publication of a copy of a Second Giraffe Woman Photograph, Trendchaser.com recopied and stored the image on its server at a separate URL address.  *See* Exhibit "5" ("Trendchaser Stored Giraffe Woman Copy").

18.     Trendchaser.com had no license to copy, display, or store a Giraffe Woman Photograph.

*Buzznet Infringed the Giraffe Woman Photographs*

19.     On September 27, 2019 Buzznet.com published an article that copied one of the Second Giraffe Woman Photographs displayed at the URL address https://www.buzznet.com/2019/09/after- five-years-of-stretching-her-neck-giraffe- woman-finally-shed-her-rings.  *See* Exhibit "6" ("Buzznet Giraffe Woman Accused Work") and Exhibit "7" (publication date shown in page source).

20.     In addition to its publication of a copy of a Second Giraffe Woman Photograph, Buzznet.com recopied and stored the image on its server at a separate URL address.  *See* Exhibit "8" ("Buzznet Stored Giraffe Woman Copy").

21.     Buzznet.com had no license to display, copy, or store a Giraffe Woman Photograph.

*Rick Lax Presents Infringed the Giraffe Woman Photographs*

4

22.     On October 4, 2018 Ricklaxpresents.com published an article that copied one image from the First Giraffe Woman Photographs and two images from the Second Giraffe Woman Photographs.  The copies were displayed at the URL address https://www.ricklaxpresents.com/life/giraffe-girl-finally-removed-the-neck-rings-shed-worn-for-five-years/.  *See* Exhibit "9" ("Ricklaxpresents Giraffe Woman Accused Work" excerpted in relevant part) and Exhibit "10" (publication date shown in page source).

23.      In addition to its publication of copies taken from the Giraffe Woman Photographs, Ricklaxpresents.com recopied and stored the image on its server at a separate URL address.  *See* Exhibit "11" ("Ricklaxpresents Stored Giraffe Woman Copies").

24.     Ricklaxpresents.com had no license to display, copy, or store any Giraffe Woman Photographs.

### *Auntyacid Infringed the Giraffe Woman Photographs*

25.     On October 4, 2018 auntyacid.com published an article that copied one image from the First Giraffe Woman Photographs and two images from the Second Giraffe Woman Photographs.  The copies were displayed at the URL address https://blog.auntyacid.com/entertainment/this-is-what-it-looks-like-when-a-person-wears-elongating-neck-rings-for-five-years/?view-all  *See* Exhibit "12" ("Auntyacid Giraffe Woman Accused Work" excerpted in relevant part) and Exhibit "13" (publication date shown in page source).

26.     In addition to its publication of copies taken from the Giraffe Woman Photographs, auntyacid.com recopied and stored the image on its server at a separate URL address.  *See* Exhibit "14" ("Auntyacid Stored Giraffe Woman Copies").

27.     Auntyacid.com had no license to display, copy, or store any Giraffe Woman

Photographs.

## Surfing Goat Photographs

28.     On or about January, 2012, Mr. Werner produced a photo shoot at Pismo

Bay, California, depicting a surfing goat named "Goatee."

29.     Mr. Werner registered his work with the Copyright Office on February 1,

2012 as VAu 1-803-445 (the "Surfing Goat Photograph").  *See* certificate and relevant

deposits at Exhibit "15."

30.     The Surfing Goat photos were licensed to magazines, newspapers and/or TV

outlets around the world, including *In Touch Weekly, New York Post, The Sun* (U.K.), *Die*

*Aktuelle* (Germany), *This Week* (U.K.), *Expressen Bild* (Sweden), *The Independent*

*Newspaper* (U.K.), *Mehr Spag* (Germany), and *The Press Association* (U.K.), the *Daily*

*Mail* (U.K.), The Telegraph (U.K.), *The Sunday Times* (U.K.), *Pick Me Up Magazine*

(U.K.), *ITV This Morning* (U.K.), *Tidnings AB Metro* (Sweden), *Weekend Magazine*

(Austria), *Expressen Bild (Sweden), Bauer Polska* (Poland), *and Media 24* (South Africa).

### *Trendchaser Infringement of Surfing Goat Photographs*

31.     On May 15, 2017 Trendchaser.com published an article that copied one of

the Surfing Goat Photographs displayed at the URL address https://www.trend-

chaser.com/animals/dont-eat-these-40- cute-pets/13/.   *See* Exhibit "16" ("Trendchaser

Surfing Goat Accused Work" excerpted in relevant part) and Exhibit "17" (publication date

shown in page source).

