# UNITED STATES DISTRICT COURT FOR THE
# FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| MITAS ENDUSTRI SANAYI TICARET A.S. | : | Civil Action No. _____ |
| Plaintiff, | : | |
| v. | : | |
| VALMONT INDUSTRIES, INC. | : | |
| Defendant. | : | |

## **PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiff Mitas Endustri Sanayi Ticaret A.S. ("**Mitas**") hereby moves for an Order in the form attached hereto authorizing Plaintiff to file its Complaint, Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction, Plaintiff's Memorandum of Law In Support of its Motion for a Temporary Restraining Order and a Preliminary Injunction, and the supporting Declaration of Baris Karabag ("**the Pleadings**") under seal.

This Court has recently noted that "[t]he common law right of access clearly attaches to pleadings such as complaints. It is not an absolute right, however. . . . To overcome the 'strong presumption of openness,' the court is supposed to articulate 'compelling, countervailing interests to be protected.'" *Takeda Pharm. U.S.A., Inc. v Mylan Pharm., Inc.*, 2019 WL 6910264, at *1 (D. Del. Dec. 19, 2019); *see also Crum & Crum Enterprises, Inc. v. NDC of California, L.P.*, 2011 WL 886356, at *6 (D. Del Mar. 10, 2011) ("having determined that there is good cause to maintain the confidentiality of the disputed portions of [certain] testimony . . . the Court will also grant Plaintiff's motion to seal").

"Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure," and "[t]he injury must be shown with specificity."

1

*Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (noting that, "[t]he exception that is closest to this case is the protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm." (citation omitted)).

As is more thoroughly discussed in the Pleadings, Mitas is bringing an action against Valmont Industries, Inc. ("**Valmont**") for knowing, willful, and ongoing theft of Mitas's confidential information and trade secrets, its tortious interference with Mitas's contracts with certain of its key employees, and for deceptive trade practices and unjust enrichment. Valmont induced Mitas to engage in discussions regarding a purported "joint venture," but determined that it would be more cost-effective to simply poach Mitas's key employees rather than consummate a joint venture transaction. Valmont subsequently hired key Mitas employees to compete directly against Mitas, which it knew was in violation of their employment contracts with Mitas, including their non-competition and confidentiality provisions.

Mitas has filed a Complaint seeking damages and injunctive relief, and a Motion for a Temporary Restraining Order and a Preliminary Injunction, requesting that the Court enjoin Valmont from continuing to misappropriate and use Mitas's confidential information and trade secrets, and from interfering with its contractual relationships. In order to establish that Mitas is entitled to this relief, Mitas has described, in detail, its trade secrets, including but not limited to: (i) the names of Mitas's vendors and suppliers; (ii) the names and responsibilities of Mitas's key former employees; (iii) the names of Mitas's current and prospective customers; (iv) descriptions of current contracts and projects that Mitas is actively competing for or

anticipates bidding on; and (v) the specific prices of Mitas's recent bids for certain of these contracts and projects.

Mitas will suffer irreparable harm if the Pleadings are not permitted to be redacted or sealed. If the public is permitted to view the confidential and proprietary information described therein, Mitas's competitors could use this information against Mitas. As the Third Circuit Court of Appeals emphasized in *Publicker Industries*, "the protection of a party's interest in confidential commercial information, such as a trade secret . . . is a sufficient threat of irreparable harm." *Publicker Industries, Inc.*, 733 F.2d at 1071 (citation omitted).

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to File Under Seal.

Dated: September 24, 2020

**KLEHR HARRISON
HARVEY BRANZBURG LLP**

**OF COUNSEL**

Scott S. Balber (*pro hac vice* to be filed)
Robert Dawes (*pro hac vice* to be filed)
HERBERT SMITH FREEHILLS
NEW YORK LLP
450 Lexington Ave, 14th Floor
New York, New York 10017
Tel: (917) 542-7600
Fax: (917) 542-7601
Scott.Balber@hsf.com
Robert.Dawes@hsf.com

/s/ David S. Eagle
David S. Eagle (DE Bar No. 3387)
Sean M. Brennecke (DE Bar No. 4686)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5501
deagle@klehr.com
sbrennecke@klehr.com

*Attorneys for Plaintiff Mitas Endustri
Sanayi Ticaret A.S.*