# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HYNTELX LLC<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AIRISTA FLOW, INC.<br><br>　　　　　　Defendant. | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Hyntelx LLC ("Hyntelx" or "Plaintiff")—for its Complaint against Defendant Airista Flow, Inc. ("Airista" or "Defendant")—alleges the following:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2. Hyntelx is a limited liability company organized under the laws of the State of Delaware with a registered office at 717 N. Union Street, Wilmington, DE 79805.

3. On information and belief, Airista is a corporation organized and existing under the laws of Delaware. Airista is registered to do business in Delaware and can be served in Delaware through its registered agent, Universal Registered Agents, Inc., 12 Timber Creek Lane, Newark, DE 19711.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district under 28 U.S.C. § 1400(b). On information and belief, Airista resides in this district, at least by virtue of being incorporated in this District.

6. On information and belief, Airista also has a regular and established place of business in this District—including at least the office of its registered agent for service of process—and its acts of infringement have taken place and are continuing to take place in this District.

7. On information and belief, Airista makes available, sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that into the stream of commerce that incorporate infringing technology knowing that they would be used and sold in this judicial district and elsewhere in the United States.

8. On information and belief, Airista is subject to this Court's general and specific personal jurisdiction. Airista is a resident of the state of Delaware, at least because it is incorporated in Delaware. Airista has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Delaware Long Arm Statute, 10 Del. C. § 3104. Airista has purposefully availed itself of the privileges of conducting business in the State of Delaware and in this District. Airista regularly conducts and solicits business within the State of Delaware and within this District. Plaintiff's causes of action arise directly from each Defendant's business contacts and other activities in the State of Delaware and this District.

## BACKGROUND & ASSERTED PATENT

9. On October 25, 2011, U.S. Patent No. 8,045,498, entitled "System and Method for Monitoring the Location of a Mobile Network Unit," was duly and legally issued by the

United States Patent and Trademark Office.  A true and correct copy of the '498 patent is attached as Exhibit 1.

10. This lawsuit initially asserts infringement of United States patent, No. 8,045,498 ("the '498 patent").  Kieran Richard Hyland is the sole inventor on the '498 patent, which was assigned on issuance to Hyntelx Limited.

11. Plaintiff Hyntelx is the assignee and owner of all right, title and interest in and to the '498 patent.  Hyntelx's ownership interest includes but is not limited to the right to assert all causes of action and obtain any remedies for infringement of the '498 patent suit, including damages for infringement that predates their assignment to Hyntelx.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,069,498

12. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

13. The inventive embodiments of the '498 patent resolve technical problems related to a specific functionality of networks (*e.g.* local area networks) to monitor the location of units connected to a network, overcoming issues specific to the limitations of prior location monitoring systems.

14. The claims of the '498 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on a network.  Instead, the claims of the '498 patent recite one or more inventive concepts that are rooted in a novel approach to monitoring the location of devices, and an improved method to utilize data transmitted over networks for that purpose.

15. The claims of the '498 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications.  Instead, among other things, the invention adds new features to utilize signal strength data to ascertain the location of an object.

16. The technology claimed in the '498 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor does it preempt any other well-known or prior art technology.

17. Accordingly, each claim of the '498 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

18. On information and belief, Airista has infringed and continues to directly infringe at least claim 1 of the '498 patent by making, using, selling, importing and/or providing and causing to be used without authority within the United States, a system directed to a specific functionality of computers and networks to determine the location of a mobile network unit or components thereof (the "'498 Accused Instrumentalities").  The '498 Accused Instrumentalities include at least the AiRISTA Flow RTLS Platform and components thereof.

19. On information and belief, the '498 Accused Instrumentalities infringe at least claim 1 of the '498 patent.  A comparison of the AiRISTA Flow RTLS Platform and components thereof with claim 1 of the '498 patent is attached as Exhibit 2.

20. On information and belief, these '498 Accused Instrumentalities are marketed to, provided to, and/or used by or for Defendant's partners, clients, customers and end users across the country and in this District.

21. Airista was made aware of the '498 patent and its infringement thereof at least as early as the filing of this Complaint.

22. On information and belief, since at least the filing of this Complaint, Airista has induced and continues to induce others to infringe at least one claim of the '498 patent under 35 U.S.C. § 271(b) by, among other things, with specific intent or willful blindness, actively aiding

and abetting others' infringement—including but not limited to the infringement of Defendant's partners, clients, customers, and end users whose sale or use of the '498 Accused Instrumentalities constitutes direct infringement of at least one claim of the '498 patent.

23. In particular, Airista has aided and abetted others' infringement of the '498 patent (including, in particular, aiding and abetting each other Defendant's infringement) by at least advertising and distributing the '498 Accused Instrumentalities and providing instruction materials, training, and services regarding the '498 Accused Instrumentalities to others. On information and belief, Airista has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement since Airista has had actual knowledge of the '498 patent and knowledge that its acts were inducing infringement of the '498 patent since at least the date Airista received notice that such activities infringed the '498 patent.

24. On information and belief, Airista has worked in concert with third parties to ensure that third-party devices and software are interoperable with the devices and software of Airista to act as elements of the claimed system of Claim 1 of the '498 patent. On information and belief, Airista has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement since Airista has had actual knowledge of the '498 patent and knowledge that its acts were inducing infringement of the '498 patent since at least the date Airista received notice that such activities infringed the '498 patent.

25. On information and belief, since at least the filing of this Complaint, Airista is liable as a contributory infringer of the '498 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States products especially made or adapted for use in an infringement of the '498 patent. The '498 Accused Instrumentalities include material components for use in practicing the '498 patent, are specifically made in a way to enable

infringement of the '498 patent, and are not staple articles of commerce suitable for substantial non-infringing use.

26. Plaintiff has been harmed by each Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Airista as follows:

A. An adjudication that Airista has infringed the '498 patent;

B. An award of damages to be paid by Airista adequate to compensate Plaintiff for Airista' past infringement of the '498 patent, but in no event less than a reasonable royalty, together with interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

|  |  |
|---|---|
| | DEVLIN LAW FIRM LLC |
| Dated: September 25, 2020 | |
| | /s/ *Timothy Devlin*_____ |
| | Timothy Devlin |
| | tdevlin@devlinlawfirm.com |
| | 1526 Gilpin Ave |
| | Wilmington, Delaware 19806 |
| | Telephone: (302) 449-9002 |
| | Facsimile: (302) 353-4215 |
| | |
| | *Attorneys for Plaintiff* |
| | *Hyntelx LLC* |