# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WELLS FARGO BANK, N.A.<br><br>Plaintiff,<br><br>v.<br><br>RICHARD WILKINSON, ELSIE J. ORONA, and BELEN ORONA,<br><br>Defendants. | CIVIL ACTION NO. _____ |

## COMPLAINT

Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its attorneys, Fox Rothschild LLP, and pursuant to 28 U.S.C. §§ 1335 and 2361, brings this action against Defendants Elsie J. Orona and Belen Orona (the "Oronas") and Richard Wilkinson ("Wilkinson") (the Oronas and Wilkinson shall collectively be referred to herein as the "Claimant Defendants"), and in support thereof, states and alleges as follows:

## NATURE OF ACTION

1. This interpleader action arises out of a dispute between the Claimant Defendants concerning a June 30, 2020 wire transfer in the amount of $50,404.95 from the Oronas' JPMorgan Chase Bank N.A. account to Wilkinson's Everyday Checking Account at Wells Fargo.

2. The Claimant Defendants, in connection with the aforementioned wire, are alleging entitlement to and/or are refusing to allow Wells Fargo to release the wire proceeds presently being held and restrained in Wilkinson's account at Wells Fargo.

3. Wells Fargo, as a disinterested stakeholder, seeks to interplead the disputed, restrained funds into the Court Registry to allow the Claimant Defendants to litigate their respective claims to the restrained funds amongst themselves.

## PARTIES

4. Wells Fargo is a national banking association with its main office, as set forth in its Articles of Association, in Sioux Falls, South Dakota. Accordingly, Wells Fargo is a citizen of South Dakota.

5. Wilkinson is a resident and citizen of Delaware. Furthermore, the current address listed for McKinney on his restrained account at Wells Fargo is in Bear, Delaware.

6. The Oronas are residents and citizens of California, and the current address listed for the Oronas on their account at JP Morgan Chase Bank N.A. is in Pomona, California.

## JURISDICTION AND VENUE

7. Wells Fargo brings this interpleader action pursuant to 28 U.S.C. §§ 1335 and 2361, because there is diversity of citizenship between the Oronas and

Wilkinson, and the amount in controversy in this action exceeds $500.00, exclusive of interest and costs.

8. Venue is appropriate in the District Court of Delaware pursuant to 28 U.S.C. §1391(b)(2), because a substantial portion of the facts giving rise to the causes of action set forth in this Complaint occurred in this District. More specifically, the funds at issue were wired to a Wells Fargo bank account with a customer/statement mailing address in Bear, Delaware.

9. Venue is also appropriate in the District Court of Delaware, and this Court has jurisdiction over the parties, pursuant to 28 U.S.C. § 1335 and 2361, which grants district courts authority to issue nationwide service of process in statutory interpleader actions, and because at least one of the Claimant Defendants is a citizen of and resides in the state of Delaware.

## COMMON ALLEGATIONS OF FACT

10. At all times material hereto, the Oronas maintained a JP Morgan Chase Bank NA banking account (Account No. XXXXXX5005; the "Oronas Account").

11. At all times material hereto, Wilkinson maintained a Wells Fargo Everyday Checking Account (Account No. XXXXXX0967; the "Wilkinson Account").

12. On June 30, 2020, the Wilkinson Account received a wire transfer from the Oronas Account in the amount of $50,404.95 (the "Wire").

13. Wells Fargo subsequently received a recall request for the Wire from the Oronas based on alleged fraud.

14. Immediately following the recall request, Wells Fargo restrained $50,404.95 (the "Restrained Proceeds") in the Wilkinson Account, which remains restrained.

15. Despite repeated requests, Wilkinson has refused to allow Wells Fargo to debit the Wilkinson Account and return the Restrained Proceeds to the Oronas.

16. Accordingly, there is now a dispute as to which of the Claimant Defendants are entitled to the Restrained Proceeds.

17. Wells Fargo now seeks to interplead the Restrained Proceeds into the Court Registry to allow the Claimant Defendants to make their respective legal claims to the Restrained Proceeds.

18. The relationship between Wells Fargo and Wilkinson relative to the Wilkinson Account is currently governed by the Wells Fargo Deposit Account Agreement effectively July 24, 2019, (the "Account Agreement"), a true and correct copy of which is attached hereto as **Exhibit A**.

19. Wells Fargo has retained the undersigned attorneys to represent it in this action and has agreed to pay them a reasonable fee.

20. Wells Fargo is entitled to recover its reasonable attorneys' fees and costs in this action pursuant to the Account Agreement and applicable law.

21. All conditions precedent to recovery have been performed, waived or have occurred.

## COUNT I
## INTERPLEADER

22. All preceding Paragraphs of this Complaint are incorporated herein by reference with the same force and effect as if set forth in full below.

23. At this time there exists rival, adverse and conflicting claims between the Claimant Defendants as to the Restrained Proceeds.

24. Wells Fargo claims no interest in the Restrained Proceeds and has done nothing to create the dispute over entitlement to the Restrained Proceeds.

25. By reason of the conflicting claims to the Restrained Proceeds, Wells Fargo is in doubt as to who is entitled to the Restrained Proceeds, is in danger of being exposed to double or multiple liability, and cannot safely remit the Restrained Proceeds without the aid of this Court.

26. Wells Fargo is ready, willing, and able to deposit the Restrained Proceeds into the Court Registry, or to any other custodian or trustee the Court deems proper.

**WHEREFORE**, Plaintiff, Wells Fargo Bank, N.A. respectfully requests the following relief:

A. That this Court take jurisdiction over the parties, and permit Wells Fargo to deposit the Restrained Proceeds with the Registry of the Court;

B.	That this Court issue an order requiring the Claimant Defendants to the above-styled cause to interplead as to their rights and settle or litigate amongst themselves their claims and rights to the Restrained Proceeds;

C.	That Wells Fargo be discharged from all liability to any of the parties to this action concerning Wells Fargo's obligations related to the Restrained Proceeds, the Wire, the Oronas Account and the Wilkinson Account;

D.	That the Claimant Defendants be enjoined and prohibited from instituting any actions against Wells Fargo and/or its agents, affiliates, employees, and servants, regarding the Restrained Proceeds, the Wire, the Oronas Account and the Wilkinson Account;

E.	That Wells Fargo, pursuant to the Account Agreement and applicable law, be awarded its costs and reasonable attorneys' fees, to be paid from the Restrained Proceeds, for bringing this action;

F.	That Wells Fargo be dismissed as a party to this action; and

G.	For such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted,

FOX ROTHSCHILD LLP

*/s/ Wali W. Rushdan II*

        Wali W. Rushdan II (No. 5796)
        919 N. Market Street, Suite 300
        Wilmington, DE 19801
        Tel.: (302) 654-7444
        Fax: (302) 656-8920
        wrushdan@foxrothschild.com

*Attorneys for Plaintiff*

Date: October 5, 2020