# EXHIBIT A

Stephen C. Jensen (SBN 149,894)
steve.jensen@knobbe.com
Sheila N. Swaroop (SBN 203,476)
sheila.swaroop@knobbe.com
David G. Jankowski (SBN 205,634)
david.jankowski@knobbe.com
Marko R. Zoretic (SBN 233,952)
marko.zoretic@knobbe.com
Benjamin J. Everton (SBN 259,214)
ben.everton@knobbe.com
Douglas B. Wentzel (SBN 313,452)
douglas.wentzel@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
**FISHER & PAYKEL HEALTHCARE LIMITED**

[Defendant's counsel listed on next page]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| FISHER & PAYKEL HEALTHCARE LIMITED, a New Zealand corporation,<br><br>Plaintiff,<br><br>v.<br><br>FLEXICARE INCORPORATED, a California corporation,<br><br>Defendant. | Case No. 8:19-CV-00835-JVS-DFM<br><br>Hon. James V. Selna<br><br>[Discovery Document: Referred to Magistrate Judge Douglas F. McCormick]<br><br>**STIPULATED PROTECTIVE ORDER** |

Joseph Akrotirianakis (CBN 197971)
jakro@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4379
Facsimile: (213) 443-4310

Christopher C. Campbell (*Pro Hac Vice*)
Chris.campbell@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Ave, NW
Suite 200
Washington, D.C. 2006-4707
Telephone: (202) 626-5578
Facsimile: (202) 626-3737

James P. Brogan (State Bar No. 155906)
jbrogan@kslaw.com
**KING & SPALDING LLP**
1515 Wynkoop Street, Suite 800
Denver, CO 80202
Telephone: (720) 535-2310
Facsimile: (720) 535-2400

Attorneys for Defendant
**FLEXICARE INCORPORATED**

Plaintiff Fisher & Paykel Healthcare Limited ("Plaintiff" or "Fisher & Paykel Healthcare") and Defendant Flexicare Incorporated ("Defendant" or "Flexicare"), recognizing that each may have materials containing trade secret or other confidential business, financial, research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c), have agreed to the terms of the Stipulated Protective Order ("Order") as set forth below. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

<u>GOOD CAUSE STATEMENT</u>

Good cause exists for this Court to enter the Stipulated Protective Order because disclosure of the parties' confidential information would harm the parties financially and allow competitors to gain unfair advantage. For example, competitors could gain an unfair advantage over the parties if they learn the parties' confidential information, such as product specifications, design history files, regulatory submissions, financial information, sales information, business and marketing strategy, or information concerning business operations. Such information would allow others to unfairly compete in the market and usurp the parties' business opportunities, to the detriment of the parties. Good cause further exists in that this Stipulated Protective Order will allow for the parties to disclose documents that may be required for the litigation of this matter without suffering from both an economic and business detriment that would result from the disclosure of confidential information to the parties' competitors and/or to the public.

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1.  This Order shall apply to all information produced during discovery in this action that shall be designated by the party or person producing it as "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted

-1-

Confidential – Competitively Sensitive" (collectively "Confidential Information"). This Order shall not apply to information that, before disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, or is public knowledge. The restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately acquired from a source not subject to this Order.

2. If a document or thing produced in response to a document request or in connection with a deposition, interrogatory answer, or admission (collectively "discovery response"), or a deposition, other transcript of testimony, or declaration or affidavit, contains information that in the good faith belief of a party and its counsel contains confidential information, such discovery response, or deposition or trial transcript shall be designated "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive" by the party contending there is Confidential Information therein.

3. If an exhibit, pleading, discovery response, document or thing, testimony, or other court submission is designated "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive," the legend "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive" (in such a manner as will not interfere with the legibility thereof) shall be affixed before the production or service upon a party.

