## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVITA DAWSON, | * | C.A. No. _____ |
| | * | |
| Plaintiff, | * | DEMAND FOR TRIAL BY JURY |
| | * | |
| v. | * | |
| | * | |
| RALPH G. DEGLI OBIZZI & SONS, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

## COMPLAINT

COMES NOW, Evita Dawson, by and through her undersigned attorney, who brings this Complaint against Ralph G. Degli Obizzi & Sons, Inc., alleging as follows:

### FACTS

#### Parties

1. Plaintiff Evita Dawson ("Plaintiff") is an adult individual and resident of Delaware who may be contacted for purposes of this litigation through her attorney, Daniel C. Herr, Esq., at 1225 N. King Street, Suite 1000, Wilmington, DE 19801.

2. Defendant Ralph G. Degli Obizzi & Sons, Inc. ("Defendant") is a corporation organized and operating in Delaware. Defendant's registered agent is Ralph G. Degli Obizzi, Sr., located at 400 Robinson Lane, Wilmington, DE 19805.

#### Jurisdiction and Venue

3. This Court has jurisdiction over the claims asserted herein as Plaintiff worked in Delaware for Defendant and Defendant operates in and employed Plaintiff within the State of Delaware. Venue is proper for the same reasons.

4. This is a civil action for damages arising under the Family Medical Leave Act ("FMLA").

**Common Allegations of Fact**

5. Defendant initially employed Plaintiff as an assistant bookkeeper beginning on or about December 3, 2018.  Defendant later promoted Plaintiff.

6. At all relevant times, Defendant employed substantially more than 50 employees within 75 miles of the Defendant-location at which Plaintiff was employed.

7. At all relevant times, Plaintiff worked more than 1,250 hours during the preceding 12 months to the point in time she required Family Medical Leave ("FML") pursuant to the FMLA.

8. Plaintiff unfortunately suffers from a serious heart condition, Pericarditis (hereinafter, Plaintiff's "Condition").  Her physicians believe this is caused by an auto-immune deficiency.  This condition causes Atrial Fibrillation, which in turn results in fatigue, shortness of breath, and general weakness (among various other symptoms).  This, at times, can be incapacitating.

9. Plaintiff's Condition is chronic and must be managed by Plaintiff and her physicians.  Plaintiff was diagnosed with her Condition in or around 2014.  Plaintiff's Condition has unfortunately persisted from in or around 2014 through present.

10. Plaintiff missed work various times due to her Condition beginning on or about November 21, 2019.

11. On or around November 21 and 22, Plaintiff treated with her cardiologist and was admitted to Christiana Care Hospital.

12. Plaintiff treated with her physicians thereafter related to her Condition on or about December 5, 2019 and December 17, 2020.

13. On or about December 26, 2019, Plaintiff could not work due to her Condition, and alerted Defendant of the same.  Plaintiff was incapacitated at and around this time.

14. On or about December 31, 2019, Plaintiff unfortunately had to leave work as a result of her Condition, and Defendant arranged for transportation home for Ms. Dawson (which Plaintiff appreciated).  Plaintiff was incapacitated at and around this time.

15. On or about January 2 and 3, 2020, Plaintiff again missed some work to receive medical care related to her Condition.  Plaintiff was incapacitated at and around this time.

16. Plaintiff alerted Defendant, primarily through Defendant's Vice President Mark A. Degli Obizzi, of her illness and ongoing concomitant need for time away from work and medical care.  Many of these communications were through text messages.  Others were oral.

17. After Plaintiff's early January 2020 medical treatment and related time away from work, she returned to work for Defendant on or about Monday, January 6, 2020.

18. That day, Mark A. Degli Obizzi informed her that he "can't depend on [Plaintiff] due to her sickness" (or similar language) and terminated her employment.

19. Upon information and belief, Defendant posted Plaintiff's position – or a related position designed to obtain Plaintiff's replacement – on or about January 2, 2020.

20. As is detailed herein, Plaintiff's Condition requires regular, periodic treatment and care by her physicians.  During the timeframe described in this Complaint, these instances of treatment and care by physicians occurred several times over the course of two months.

21. Beyond this, Plaintiff's Condition has generally required regular, period treatment and care by her physicians more than two times a year since 2014.

22. Despite Plaintiff continually keeping Defendant informed as of the need for her unexpected leave (including incapacitation, hospitalization, and ongoing related illness and inability to work) and the reasons for the same, Defendant failed to notify Plaintiff of her option and ability to take protected FML for the time away from work at issue.

23. Plaintiff properly notified Defendant of her need for FML through he multiple written and oral statements to Defendant.

24. Defendant ultimately terminated Plaintiff because of Plaintiff's absences, which should have been protected – and were in fact protected – FML periods of absence.

### COUNT 1: INTERFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

25. Plaintiff re-alleges and incorporates by reference all allegations and paragraphs in this complaint (except those that are inconsistent with these causes of action, including but not limited pleadings in the alternative), above and below, as though fully set forth herein.

26. As is set forth in detail herein, Defendant interfered with Plaintiff's efforts towards FML by terminating her employment without affording her the ability or opportunity – through communication or correspondence – of her ability to take FML.

27. Defendant knew or should have known that Plaintiff's leave, hospitalization, and ongoing treatment amounted to FML-qualifying events.

28. Defendant willfully violated Plaintiff's FMLA rights and/or acted with reckless disregard to Plaintiff's FMLA rights.

29. As a result, Plaintiff has suffered economic damages.

### COUNT 2: RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

30. Plaintiff re-alleges and incorporates by reference all allegations and paragraphs in this complaint (except those that are inconsistent with these causes of action, including but not limited pleadings in the alternative), above and below, as though fully set forth herein.

31. As is detailed herein, Defendant retaliated against Plaintiff for taking leave that was FML-eligible.

32. Defendant terminated Plaintiff the day she returned from such days off from work.

33. Defendant acted with a retaliatory animus as a direct result of Plaintiff taking this leave.

34. Defendant willfully violated Plaintiff's FMLA rights and/or acted with reckless disregard to Plaintiff's FMLA rights.

35. As a result, Plaintiff has suffered economic damages.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. All lawful economic and compensatory damages in an amount to be determined against Defendant.

B. Liquidated damages under the FMLA.

C. Reasonable attorneys' fees.

D. Pre and post-judgment interest.

E. Costs.

F. Trial by Jury.

G. Such other relief as this Court deems just and equitable.

LAW OFFICE OF
DANIEL C. HERR LLC

Dated: October 8, 2020

*/s/Daniel C. Herr*
Daniel C. Herr, Esquire, Bar. I.D. 5497
1225 N. King Street, Suite 1000
Wilmington, DE 19801
302-483-7060 (tel) | 302-483-7065 (fax)
dherr@dherrlaw.com
*Attorney for Plaintiff*