## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Cedar Lane Technologies Inc.,**<br><br>    Plaintiff,<br><br>    v.<br><br>**Livexlive Media, Inc.,**<br><br>    Defendant. | Case No. [insert]<br><br>Patent Case<br><br>Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cedar Lane Technologies Inc. ("Plaintiff"), through its attorneys, complains of Livexlive Media, Inc. ("Defendant"), and alleges the following:

### PARTIES

1. Plaintiff Cedar Lane Technologies Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9.

2. Defendant Livexlive Media, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 269 S Beverly Dr #1450, Beverly Hills, CA 90212.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and is incorporated in this District's state.

## PATENTS-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,452,609; 6,502,194; 6,526,411; 6,721,489; 7,173,177; 7,610,394 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '609 PATENT

8. The '609 Patent is entitled "Web application for accessing media streams," and issued 09/17/2002. The application leading to the '609 Patent was filed on 11/06/1998. A true and correct copy of the '609 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '609 Patent is valid and enforceable.

## THE '194 PATENT

10. The '194 Patent is entitled "System for playback of network audio material on demand," and issued 12/31/2002. The application leading to the '194 Patent was filed on

04/16/1999. A true and correct copy of the '194 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The '194 Patent is valid and enforceable.

### THE '411 PATENT

12. The '411 Patent is entitled "System and method for creating dynamic playlists," and issued 02/25/2003. The application leading to the '411 Patent was filed on 11/15/2000. A true and correct copy of the '411 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

13. The '411 Patent is valid and enforceable.

### THE '489 PATENT

14. The '489 Patent is entitled "Play list manager," and issued 04/13/2004. The application leading to the '489 Patent was filed on 03/08/2000. A true and correct copy of the '489 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

15. The '489 Patent is valid and enforceable.

### THE '177 PATENT

16. The '177 Patent is entitled "User interface for simultaneous management of owned and unowned inventory," and issued 02/06/2007. The application leading to the '177 Patent was filed on 10/29/2003. A true and correct copy of the '177 Patent is attached hereto as Exhibit 5 and incorporated herein by reference.

17. The '177 Patent is valid and enforceable.

### THE '394 PATENT

18. The '394 Patent is entitled "Web application for accessing media streams," and issued 10/27/2009. The application leading to the '394 Patent was filed on 07/31/2002. A true

and correct copy of the '394 Patent is attached hereto as Exhibit 6 and incorporated herein by reference.

19. The '394 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '609 PATENT

20. Plaintiff incorporates the above paragraphs herein by reference.

21. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '609 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '609 Patent also identified in the charts incorporated into this Count below (the "Exemplary '609 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '609 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

22. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '609 Patent Claims, by having its employees internally test and use these Exemplary Products.

23. Exhibit 7 includes charts comparing the Exemplary '609 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '609 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '609 Patent Claims.

24. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 7.

25. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### COUNT 2: INFRINGEMENT OF THE '194 PATENT

26. Plaintiff incorporates the above paragraphs herein by reference.

27. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '194 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '194 Patent also identified in the charts incorporated into this Count below (the "Exemplary '194 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '194 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

28. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '194 Patent Claims, by having its employees internally test and use these Exemplary Products.

29. Exhibit 8 includes charts comparing the Exemplary '194 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '194 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '194 Patent Claims.

30. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 8.

31. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### COUNT 3: INFRINGEMENT OF THE '411 PATENT

32. Plaintiff incorporates the above paragraphs herein by reference.

33. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '411 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '411 Patent also identified in the charts incorporated into this Count below (the "Exemplary '411 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '411 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

34. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '411 Patent Claims, by having its employees internally test and use these Exemplary Products.

35. **Actual Knowledge of Infringement**. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

36. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '411 Patent. On information and belief, Defendant has also continued to sell the Exemplary

Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '411 Patent. *See* Exhibit 9 (described below).

37. **Induced Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '411 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '411 Patent.

38. **Contributory Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '411 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '411 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '411 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '411 Patent.

39. Exhibit 9 includes charts comparing the Exemplary '411 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '411 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '411 Patent Claims.

40. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 9.

41. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

**COUNT 4: INFRINGEMENT OF THE '489 PATENT**

42. Plaintiff incorporates the above paragraphs herein by reference.

43. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '489 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '489 Patent also identified in the charts incorporated into this Count below (the "Exemplary '489 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '489 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

44. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '489 Patent Claims, by having its employees internally test and use these Exemplary Products.

45. Exhibit 10 includes charts comparing the Exemplary '489 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '489 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '489 Patent Claims.

46. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 10.

47. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## COUNT 5: INFRINGEMENT OF THE '177 PATENT

48. Plaintiff incorporates the above paragraphs herein by reference.

49. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '177 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '177 Patent also identified in the charts incorporated into this Count below (the "Exemplary '177 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '177 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

50. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '177 Patent Claims, by having its employees internally test and use these Exemplary Products.

51. **Actual Knowledge of Infringement**. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

52. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '177 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users

and others to use its products in the customary and intended manner that infringes the '177 Patent. *See* Exhibit 11 (described below).

53. **Induced Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '177 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '177 Patent.

54. **Contributory Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '177 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '177 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '177 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '177 Patent.

55. Exhibit 11 includes charts comparing the Exemplary '177 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '177 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '177 Patent Claims.

56. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 11.

57. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## COUNT 6: INFRINGEMENT OF THE '394 PATENT

58. Plaintiff incorporates the above paragraphs herein by reference.

59. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '394 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '394 Patent also identified in the charts incorporated into this Count below (the "Exemplary '394 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '394 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

60. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '394 Patent Claims, by having its employees internally test and use these Exemplary Products.

61. Exhibit 12 includes charts comparing the Exemplary '394 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '394 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '394 Patent Claims.

62. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 12.

63. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## JURY DEMAND

64. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '609 Patent is valid and enforceable

B. A judgment that the '194 Patent is valid and enforceable

C. A judgment that the '411 Patent is valid and enforceable

D. A judgment that the '489 Patent is valid and enforceable

E. A judgment that the '177 Patent is valid and enforceable

F. A judgment that the '394 Patent is valid and enforceable

G. A judgment that Defendant has infringed directly one or more claims of the '609 Patent;

H. A judgment that Defendant has infringed directly one or more claims of the '194 Patent;

I. A judgment that Defendant has infringed directly, contributorily, and/or induced infringement of one or more claims of the '411 Patent;

J. A judgment that Defendant has infringed directly one or more claims of the '489 Patent;

K. A judgment that Defendant has infringed directly, contributorily, and/or induced infringement of one or more claims of the '177 Patent;

L. A judgment that Defendant has infringed directly one or more claims of the '394 Patent;

M. An accounting of all damages not presented at trial;

N.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '609 Patent.

O.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '194 Patent.

P.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '411 Patent.

Q.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '489 Patent.

R.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '177 Patent.

S.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '394 Patent.

T.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants continuing or future infringement, up until the date such judgment is entered with respect to the '411; '177 Patents, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

U.     And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

     i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

     ii.     that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

      iii.    that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: October 9, 2020          Respectfully submitted,

          /s/ Raeann Warner
          Raeann Warner
          Jacobs & Crumplar, P.A.
          750 Shipyard Drive, Suite 200
          Wilmington, DE 19801
          (302) 656-5445
          raeann@jcdelaw.com

Isaac Rabicoff
**Rabicoff Law LLC**
(Pro Hac Vice admission pending)
5680 King Centre Dr, Suite 645
Alexandria, VA 22315
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Cedar Lane Technologies Inc.**