IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GUSTAV KLAUKE GMBH.,        )
          )
        Plaintiff,      )
          )  C.A. No. _____
    v.         )
          )  **DEMAND FOR JURY TRIAL**
HUSKIE TOOLS LLC,      )
          )
        Defendant.    )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Gustav Klauke GmbH ("Klauke"), by and through its counsel, files its complaint against Defendant Huskie Tools LLC ("Huskie") as follows:

## NATURE OF THE ACTION

1.  This is an action for infringement of U.S. Patent No. 6,769,356 ("the '356 patent") under the patent statutes of the United States, 35 U.S.C. § 101, *et seq.*

## THE PARTIES

2.  The patent owner in this case is Klauke. Plaintiff Klauke is a corporation organized and existing under the laws of the Germany, with its principal place of business at Auf dem Knapp 46, 42855 Remscheid. Klauke is a global leader in innovative professional tools for plumbing and electrical trades.

3.  On information and belief, Defendant Huskie is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 195 Internationale Blvd., Glendale Heights, Illinois, 60139. Upon information and belief, Huskie sells, offers to sell, and/or uses products and services throughout Delaware, including in this judicial district.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement under 35 U.S.C. § 271.

5.      This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338, based on an actual controversy between Klauke, on the one hand, and Huskie, on the other hand, because this is a matter arising under the United States patent statutes, 35 U.S.C. § 101 *et seq.*, for infringement of a United States patent.

6.      This Court has personal jurisdiction over Huskie, due at least to the fact that Huskie is a Delaware limited liability company and, on information and belief, transacts regular and substantial business in Delaware and in this judicial district, directly or through intermediaries.

7.      Defendant Huskie is a Delaware organization and has a registered agent in Delaware:  The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 because Huskie is a limited liability company organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this district.

## BACKGROUND

9.      Founded in 1879 as a small, family business, Klauke is now a global developer of innovative professional tools for plumbing and electrical trades.  Klauke has invested considerable time, money, and creative efforts in developing and marketing its unique and innovative products.  In 1994, Klauke designed and manufactured its first battery-powered hydraulic tool.  Since then, Klauke has maintained its position as a leader in the field of

hydraulic pressing tools and owns numerous patents covering its innovative technologies, including the '356 patent.

10. Defendant Huskie is a direct competitor of Klauke in the United States, including in the State of Delaware.

11. On information and belief, Huskie sells numerous battery-operated pressing tools that infringe Klauke's protected technology as it is embodied in the '356 patent, including, at least, REC-7430, REC-7510, REC-7510K, REC-758U, REC-7630, REC-7750, REC-7NDSL, REC-CN758, REC-MK7430, REC-MK7510, REC-MK7510K, REC-MK758U, REC-MK7630, REC-MK7750, and REC-MK7NDSL (collectively hereinafter, the "Accused Products").

12. An example of Huskie's retail advertisement of said Accused Products is the screenshot depicted below, which was taken directly from Huskie's online website, https://huskietools.com/product/rec-758u/.



Home / Battery-Powered Compression Tools / Series 7M - 18V Li-Ion Makita Battery / REC-MK758U



### REC-MK758U

6 Ton Compression Tool

The REC-MK758U features a latched head design with D3 dies nest that can be interchanged with Kearney or "O" type dies. "W" type dies can also be used by simply sliding over the existing D3 die nest. The head can be turned 180° and positioned to accommodate the operator's work methods. A simple pull of the trigger starts actuation, while the factory preset by-pass cartridge ensures proper compression every time. This tool operates on the Huskie Tools 18V/5.0Ah and offers 5 Yr. Tool / 3 Yr. Battery & Charger warranty.

## COUNT I
### Infringement of U.S. Patent No. 6,769,356

13.     Klauke incorporates by reference the preceding paragraphs of its Complaint.

14.     U.S. Patent No. 6,769,356 entitled "Method Of Operating A Hydraulic Pressing Unit, And Hydraulic Pressing Unit" was duly issued by the United States Patent and Trademark Office ("USPTO") on August 3, 2004, and lists named inventor Egbert Frenken. A true and correct copy of the '356 patent is attached hereto as Exhibit A.

15.     Klauke is the owner and assignee of the '356 patent, with the full rights to enforce the '356 patent and sue for damages by reason of infringement of the '356 patent.

16.     The '356 patent reflects an improved hydraulic pressing tool and method for operating said tool.  *See* Ex. A.  According to the '356 patent, prior art hydraulic pressing tools did not permit users "to stop the moving part [of the pressing tool] early without the displacement of the moving part into the end position . . . ."  Ex. A, 1:27-30.

17.     As described in the '356 patent specification, Klauke solved this problem by creating an apparatus, and a method for using said apparatus, wherein the "moving part [can] be stopped optionally in position."  Ex. A, 1:27-36.  The ability to adjust the movement and/or retraction of the hydraulic tool's moving part thus allows users more control and efficiency during operational use.

18.     On information and belief, the Accused Products sold by Huskie embody technology provided by Maxell Izumi Co., Ltd. ("Izumi").  On information and belief, the technology provided by Izumi to Huskie, and embodied in the Accused Products, is reflected in pending patent application WO/2019/111390.

