IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Brayden B. and Sylvia H., | : | |
| | : | Civil Action |
| Plaintiffs | : | |
| | : | |
| v. | : | No. |
| | : | |
| Laurel School District, | : | |
| 1160 S. Central Avenue | : | |
| Laurel, Delaware 19956 | : | |
| | : | |
| Defendant | : | |
| | : | |

# COMPLAINT

I. **Preliminary Statement**

1. This action is brought by Brayden B. ("Brayden")[1], a 19-year-old young man, and his mother, Sylvia H. (collectively referred to as "Plaintiffs" or the "Family"). Brayden has a disability and received services in school under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"). During his time in school, he was also a qualified student with a disability under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").

2. This matter is an action to enforce a Settlement Agreement and to prevent further retaliation by a Delaware School District. The former relief was requested of a Delaware

---

[1] Although Brayden is not currently a minor, he is a young man with disabilities and this complaint is brought under the Individuals with Disabilities Education Act (IDEA), under which he remains eligible until age 21. See, e.g., 20 U.S.C. § 1412(a)(1)(A) (A free, appropriate public education must be provided to "all children with disabilities residing in the State between the ages of 3 and 21, inclusive"); 34 C.F.R. § 300.101(a) (same). Brayden's right to compensatory education services under the Settlement Agreement similarly extends until he reaches age 21. See Settlement Agreement attached as Exhibit A to the Due Process Complaint which is attached hereto as Exhibit 1. He was also a minor for the time period that formed the basis of the Settlement Agreement, and this matter further deals with Brayden's private educational records.

Department of Education Due Process Hearing Panel, which Dismissed the Petitioner's Due Process Complaint for jurisdictional reasons.

## II. Parties

3. Brayden was born in 2000 and attended most of high school in Laurel School District in Delaware. During the time period covered by the Settlement Agreement at issue, he resided within the boundaries of Laurel School District in Sussex County, Delaware.

4. Sylvia H. is Brayden's mother. At all relevant times, she resided and continues to reside in Sussex County, Delaware.

5. Defendant Laurel School District (the "Defendant" or the "District") is located at 1160 S. Central Avenue, Laurel, Delaware 19956. The District is the recipient of several sources of federal funds and is a Local Educational Agency ("LEA") designated by Delaware law and the Delaware Department of Education for the provision of educational services to individuals residing within its boundaries.

## III. Jurisdiction and Venue

6. This Court has original jurisdiction over this appeal pursuant to 28 U.S.C. § 1331 because this case raises federal questions under the IDEA and Section 504.

7. Plaintiffs have exhausted their administrative remedies where required under 20 U.S.C. § 1415(i), having timely pursued a Special Education Due Process hearing.

8. Plaintiffs' claims and remedies are authorized by 20 U.S.C. § 1415, and 28 U.S.C. §§ 2201 and 2202, providing for declaratory and any further relief deemed necessary and proper.

9. All of the Defendant's actions complained of have taken place within the jurisdiction of the United States District Court for the District of Delaware.[2] Venue is appropriate in this District pursuant to 28 U.S.C. § 1391.

## IV. Additional Facts Supporting Liability

10. In October 2018, Sylvia H., on Brayden's behalf, entered into a Settlement Agreement (the "Agreement") with the District, waiving past claims related to, among other things, any past denials of his right to a free, appropriate public education ("FAPE"); and providing for $35,000 in compensatory education funds, to be used for legitimate educational expenses, as defined in the Agreement. A copy of the Agreement is enclosed as Exhibit A to the Due Process Complaint attached hereto as Exhibit 1.

11. In February 2020, Brayden B. received educational services from an educator, Mr. Shawn Gray, pursuant to the terms of the Agreement. These services included mentoring and transition skills training.

12. Laurel School District refused to pay the invoices for these services, in direct breach of the settlement agreement, and took further retaliatory action against Mr. Gray by reporting him without basis to a Maryland Department of Health licensure board.

13. Brayden B. and Sylvia H. brought a complaint for enforcement of the Settlement Agreement through the Delaware Department of Education's due process system. A copy of the Complaint is attached hereto as Exhibit 1.

---

[2] Though some of the services delivered under the Settlement Agreement occurred across state lines in Maryland, the denials of payment for those services all occurred within the District of Delaware.

14. The Hearing Panel assigned to hear the case decided it did not have jurisdiction over the Settlement Agreement and dismissed it. A copy of the Dismissal is attached hereto as Exhibit 2.

V. **Statutory Authority**

15. The Individuals with Disabilities Education Act (IDEA) guarantees students with qualifying disabilities a right to a free, appropriate public education ("FAPE"). 20 U.S.C. §§ 1401(9); 1412(a)(1).

16. When an LEA fails to provide FAPE through an appropriate IEP, the child is entitled to compensatory education. *See, e.g. G.L. v. Ligonier Valley Sch. Dist. Auth.*, 802 F.3d 601, 620 (3d Cir. 2015); *M.C. v. Central Regional Sch. Dist.*, 81 F.3d 389 (3d Cir. 1996).

17. The IDEA further gives courts broad discretion to "grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C)(iii). *See also Ferren C. v. School Dist. of Philadelphia*, 595 F. Supp.2d 566, 575 (E.D. Pa. 2009). "[W]hat relief is 'appropriate' must be determined in light of the Act's broad purpose of providing children with disabilities a FAPE…." *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 238, (2009).

18. It is well within courts' discretion to place compensatory education funds within a third-party trust for the student's educational use and to prevent any problems with access to those funds. *See D.F. v. Collingswood Borough Bd. of Educ.*, 694 F.3d 488, 498 (3d Cir. 2012).

19. Section 504 protects students with disabilities from retaliation. 34 C.F.R. § 104.61, incorporating by reference 34 C.F.R. § 100.7(e).

VI. **Claims**

20. Paragraphs 1-19 are hereby incorporated by reference.

21. In denying payment for compensatory education services for Brayden, the District has breached its Agreement with Brayden and denied him a FAPE, in violation of Delaware contract law, the IDEA, Section 504, and state and federal implementing regulations.

22. In attacking people who have supported Brayden, and specifically Mr. Gray, the District has retaliated against Brayden and attempted to chill the exercise of his rights under Section 504.

**WHEREFORE**, the Plaintiffs respectfully request that this Court:

1. Assume jurisdiction over this action, and receive such evidence in support of relief requested as necessary to determine the matter;
2. Declare the failure of the District to pay for the services of Mr. Gray, and the retaliation by the District against Mr. Gray and the family through the false reporting of Mr. Gray to Maryland authorities, to be violations of IDEA and Section 504;
3. Award Plaintiffs payment of outstanding invoices owed for educational services;
4. Order placement of any remaining compensatory education funds into an independent fund managed by a neutral, nonprofit third party;
5. Award Plaintiffs reasonable attorneys' fees and costs for the Due Process proceeding and the present action; and
6. Grant such other relief as this Court deems proper.

Respectfully submitted,

*/s/ Caitlin E. McAndrews*
Caitlin E. McAndrews, Esq. #6179
MCANDREWS, MEHALICK, CONNOLLY,
HULSE & RYAN, P.C.
Foulk & Wilson Professional Centre
910 Foulk Road, Suite 200
Wilmington, DE 19803
(302) 380-4975
(302) 348-3779 (fax)

Counsel for Plaintiffs