IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED MEDICAL, LLC, <br> d/b/a UMACO, <br> <br> Plaintiff, <br> <br> v. <br> <br> AETNA LIFE INSURANCE COMPANY, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. _____ <br> ) <br> ) <br> ) <br> ) |

**NOTICE OF REMOVAL**

Defendant Aetna Life Insurance Company ("Aetna") hereby removes this case from the Superior Court for the State of Delaware, where it was commenced, to the United States District Court for the District of Delaware.

Removal is authorized under 28 U.S.C. §1441(a) premised on federal diversity jurisdiction under 28 U.S.C. §1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Notice of Removal has been timely filed under 28 U.S.C. §1446(b).

In further support of removal, Aetna states the following:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

1.    Plaintiff, United Medical, LLC ("UMACO"), initiated a claim for a civil action in the Superior Court for the State of Delaware on or about September 17, 2020 by filing a Complaint. A true and correct copy of the Complaint is attached hereto as Exhibit "1."

2.    A Summons was issued on October 1, 2020. A true and correct copy of the Summons is attached hereto as Exhibit "2."

3. The Complaint and Summons were served on Aetna by U.S. first-class mail and received by Aetna on October 6, 2020. A true and correct copy of the Affidavit of Service is attached hereto as Exhibit "3."

4. The Complaint alleges that UMACO is a group of healthcare providers that provide healthcare services to patients in Delaware, including patients who are insured by Aetna.

5. Although Plaintiff admits that Aetna pays UMACO for the healthcare services provided to patients who are insured by Aetna, Plaintiff alleges that it should be paid additional amounts by Aetna for "care coordination and management" that Plaintiff alleges avoids "unnecessary or duplicative health care services."

6. Plaintiff alleges that the parties have negotiated for such an arrangement for the past four years in good faith, but have been unable to reach an agreement.

7. The Complaint asserts a single count of a state law claim for unjust enrichment, demanding retroactive payment for what Plaintiff claims Aetna should have agreed to in a contract.

8. This Notice of Removal is being filed within thirty (30) days (as calculated under applicable law and court rules) of Aetna having been served with the Complaint and Summons. This removal is, therefore, timely pursuant to 28 U.S.C. §1446(b).

II. **BASIS FOR FEDERAL JURISDICTION – DIVERSITY OF CITIZENSHIP**

9. The Complaint identifies Plaintiff as a citizen of, and limited liability company of, Delaware with its principal office address located at 161 Becks Woods Drive, Bear, Delawre. *See* Exh. "1," at ¶1.

10. The Complaint identifies Aetna as a citizen of, and corporation of, Connecticut with a principal office address at 151 Farmington Avenue, Hartford, Connecticut. *See* Exh. "1," at ¶2

11. Removal is therefore proper under 28 U.S.C. §1441(a) and 28 U.S.C. §1332(a) because this is an action between citizens of different States.

12. Removal is proper under 28 U.S.C. §1441(a) and 28 U.S.C. §1332(a) because the amount in controversy could, and likely does, exceed $75,000, exclusive of interest and costs.

13. Plaintiff's demand for damages is open-ended in that the Complaint requests compensation for "damages" without specifying the amount of damages Plaintiff is demanding. *See* Exh. "1," at p.5.

14. The jurisdictional amount is satisfied unless it appears to a "legal certainty" that the plaintiff <u>cannot</u> recover the jurisdictional amount. *Frederico v. Home Depot*, 507 F.3d 188, 196-197 (3d Cir. 2007).

15. The amount in controversy is not measured by the low end of an open-ended claim, but by the reasonable value of the issues being litigated. For example, in *Angus v. Shiley Inc.*, 989 F.2d 142 (3d Cir. 1993), the Third Circuit affirmed denial of a motion to remand where the complaint sought at least $40,000 in compensatory and punitive damages. The Court of Appeals stressed that the plaintiff did "not limit its request for damages to a precise monetary amount," and therefore the complaint was "open-ended" and most reasonably read to demand more than the then-applicable minimum of $50,000. *Id*. at 146.

16. Here, the Complaint alleges that UMACO is entitled to "shared savings" and a "Care Coordination Fee" based on a "per-member, per-month basis" "for the past four years." *See* Exh. "1" at ¶¶10, 13.

17. The Complaint further alleges that it provides healthcare services to over 9,000 patients who are insured by Aetna. *See* Exh. "1" at ¶3. Therefore, based on Plaintiff's demanded "per-member, per-month" fee for the past four years, Plaintiff only needs to demand $0.18 per member, per month in damages to exceed the $75,000 jurisdictional threshold (i.e.- ($75,000 ÷ 9,000 members) ÷ 48 months).

18. Copies of all process, pleadings and orders served upon Defendant Aetna in the state-court action are attached hereto.

19. Concurrent with the filing of this Notice, Aetna will file a copy of this Notice of Removal with the Superior Court of the State of Delaware and serve Plaintiff appropriately.

20. Aetna does not waive, and to the contrary, expressly preserves, any and all rights and defenses it may assert by motion or otherwise with respect to the action and the Complaint.

WHEREFORE, further proceedings in the action should be discontinued in the Superior Court of the State of Delaware and the action should be removed to the United States District Court for the District of Delaware.

Dated:  October 26, 2020        /s/ Jonathan M. Stemerman
                                                  Jonathan M. Stemerman (No. 4510)
                                                  **ELLIOTT GREENLEAF, P.C.**
                                                  1105 Market Street, Suite 1700
                                                  Wilmington, DE 19801
                                                  Telephone:  (302) 384-9400
                                                  Email:  jms@elliottgreenleaf.com

                                                  *Counsel for Defendant Aetna Life Insurance Company*