32.     In addition to its publication of the Surfing Goat Photograph,

Trendchaser.com recopied and stored the image on its server at a separate URL address.

*See* Exhibit "18" (Trendchaser Stored Surfing Goat Copy").

33.     Trendchaser.com had no license to display, copy, or store the Surfing Goat Photographs.

### Airplane Home Photographs

34.     On June 9, 2014, Mr. Werner registered with the Copyright Office a collection of photographs titled "Airplane Home – Stills" as VA 1-917-856.  *See* registration with relevant deposit image at Exhibit "19" ("Airplane Home Photograph").

35.     The Airplane Home photos were licensed to magazines, newspapers and/or TV outlets around the world, including *Expressen Bild* (Sweden), *Egmont Kids Media Nordic AS* (Norway), *Fakt On Line* (Poland), *Northern & Shell Daily Express* (U.K.), and *The Telegraph* (U.K.).

### *Bavardist Infringed the Airplane Home Photographs*

36.     On October 24, 2019 Bavardist.com published an article that copied eight of the Airplane Home Photographs displayed at the URL address https://www.bavardist.com /life/man- converted-a-boeing-727-into-his-home- in-the-woods/.  *See* Exhibit "20" ("Trendchaser Surfing Goat Accused Work" excerpted in relevant part) and Exhibit "21" (publication date shown in page source).

37.     In addition to its publication of the Airplane Home Photographs, Bavardist.com recopied and stored the images on its server at separate URL addresses.  *See* Exhibit "22" ("Bavardist Stored Airplane Home Copies").

38.     Bavardist.com had no license to display, copy, or store the Airplane Home Photographs.

### *GiveItLove.com Infringed the Airplane Home Photographs*

39.     On July 31, 2018 Giveitlove.com published an article that copied eight of the

Airplane Home Photographs displayed at the URL address https://www.giveitlove.com/ meet-the-man-who-converted-a-boeing-727-into-his-home-in-the-woods/.  *See* Exhibit "23" ("Giveitlove Airplane Home Accused Work") and Exhibit "24" (publication date shown in page source).

40.     In addition to its public display of the Airplane Home Photographs on its website, Giveitlove.com recopied and stored the images on its server at separate URL addresses.  *See* Exhibit "25" ("Giveitlove Stored Airplane Home Copies").

41.     Giveitlove.com had no license to display, copy, or store the Giraffe Woman Photographs.

### *Japacruch.com Infringements of Airplane Home Photographs*

42.     On October 21, 2019 Japacrunch.com published an article that copied eight of the Airplane Home Photographs displayed at the URL address https://www.japacrunch.com/life-story/meet-the-man-who-converted-a-boeing-727-into-his-home.  *See* Exhibit "26" ("Japacrunch Airplane Home Accused Work") and Exhibit "27" (publication date shown in page source).

43.     In addition to its public display of the Airplane Home Photographs on its website, Japacrunch.com recopied and stored the images on its server at separate URL addresses.  *See* Exhibit "28" ("Giveitlove Stored Airplane Home Copies").

44.     Japacrunch.com had no license to display or to copy and store the Giraffe Woman Photographs.

### **Summary Claim Chart**

45.     A chart with information on all claims of infringement of Werner's Photographs is attached.  *See* Exhibit "29" ("Claim Chart").

## COUNT I
### (Direct Copyright Infringement, 17 U.S.C. § 501)

46.      Plaintiff incorporates the allegations contained in paragraphs 1-45 as though fully set forth herein.

47.      Plaintiff is the author and copyright owner of the Photographs.

48.      Defendants have reproduced, displayed, distributed, incorporated into derivative works, or otherwise copied the Photographs without Plaintiff's license or authorization.

49.      The actions and conduct of the Defendants, as described above, infringed upon the exclusive rights granted to photographers under 17 U.S.C.A. 106 to display, reproduce and distribute their work to the public.  Such actions and conduct constitute copyright infringement under the Copyright Act of 1976, 17 U.S.C.A. 501.

50.      Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works pursuant to 17 U.S.C. § 408.

51.      Having timely registered his copyright in the Photographs, Plaintiff is entitled to elect statutory damages under 17 USC § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered prior to the Defendants' infringements.

52.      Plaintiff alleges, on information and belief, that the Defendants conducted their business by routinely exploiting photographic images without payment to, and without obtaining licenses from, copyright owners.  Such commercial piracy in an industry in which copyrights are prevalent and well-understood will support an award of enhanced

9

statutory damages for willful infringement under Section 504(c)(2) of the Copyright Act in the sum of up to ($150,000.00) per infringed work.