4. As a general guideline, a document should be designated "Confidential" when it contains confidential business, technical or other information that may be reviewed by the receiving party, the parties' experts, and other representatives, but must be protected against disclosure to third parties. A document may be designated "Highly Confidential-Attorneys' Eyes Only" only when it contains the following highly sensitive information that is maintained

confidentially by the producing party: financial information; sales information; technical and development information about a party's products; comparative product test results; business plans; marketing strategies; regulatory submissions; or any other information that would put the producing party at a competitive disadvantage if the information became known to employees of the receiving party or third parties. A document may be designated "Restricted Confidential – Competitively Sensitive" only when it contains information deemed in good faith by the producing party to be of such a competitively sensitive nature to justify precluding access to the designated material by the designated in-house attorneys of the other party. Such information may consist of new product plans and competitive strategies; pricing lists; cost information; pricing information; distribution agreements; group purchasing organization ("GPO") agreements; trade secret information; customer, license, supplier, and vendor information; and competitively sensitive technical documentation, such as bill of materials ("BOMs") that include pricing/quantity information, or documents related to design of a party's products under development or design of products that have not been released to the public.

5.     All Confidential Information that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation, including any post-trial proceedings, appellate proceedings, and not for any other business, proceeding, litigation, or other purpose whatsoever. Further, such information may not be disclosed to anyone except as provided in this Order. Counsel for a party may give advice and opinions to their client based on evaluation of information designated as Confidential Information produced by the other party, but shall not reveal the content of such information except by prior agreement with opposing counsel.

6.     All documents, or any portion thereof, produced for inspection only (*i.e.*, copies have not yet been provided to the receiving party) shall be deemed

"Highly Confidential-Attorneys Eyes Only." If a copy of any such document is requested after inspection, the document shall be deemed "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive" only if labeled or marked in conformity with Paragraphs 2 and 4, with access and dissemination limited as set forth in Paragraphs 11-14.

7. Information disclosed at a deposition or other testimony may be designated as "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive" at the time of the deposition or testimony, or within fourteen (14) days following receipt of the final, certified transcript, and shall be subject to the provisions of this Order. Additional information disclosed during a deposition may be designated as "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive" by notifying the other party, in writing, within fourteen (14) days after receipt of the final transcript, of the specific pages of the transcript that should also be so designated. Unless otherwise agreed on the record of the deposition, all transcripts shall be treated as "Restricted Confidential – Competitively Sensitive" for a period of fourteen (14) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraph 13 to review documents or materials designated "Restricted Confidential – Competitively Sensitive" on behalf of that non-designating party.

8. All exhibits, pleadings, discovery responses, documents or things, testimony or other submissions, filed with the Court pursuant to this action that have been designated "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive," by any party, or any pleading or memorandum purporting to reproduce, paraphrase, or otherwise disclose such information designated as Confidential Information, shall be marked with the legend "Confidential," "Highly Confidential-Attorneys' Eyes

-4-

Only," or "Restricted Confidential – Competitively Sensitive," or with a substantially similar variation thereof. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

9. All Confidential Information used at a hearing or at trial shall become public absent a separate order from the Court upon written motion and sufficient cause shown. Any documents filed with the Court that contain Confidential Information shall follow the procedures set forth in Paragraph 8. If any party desires at a hearing or at trial to offer into evidence Confidential Information, or to use Confidential Information in such a way as to reveal its nature or contents, such offers or use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of such Confidential Information. The party seeking to use the Confidential Information must provide the party that produced such Confidential Information sufficient time to request an order from the Court to limit the offer of such Confidential Information. The party seeking to use the Confidential Information stipulates that good cause exists and agrees to assist in any application or motion to preserve the confidentiality of such Confidential Information.

10. As used in this Order, "Trial Counsel" refers exclusively to the following:

a. For Plaintiff: The attorneys, paralegals, agents, and support staff of Knobbe, Martens, Olson & Bear, LLP, and any other firm who

enters an appearance on behalf of Fisher & Paykel Healthcare in connection with these proceedings, but shall not under any circumstances include any current or former officer, director, or employee of Plaintiff.

b.    For Defendants: The attorneys, paralegals, agents, and support staff of King & Spalding LLP, and any other firm who enters an appearance on behalf of Flexicare in connection with these proceedings, but shall not under any circumstances include any current or former officer, director, or employee of Defendant.

c.    Others:  Such additional attorneys as may be ordered by the Court, or subsequently may be agreed upon by the parties, such agreement not to be unreasonably withheld.