19.     On information and belief, Huskie has directly infringed and continues to directly infringe one or more claims of the '356 patent in violation of 35 U.S.C. § 271(a)—including at least independent claims 1, 5, and 12 of the '356 patent—by making, using, offering to sell, selling, and/or importing into the U.S. tools incorporating Klauke's patented technology, including, but not limited to, the Accused Products listed on Huskie's website.  *See, e.g.*, https://huskietools.com/product/rec-mk758u/.

20.     On information and belief, Huskie's Accused Products all operate in the same way with respect to the relevant claim elements of the '356 patent.  Huskie's Accused Products contain all of the elements of the claims of the '356 patent, including, for example, the following elements of claim 5:  (a) A hydraulic pressing unit, in particular a manual pressing unit, (b) it being the case that the pressing unit has a hydraulic pump, a moving part, a stationary part and a non-return valve, (c) that the moving part can be displaced into a pressing position by the build-up of a hydraulic pressure and the non-return valve moves automatically into its open position only in the presence of a predetermined hydraulic pressure corresponding to a pressing pressure, (d) and that the moving part is configured for moving back automatically from the pressing position into an end position under the action of a restoring spring, and (e) the non-return valve is configured only to close once the moving part has reached the end position, wherein it is possible to stop the return of the moving part before it reaches the end position by a triggering device, acting on the non-return valve.

21.     As depicted in the example below, Huskie's "Tool Facts" information sheets specifically advertise that the Accused Products employ the technology embodied in the '356 patent. *See, e.g.*, Exhibit C.



22.     The images below are taken from pending patent application WO/2019/111390 and, on information and belief, reflect the configuration and operation of Huskie's Accused Products.  The images depict a hydraulic pressing unit, a hydraulic pump, a moving part, a stationary part, and a non-return valve, configured to operate according to at least claim 5 of the '356 patent.





23.     Huskie also indirectly infringes one or more claims of the '356 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing infringement of the '356 patent by others and/or by offering to sell or selling within the U.S. an apparatus for use in practicing a patented process covered by the claims of the '356 patent that is a material part of the invention and not a staple article or commodity of commerce suitable for substantial non-infringing use.

24.     For example, on information and belief, Huskie induces infringement at least by providing instructional materials that teach customers how to use the Accused Products in a manner that infringes the claims of the '356 patent.  These materials include Huskie's "Tool Facts" information sheets, which specifically advertise that the Accused Products should be used in a manner that practices the invention taught and claimed in the '356 patent.  *See, e.g.*, Exhibit C.

25.     Moreover, Huskie contributes to infringement by its customers through its offer and sale of Accused Products, which are uniquely adapted for a use that falls within the scope of at least one claim of the '356 patent, are not staple articles of commerce, and lack any substantial non-infringing use.

26.     Huskie's instructions and its sale of Accused Products cause customers to directly infringe at least one claim of the '356 patent.

27.     In a letter dated March 23, 2020, Klauke and its corporate parent, Emerson Electric Co. ("Emerson"), informed Huskie that Huskie's Accused Products infringed Klauke's '356 patent.  *See* Exhibit B.

28.     Huskie knew that its actions constituted infringement of the '356 patent at least upon its receipt of the letter transmitted by Emerson and Klauke dated March 23, 2020.

29.     Based on the foregoing, Defendants are liable for direct, indirect, and willful infringement of the '356 patent pursuant to 35 U.S.C. § 271.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Klauke respectfully requests that this Court enter judgment in its favor against Huskie and grant to Klauke the following relief:

A.     Enter an order finding that Huskie is infringing the '356 patent in violation of 35 U.S.C. § 271;

B.     Enter an order enjoining Huskie, its officers, directors, agents, servants, employees, and all other persons in privity or acting in concert with it who receive actual notice of the order by personal service or otherwise, from any further acts of infringement of the '356 patent;

C.     Award Klauke damages in an amount adequate to compensate Klauke for Huskie's infringement of the '356 patent, including, but not limited to, a reasonable royalty and/or lost profits;

D.     Enter an order trebling any and all damages awarded to Klauke by reason of Huskie's willful infringement of the '356 patent pursuant to 35 U.S.C. § 284;

E.      Enter an order awarding Klauke interest on damages awarded and their costs pursuant to 35 U.S.C. § 284;

F.      Enter an order declaring that this case is exceptional and awarding Klauke reasonable attorneys' fees and costs under 35 U.S.C. § 285; and

G.      Any other equitable and/or legal relief that this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff Klauke respectfully requests a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
_____

OF COUNSEL:

Richard L. Brophy
Marc Vander Tuig
Kyle Gottuso
ARMSTRONG TEASDALE, LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO  63105
(314) 621-5070

Carla J. Baumel
ARMSTRONG TEASDALE, LLP
4643 S. Ulster Street, Suite 800
Denver, CO  80237
(720) 200-0675

October 14, 2020

Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Plaintiff Gustav Klauke GmbH*