53.      In the alternative, Plaintiff is entitled to elect recovery of its actual damages and Defendants' profits attributable to the infringement of the Photographs, pursuant to 17 U.S.C. 504(b).

54.      Within the time permitted by law, Plaintiff will make his election between actual damages and profit disgorgement, or statutory damages.

55.      Prior registration also entitles Plaintiff to seek an award of attorney's fees pursuant to 17 USC § 412 and § 505.

56.      Plaintiff is further entitled to pre-judgment interest at the Delaware state rate set by Del. Code Ann. tit. 6, § 2301(a) on either actual or statutory damages from May 15, 2017.

## COUNT II
### (Vicarious And/Or Contributory Copyright Infringement)

57.      Plaintiff incorporates by reference all the allegations of paragraphs 1 through 45.

58.      If Defendants are not liable as direct infringers of the Photographs, they are secondarily liable for the infringements directly committed by the "Direct Infringers."

59.      Defendants contributed to, induced, or assisted infringements by the Direct Infringers.  Those Direct Infringers infringed while acting under the Defendants' direction and control using technology, facilities, and support services provided by Defendants.

60.      Defendants had, or should have had, knowledge of the infringements of the Direct Infringers.  Further, the Accused Works were published on the Defendants' websites

and they were, or should have been, aware of that fact.  As the owners or operators of their respective websites, Defendants knew, or should have known, that they did not have licenses to use Werner's images in the Accused Works.

61.    Defendants had the right and ability to supervise the infringing activity that all the Direct Infringers committed because the infringements occurred on websites and programs owned, operated, or controlled by Defendants.

62.    Defendants obtained some financial benefit from the infringement of Werner's rights in the Protected Works because they published advertisements and links to other content on the Accused Works and because the Photographs were a draw for viewers regardless of the revenue received from advertising.  Accordingly, they had an incentive to permit infringement by the direct infringers.

63.    As a direct and proximate result of said acts of secondary infringement, Plaintiffs have suffered substantial damages in an amount to be proven at trial.

64.    Werner is entitled to actual damages and disgorgement of direct and indirect profits realized by Defendants in an amount to be proven at trial or, at his election, statutory damages.

65.    Within the time permitted by law, Werner will make his election between actual damages and profit disgorgement, or statutory damages, depending upon which is larger.

66.    Werner is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

67.    Werner is further entitled to pre-judgment interest at the Delaware state rate set by Del. Code Ann. tit. 6, § 2301(a) on either actual or statutory damages from May 15,

2017.

## **RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants for:

1.      A finding that Defendants infringed Plaintiff's copyright interests in the Photographs by copying and displaying them and for using them to create derivative works for commercial purposes without any license or consent;

2.      An award of actual damages and disgorgement of all of Defendants' profits attributable to sixty (60) infringing copies made, as provided by 17 U.S.C. §504, in an amount to be proven at trial or, in the alternative, at Plaintiff's election, statutory damages for willful infringement of four (4) works pursuant to 17 U.S.C. §504(c)(1) or (2) in the amount of $750 to $150,000 per work, whichever is larger;

3.      An order, pursuant to 17 U.S.C. 502(a), enjoining Defendants from any further infringing use of any of Plaintiff's works.

4.      An order, pursuant to 17 U.S.C. §§ 502 and 503, impounding or enjoining Defendants to turn over to Plaintiff all copies of the Photographs made or used in violation of the exclusive right of the copyright owner including server copies; all plates, tapes, film negatives, or other articles by means of which such copies may be reproduced; and records documenting the manufacture, sale, or receipt of things involved in any such violation, including all server copies.

5.      An award of Plaintiff's attorney's fees and costs pursuant to 17 U.S.C. § 505;

6.      Prejudgment interest from May 15, 2017; and

7.      Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury in this action of all issues so triable.

Respectfully submitted,

**IGWE & SHARMA, LLC**

Aman K. Sharma, Esquire
1201 North Orange St. Suite 502,
Wilmington, DE 19801
(302) 842-2470
*Attorneys for Plaintiff*

Appearances pending *pro hoc vice* applications:
**SPECTOR GADON ROSEN VINCI, P.C.**
Bruce Bellingham, Esquire
David B. Picker, Esquire
1635 Market Street, 7th Floor
Philadelphia, PA 19103 (215) 241-8916
bbellingham@lawsgr.com

September 3, 2020

13