11.    Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated in this paragraph and subject to Paragraph 14:

a.    officers, directors, or designated employees of a party deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action;

b.    independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

c.    court reporter(s) employed in this action;

d.    agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by Trial Counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a

party, or attorneys' work product, all of which may contain material designated "Confidential";

e.  witnesses during any deposition or other proceeding of this action, (i) who are the author or recipient of the "Confidential" material, (ii) who, based on evidence, have seen the material in the past, or (iii) who counsel for a party can demonstrate has knowledge of the contents of the document or the specific events, transactions, discussions, or data reflected in the document, and upon the witness being advised of the need and agreeing to keep the records confidential and agreeing not to use the information for any purpose other than this action;

f.  any persons who appear on the face of the "Confidential" Information as an author or prior recipient thereof; and

g.  any other persons as to whom the parties in writing agree.

12.  Material designated as "Highly Confidential-Attorneys' Eyes Only" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated in this paragraph and subject to Paragraph 14:

a.  up to two (2) in-house attorneys each for Plaintiff and Defendant (1) who have no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) as to whom the procedures set forth in paragraph 16, below, have been followed;

b.  independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

c.  authors and prior recipients of any material bearing a "Highly Confidential-Attorneys' Eyes Only" legend;

d.  court reporter(s) employed in this action;

-7-

e.    agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by Trial Counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated "Highly Confidential-Attorneys' Eyes Only";

f.    witnesses during any deposition or other proceeding in this action (i) who are the author or recipient of the "Highly Confidential-Attorneys' Eyes Only" material, (ii) who, based on evidence, have seen the material in the past, or (iii) who counsel for a party can demonstrate has knowledge of the contents of the document or the specific events, transactions, discussions, or data reflected in the document, and upon the witness being advised of the need and agreeing to keep the records confidential and agreeing not to use the information for any purpose other than this action; and

g.    any other persons as to whom the parties in writing agree.

13.    Material designated as "Restricted Confidential – Competitively Sensitive" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated in this Paragraph and subject to Paragraph 14:

a.    independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

b.    authors and prior recipients of any material bearing a "Restricted Confidential – Competitively Sensitive" legend;

-8-

c.    court reporter(s) employed in this action;

d.    agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by Trial Counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated "Restricted Confidential – Competitively Sensitive";

e.    witnesses during any deposition or other proceeding in this action (i) who are the author or recipient of the "Restricted Confidential – Competitively Sensitive" material, (ii) who, based on evidence, have seen the material in the past, or (iii) who counsel for a party can demonstrate has knowledge of the contents of the document or the specific events, transactions, discussions, or data reflected in the document, and upon the witness being advised of the need and agreeing to keep the records confidential and agreeing not to use the information for any purpose other than this action; and

f.    any other persons as to whom the parties in writing agree.

14.    Each person identified under Paragraphs 11(a)-(b), 12(a)-(b), and 13(a) before having access to the Confidential Information, shall agree not to disclose to anyone not exempted by this Order any Confidential Information and not to make use of any such Confidential Information other than solely for purpose of this litigation, and shall acknowledge in writing by signing the Agreement to be Bound by Protective Order in the form of Exhibit A attached hereto, that he or she is fully conversant with the terms of this Order and agrees to comply with it and be bound by it. Counsel shall retain in his/her file until at least the conclusion of this litigation the original of each such signed Agreement

1  to be Bound by Protective Order.

2       15.    For the purpose of this Order, an independent expert or consultant

3  shall be defined as a person, who has not been and is not an employee of a party

4  or scheduled to become an employee in the near future, and who is retained or

5  employed as a consultant or expert for purposes of this litigation, either full or

6  part-time, by or at the direction of counsel of a party.

7       16.    The right of any in-house attorneys, independent expert or consultant

8  to receive any Confidential Information will be subject to the advance approval

9  of such in-house attorney, expert or consultant by the designating party or by

10  permission of the Court.

11          a.    The party seeking approval of an independent expert or

12  consultant must provide the designating party with a written notification,

13  which includes the name and curriculum vitae of the proposed independent

14  expert or consultant that includes a description of the expert or consultant's

15  employment and consulting history during the past four years,

16  identification of all matters within the past four years in which the expert

17  testified at trial or by deposition, identification of any previous or current

18  relationship with any of the parties or any competitors in the field of

19  respiratory care, and an executed copy of the form attached hereto as

20  Exhibit A, at least seven (7) calendar days in advance of providing any

21  Confidential Information of the designating party to the expert or

22  consultant. The party seeking approval of an in-house attorney first must

23  make a written request to the designating party that (1) sets forth the full

24  name of the in-house counsel and the city and state of his or her residence,

25  and (2) describes the in-house attorney's current and reasonably

26  foreseeable future primary job duties and responsibilities in sufficient

27

28

1    detail to determine if the in-house attorney is involved, or may become

2    involved, in any competitive decision-making or patent prosecution.

3         b.     If the designating party does not convey an objection to the

4    proposed disclosure within seven (7) calendar days of receipt of the written

5    notification, the designating party will be deemed to have waived objection

6    to the disclosure and its agreement will be assumed.

7         c.     If within seven (7) calendar days of receipt of the written

8    notification, the designating party gives notification of its objection to the

9    disclosure of Confidential Information to the in-house attorney, expert or

10    consultant identified by written notice, there shall be no disclosure to the

11    in-house attorney, expert/consultant at issue until such objection is

12    resolved. The objection shall state the reasons why the designating party

13    believes the identified individuals should not receive Confidential

14    Information.

15         d.     If after meeting and conferring, the Parties do not otherwise

16    resolve the dispute, the designating party must seek relief from the Court,

17    by way of filing a motion within fourteen (14) days of the meet and confer.

18    The filing and pendency of any such motion shall not limit, delay, or defer

19    any disclosure of the Confidential Information to persons as to whom no

20    such objection has been made, nor shall it delay or defer any other pending

21    discovery. If the designating party does not seek relief from the Court

22    within this time period, the objection shall deemed to be resolved.

23    17.    Any Confidential Information may be used in the course of any

24    deposition taken of the party producing such Confidential Information or its

25    employees without consent, or otherwise used in any deposition with the consent

26    of the party producing such Confidential Information, subject to the condition that

27    when such Confidential Information is so used, the party who made the

28    designation may notify the reporter that the portion of the deposition in any way

pertaining to such Confidential Information or any portion of the deposition relevant thereto is being taken pursuant to this Order. Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such Confidential Information pursuant to the terms of this Order.

18.    A receiving party who objects to the designation of any document, discovery response, or deposition or other testimony as "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive" shall state the objection by letter which complies with the requirements of Local Rule 37-1 to counsel for the producing party. Pursuant to Local Rule 37-1, counsel for the parties shall confer within ten (10) days following receipt of the letter stating the objection. If the objection is not resolved through the parties' meeting pursuant to Local Rule 37-1, the receiving party may move the Court to determine whether the document, discovery response or deposition or other testimony at issue qualifies for treatment as "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive." The receiving party's motion must be accompanied by a written stipulation of the parties as required by Local Rule 37-2. If the receiving party files such a motion, the document, discovery response, or deposition or other testimony at issue will continue to be entitled to the protections accorded by this Order until and unless the Court rules otherwise. If the receiving party files such a motion, the producing party shall bear the burden of establishing that the document, discovery response or deposition or other testimony at issue qualifies for treatment as "Confidential," "Highly Confidential-Attorneys' Eyes Only," Or "Restricted Confidential – Competitively Sensitive." Nothing herein shall operate as an admission by any party that any particular document, discovery response, or deposition or other testimony contains "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive" Information for purposes

of determining the merits of the claims in this litigation.  A party shall not be obligated to challenge the propriety of the designation of any document, discovery response or deposition or other testimony at the time such designation is made; failure to do so shall not preclude a subsequent challenge within a reasonable time.  Further, a party's failure to challenge a designation during pretrial discovery shall not preclude a subsequent challenge of such designation at trial or in connection with the submission of any document, discovery response or deposition or other testimony to the Court for any purpose.

19.    Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces any Confidential Information without marking it with the legend "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive," or by designating it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party that the document, discovery response, or deposition or other testimony contains Confidential Information and should be treated as such in accordance with the provisions of this Order.  Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall return said unmarked materials and not retain copies thereof, and must treat such documents, discovery responses, or deposition or other testimony as Confidential Information and shall cooperate in restoring the confidentiality of such Confidential Information.   The inadvertent or unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein.  The receiving party shall not be responsible for the disclosure or other distribution of belatedly designated

Confidential Information as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Order.

20.     Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of privileged or work-product protected documents or information, including electronically stored information, whether inadvertent or not, is not a waiver of the privilege or protection in connection with discovery in this case or any other federal proceeding.  If, after producing documents or materials in the litigation, a producing party discovers that the documents or materials include information that is properly subject to protection under the attorney-client privilege or the attorney work product doctrine, the producing party shall promptly provide written notice to the receiving party that the documents or materials were inadvertently produced and properly subject to protection under the attorney-client privilege or the attorney work product doctrine.  Upon receiving such written notice from the producing party that privileged information or attorney work product material has been inadvertently produced, all such information, and all copies thereof, either shall be promptly returned to the producing party, or shall be destroyed and the receiving party shall promptly provide the producing party with notice that all such documents have been destroyed, except that the receiving party may retain one copy of the inadvertently produced material for the sole purpose of challenging the assertion of privilege or work product.  If the receiving party disagrees with the designation of any such documents or materials as privileged or otherwise protected after conferring with the producing party in good faith, the receiving party may move the Court for production of the returned documents or materials.  If the receiving party does not file such motion within fifteen (15) days after conferring with the producing party,

the receiving party shall return the remaining copy to the producing party. The producing party shall retain all returned documents or materials for further disposition.

21.     All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

22.     Documents and things produced or made available for inspection may be subject to redaction, in good faith by the producing party, of sensitive material that is subject to the attorney-client privilege or to work-product immunity. Each such redaction, regardless of size, will be clearly labeled. This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

23.     Neither the taking or the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any signatory's right to seek and obtain protection or relief, with respect to any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secret or other confidential information of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to

trade secrets or other confidential information claims, nor shall it relieve a party of the necessity of proper responses to discovery requests.

24. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Confidential Information. The fact that Information is designated "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of:

a. whether any particular information is or is not Confidential Information;

b. whether any particular information is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

c. whether any particular information is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

25. The terms of the Order are applicable to Confidential Information produced by a non-party, and Confidential Information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by the Order. To protect its own Confidential Information, a party may ask a non-party to execute the Agreement to be Bound by the Protective Order in the form of Exhibit A.

26. Prosecution Bar: Any person reviewing any of another party's "Highly Confidential – Attorneys' Eyes Only" or "Restricted Confidential – Competitively Sensitive" Information of a technical nature shall not, for a period commencing upon receipt of such information and ending two years following the conclusion of this case (including any appeals), be involved in the prosecution

of patents or patent applications relating to heated breathing circuits or nasal cannulas on behalf of the receiving party or its acquirer, successor, predecessor, or other affiliate, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. For the avoidance of doubt, persons receiving Highly Confidential – Attorneys' Eyes Only or "Restricted Confidential – Competitively Sensitive" Information are not prohibited from participating in any patent opposition, reissue, inter partes review, post grant review or reexamination proceedings, provided that such persons shall not participate in the drafting or amending of patent claims in any such proceedings. To ensure compliance with the purpose of this provision, each party shall create an "Ethical Wall" between those persons with access to Highly Confidential – Attorneys' Eyes Only or "Restricted Confidential – Competitively Sensitive" Information of a technical nature and any individuals who, on behalf of the party or its acquirer, successor, predecessor, or other affiliate, directly or indirectly draft, amend, advise, or otherwise affect the scope or maintenance of patent claims relating to heated breathing circuits or nasal cannulas, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the Patent Office. The parties expressly agree that the prosecution bar set forth herein shall be personal to any attorney who received "Highly Confidential – Attorneys' Eyes

Only" or "Restricted Confidential – Competitively Sensitive" Information and shall not be imputed to any other persons or attorneys at the attorney's law firm.

27. Within sixty (60) days following the termination of this action, including all appeals, all documents and materials designated by the opposing party as "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive" except such documents or information which incorporate or are incorporated into attorney work product (a single copy of which may be retained in counsel's file), shall, upon request, be returned to the producing party, or disposed of pursuant to the instruction of the producing party. Upon request, counsel shall provide certification to opposing counsel that all such documents and materials have been returned or destroyed. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.

28. Nothing in this Order is intended or should be construed as authorizing a party to disobey a lawful subpoena or other process or court order to produce Confidential Information in another legal proceeding. If a party receives a subpoena or other process or court order that requests production of Confidential Information of a producing party, the receiving party shall immediately notify the producing party, provide a copy of the subpoena or other process or court order, and cooperate with the producing party with respect to all reasonable procedures sought by the producing party.

29. Transmission by electronic mail to the following email addresses is acceptable for all notification purposes within this Order:

**For Plaintiff:**

sheila.swaroop@knobbe.com

david.jankowski@knobbe.com

marko.zoretic@knobbe.com

ben.everton@knobbe.com

douglas.wentzel@knobbe.com

FPH.Flexicare@knobbe.com

**For Defendant:**

jakro@kslaw.com

jbrogan@kslaw.com

Chris.campbell@kslaw.com

mcarey@kslaw.com

psauer@kslaw.com

flexicare@kslaw.com

30.     The restrictions provided for above shall not terminate upon the conclusion of this lawsuit.  This Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

**SO STIPULATED BY:**

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 3, 2019    By: _/s/ Marko R. Zoretic_
                     Stephen C. Jensen
                     Sheila N. Swaroop
                     David G. Jankowski
                     Marko R. Zoretic
                     Benjamin J. Everton
                     Douglas B. Wentzel

Attorneys for Plaintiff
FISHER & PAYKEL HEALTHCARE LIMITED

KING & SPALDING LLP

Dated: September 3, 2019    By: _/s/ Christopher C. Campbell (with permission)_
                     Joseph Akrotirianakis
                     James P. Brogan
                     Christopher C. Campbell
                     Matthew E. Carey
                     Peter J. Sauer

Attorneys for Defendant
FLEXICARE INCORPORATED

**IT IS SO ORDERED.**

Dated: September 3, 2019                                   
                           Hon. Douglas F. McCormick
                           United States Magistrate Judge

## EXHIBIT A
## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, of _____ [print or type full address, and identify company, partnership or organization and its address if applicable], declare and say that:

1.    I am employed as _____ by

_____.

2.    I have read the Stipulated Protective Order in *Fisher & Paykel Healthcare Limited v. Flexicare Incorporated*, 8:19-CV-00835-JVS-DFM, pending in the United States District Court for the Central District of California, and have received a copy of the Stipulated Protective Order ("Protective Order"). I, and my above-identified company, partnership or organization, hereby agree to comply with and be bound by the terms and conditions of that Order unless and until modified by court order.

3.    I, and my above-identified company, partnership or organization, promise to use any and all "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.    I, and my above-identified company, partnership or organization, promise to not disclose or discuss such "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive" information with anyone other than the persons authorized in accordance with Paragraphs 11-13 of the Protective Order.

5.    When I have completed my assigned or legal duties relating to this litigation, I, and my above-identified company, partnership or organization, will return all confidential documents and things that come into our possession, or that we have prepared relating to such documents and things, to counsel for the party

by whom I am employed or retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me, and my above-identified company, partnership or organization, from any of the continuing obligations imposed by the Protective Order.

6.    I, and my above-identified company, partnership or organization, further agree to submit to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order, even if such enforcement proceedings occur after termination of this action.

7.    I understand that any disclosure or use of "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

8.    I am a duly authorized representative of _____ [identify company, partnership or organization if applicable] and have full authority to enter into this Undertaking on behalf of the above-identified company, partnership or organization as of the date set forth below.

I declare under penalty of perjury that the foregoing is true and correct.

[if executed outside of the United States: I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.]

Executed this _____ day of _____, 2019 at _____.

_____

31236856

-22-