IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY G. PHILPOT, § § **Plaintiff** § § V. § § RFD-TV, LLC, § § **Defendant.** § | Civil Action No. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff Larry G. Philpot ("Philpot" or "Plaintiff") files this Original Complaint and Jury Demand against Defendant RFD-TV, LLC ("RFD-TV" or "Defendant") on personal knowledge as to all facts regarding himself and on information and belief as to all other matters, as follows:

**I.**

**PRELIMINARY STATEMENT**

Plaintiff Larry Philpot has worked as a photographer for decades. His passion is concert photography. Philpot has spent tens of thousands of dollars on equipment, travel, and lodging to pursue his passion and hone his natural talent. For concert photographers, the odds are almost always against them—the musicians are constantly moving, the lighting is usually dark and typically changing, and it is practically impossible to secure a good vantage point. But every now and then, an expertly skilled photographer captures a perfect shot, the kind of iconic shot that makes the viewer forever a part of that very moment in time.

RFD-TV used Philpot's extraordinary photograph of Willie Nelson for its own commercial benefit without obtaining Philpot's permission, providing Philpot credit for his work, paying a license fee, or obtaining a license of any kind. Simply put, RFD-TV used Philpot's copyrighted

work and Philpot should have been paid for it.  Larry Philpot brings this lawsuit to enjoin RFD-TV's infringement of his work and to recover his damages.

## II.

## PARTIES

### A. Plaintiff

1. Plaintiff Larry G. Philpot is a citizen and resident of the State of Indiana.  Philpot is a renowned freelance professional photographer who specializes in photographing concerts and musical performances across the United States.

### B. Defendant

2. Defendant RFD-TV, LLC is a Delaware limited liability company with its principal place of business in Nebraska and resides in New Castle County, Delaware.  RFD-TV may be served via its registered agent, The Corporation Trust Company, at 1209 Orange Street, Wilmington, Delaware 19801.

## III.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this civil action presents a federal question as Plaintiff presents a civil claim arising under the Constitution, laws, or treaties of the United States.

4. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because this civil action arises under an Act of Congress relating to copyrights, namely the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

5. This Court has personal jurisdiction over Defendant RFD-TV, LLC because it is a Delaware limited liability company and is therefore "at home" in the State of Delaware.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant RFD-TV, LLC or its agent resides, or may be found, in this District.

## IV.

## FACTUAL BACKGROUND

### A. The Highly Competitive World of Freelance Concert Photography

7. To say that concert photography is a tough business is a severe understatement. It requires artistic skills, business skills, and interpersonal skills. Before having the opportunity to even take a photo, concert photographers must invest in expensive equipment and negotiate to obtain access to the concert stage. At the concert, they must battle all the variables that arise from an uncontrolled setting—a rowdy crowd, horrible lighting that is always changing, and musicians constantly moving. Not to mention, it is really loud. As a result, despite all of their efforts and hard work, concert photographers often take photographs that are entirely unusable, where the rock stars appear as blurs and washy blobs.

8. And, in today's technological age where anyone with a smart phone can take pictures at concerts, concert photography is becoming significantly more competitive, making it even more imperative to capture the perfect shot. Because that is all that there is demand for—a few once-in-a-lifetime shots for each star. It doesn't matter if a concert photographer takes 100 good shots of a star at a concert—an article about Willie Nelson, for example, only needs one picture of Willie Nelson—the best one.

9. In such a cutthroat environment, it is essential that concert photographers receive the compensation and credit to which they are entitled, but also need to advance their business.

10. Each and every instance where a photographer does not receive proper attribution, or his work is misattributed, decreases the value of that photograph and the overall value of the photographer's portfolio.

### B. Larry Philpot: A Professional Concert Photographer

11. Larry Philpot is a renowned freelance photographer who specializes in taking photographs of musicians at concerts, events, and with fans. Philpot has distinguished himself from amateur photographers by creating a highly coveted portfolio that demands legal protection to preserve its standard.

12. He has spent years perfecting his craft, and his photography business includes licensing his works and photography engagements.

13. Philpot is known for the unparalleled quality of his work. He employs photography techniques that involve precise angles, timing, assessment of light, and other creative approaches that he has worked tirelessly to develop. At a concert, Philpot has the uncanny ability of connecting with the artist from the crowd. In addition, to ensure the highest quality photographs, Philpot uses state of the art equipment. He has invested tens of thousands of dollars in equipment.

14. He has established a strong reputation for himself and his work, and due to his professional reputation, he often obtains privileged access to take photographs of musical performers at concerts. Indeed, there are over one hundred instances where Philpot has received exclusive press credentials.

15. There is an extensive market and a demand for Philpot's photos that includes, but is not limited to, the musicians themselves, the musicians' fans, record labels, talent agencies, editorial organizations, media entities, radio stations, website operators, and concert and event planners. Philpot has been very successful in this market.

16. Philpot understands that part of being a professional photographer is to market your works to gain widespread exposure, and that the high use of his photographs has required licensing agreements and copyright protections.

17. Philpot has entered into license agreements with Tom Petty and the Heartbreakers for his photographs.

18. Philpot has also licensed his work to various musicians in exchange for attribution including, but not limited to, the musicians Kid Rock and Paul Stanley of KISS.

19. Further, Philpot has previously licensed several of his photographs through a stock photography agency called "Corbis" and its affiliate "Splash." Philpot received monetary compensation through Corbis and Splash for licenses for photographs he took of Prince, Madonna, Fleetwood Mac, and the 2015 Indianapolis 500 Race and Winner.

20. Philpot has also been engaged as a photographer by Hoosier Park LLC d/b/a Hoosier Park Racing & Casino to photograph "meet and greets" between celebrities and fans.

21. Philpot's portfolio and reputation as a premier photographer are critical to his business. The more his photographs are viewed with proper attribution, the more access he can obtain to take celebrity photographs, and the more he can command in licensing fees.

C. **Philpot Creates the Willie Nelson Photograph**

22. On October 4, 2009, Philpot utilized his creative skill and several photography techniques including precise angles, timing, assessment of light, and other creative approaches to create a photograph of Willie Nelson in St. Louis, Missouri (the "Willie Nelson Photo"). A true and correct copy of the Willie Nelson Photo is attached as Exhibit A.

23. The Willie Nelson Photo is an original work that Philpot registered with the United States Copyright Office as part of a collection of photographs titled "2009 Musician Photos" on September 5, 2012. The Willie Nelson Photo is registered with the United States Copyright Office under Certificate Number VAu 1-132-411. A copy of the copyright registration certificate for the "2009 Musician Photos" collection is attached as Exhibit B.

24. As the owner of the copyright in the Willie Nelson Photo, Philpot has the exclusive rights to (1) reproduce the Willie Nelson Photo in copies, (2) prepare derivative works based on the Willie Nelson Photo, (3) distribute copies of the Willie Nelson Photo to the public by sale or other transfer of ownership, or by rental, lease, or lending, and (4) display the Willie Nelson Photo publicly.

25. Philpot first displayed the Willie Nelson Photo on May 31, 2011 on the Wikimedia website. The original photo can be found at https://commons.wikimedia.org/wiki/File:Willie_Nelson_at_Farm_Aid_2009.jpg. A copy of this webpage as it existed on September 26, 2018 with the Willie Nelson Photo is attached as Exhibit C.

D. **Philpot Licenses His Copyrighted Photographs**

26. Philpot offers licenses for his copyrighted photographs, including the Willie Nelson Photo in two ways.

27. First, parties may obtain a license for one of these photographs by paying a monetary fee at Philpot's website, soundstagephotography.com.

28. Second, parties may satisfy the requirements of a Creative Commons license without paying a monetary fee.

29. A Creative Commons license is a simple, standardized copyright license that anyone can use to license their work. The copyright holder designates their work as governed by a Creative Commons license, and anyone may use the work provided they adhere to the terms of the license.

30. In an effort to market his freelance photography practice, Philpot offered the Willie Nelson Photo through Wikimedia for distribution, public display, and public digital performance

under a Creative Commons Attribution 2.0 Generic license (abbreviated as "CC BY 2.0"). A copy of the CC BY 2.0 license is attached as Exhibit D.

31. This license allows anyone to use the work, provided that they, among other requirements:

      a. Include a copy of the Uniform Resource Identifier for the CC BY 2.0;

      b. Provide attribution to the author of the work; and

      c. Provide the Uniform Resource Identifier that the licensor specifies to be included with the work.

32. The CC BY 2.0 license is expressly made subject to the above requirements. One does not obtain a license under the CC BY 2.0 license unless they adhere to all of its terms, including but not limited to the terms identified above.

33. The CC BY 2.0 license also provides that "the rights granted hereunder will terminate automatically upon any breach by You of the terms of this License."

34. Insofar as the Creative Commons license requires the licensee to provide attribution and the website of the author of the work, the Creative Commons license provides economic value to the licensor just like advertising.

35. Philpot would not have agreed to license the Willie Nelson Photo without payment of the proper monetary license fee or the satisfaction of the Creative Commons license requirements.

**E.  Specific Restrictions on the Creative Commons License**

36. Larry Philpot provided the following description on the Wikimedia website for the Willie Nelson Photo, "Willie Nelson getting ready to perform. Farm Aid 2009. Photo by Larry Philpot, www.soundstagephotography.com." Philpot also provided the following attribution requirement: "You must attribute the work in the manner specified by the author or licensor (but

not in any way that suggests that they endorse you or your use of the work)." Accordingly, in order to obtain a license under the CC BY 2.0 license for the Willie Nelson Photo, one must satisfy these attribution requirements.

### F. RFD-TV Infringes Philpot's Copyright in the Willie Nelson Photo.

37. Years after Philpot registered the copyright in the Willie Nelson Photo on September 5, 2012, RFD-TV infringed Philpot's copyright in the Willie Nelson Photo by publishing, copying, distributing, and publicly displaying the Willie Nelson Photo on the RFDTV.com websites at http://www.rfdtv.com/story/36616343/can-you-name-all-these-ffa-alumni, http://rfdtv.images.worldnow.com/images/15177781_G.jpg, facebook.com/pg/OfficialRFDTV/posts/?ref=page_internal, twitter.com/OfficialRFDTV/status/1054430014597423106, twitter.com/OfficialRFDTV/status/922872897173184514, and https://twitter.com/OfficialRFDTV/media，https://facebook.com/OfficialRFDTV/. A copy of these webpages as they appeared with the Willie Nelson Photo is attached as Exhibit E.

38. RFD-TV did not provide attribution to Philpot when it published the Willie Nelson Photo.

39. RFD-TV did not list or link to Philpot's website, soundstagephotography.com when it published the Willie Nelson Photo.

40. RFD-TV did not obtain a license under the CC BY 2.0 license or otherwise to publish, copy, reproduce, distribute, or publicly display the Willie Nelson Photo.

41. And while RFD-TV did not obtain a license under the CC BY 2.0 license because it did not comply with its terms in the first instance, should a court consider that RFD-TV did

obtain such a license, that license automatically terminated upon RFD-TV's publication, copying, reproduction, distribution, and/or public display of the Willie Nelson Photo.

42. RFD-TV's unlicensed use of Philpot's Willie Nelson Photo was for a commercial, non-educational use to generate business for RFD-TV. RFD-TV's purpose is clear—to profit from Philpot's Willie Nelson Photo without paying the customary price for a license.

43. RFD-TV's use of the Willie Nelson Photo was not transformative in that RFD-TV did not criticize or comment on the Willie Nelson Photo. Further, RFD-TV did not use the Willie Nelson Photo for a technological function. Indeed, RFD-TV used the Willie Nelson Photo simply for its content—to depict to Willie Nelson.

44. Not only does RFD-TV's unlicensed use of the Willie Nelson Photo harm the market and value of the Willie Nelson Photo, but widespread and unrestricted unlicensed use of the Willie Nelson Photo would result in a substantially adverse impact on the potential market for the Willie Nelson Photo.

45. Despite his diligent efforts, Philpot discovered these infringements of his Willie Nelson Photo beginning on November 1, 2017.

### G. The Damage Done

46. Defendant RFD-TV received direct financial benefit from its willful, unlicensed use of Philpot's Willie Nelson Photo.

47. Defendant RFD-TV's unlawful conduct caused Plaintiff damages in the form of lost license fees, sales, and profits.

V.

### CLAIMS

### A. Count One: Copyright Infringement

48. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as if set forth in full herein.

49. Defendant RFD-TV operated and operates the RFDTV.com websites.

50. Defendant RFD-TV published, copied, distributed, and publicly displayed the Willie Nelson Photo at http://www.rfdtv.com/story/36616343/can-you-name-all-these-ffa-alumni, http://rfdtv.images.worldnow.com/images/15177781_G.jpg, facebook.com/pg/OfficialRFDTV/posts/?ref=page_internal, twitter.com/OfficialRFDTV/status/1054430014597423106, twitter.com/OfficialRFDTV/status/922872897173184514, and https://twitter.com/OfficialRFDTV/media , https://facebook.com/OfficialRFDTV/.

51. Defendant's acts are and were performed without the permission, license, or consent of Plaintiff.

52. Defendant acted with willful disregard of the laws protecting Plaintiff's copyrights.

53. Defendant infringed Plaintiff's copyright in the Willie Nelson Photo in violation of 17 U.S.C. § 501.

54. Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable, including but not limited to damage to his business reputation and goodwill.

55. Plaintiff is informed and believes and thereon alleges that the Defendant has obtained profits recoverable under 17 U.S.C. § 504.  Plaintiff will require an accounting from the Defendant of all monies generated from the Willie Nelson Photo.

56. In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for each work willfully infringed by Defendant in an amount of $150,000 per work

infringed. In the event that the trier of fact does not find that Defendant willfully infringed Plaintiff's copyrights, Plaintiff is entitled to seek maximum statutory damages for each work infringed by Defendant in an amount of $30,000 per work infringed.

57. Plaintiff has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts. Accordingly, Plaintiff seeks permanent injunctive relief pursuant to 17 U.S.C. § 502 to prohibit further infringement of his copyrighted works.

58. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to seizure of the Willie Nelson Photo and any and all articles by means of which copies of the Willie Nelson Photo have been or may be reproduced, including but not limited to the websites and domain names on which these Photos appear.

59. Plaintiff is entitled to recover from the Defendant his attorney's fees and costs of suit, pursuant to 17 U.S.C. § 505.

## VI.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## VII.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands that judgment be entered against Defendant as follows:

1. Pursuant to 17 U.S.C. § 502, that Defendant, its agents, servants, employees, representatives, successors and assigns, and all persons, firms, corporations, or other entities in active concert or participation with Defendant, be permanently enjoined from directly or indirectly infringing the Plaintiff's copyrights in any manner, including generally, but not limited to reproducing, distributing, displaying, performing or making derivatives of any of the Willie Nelson Photo;

2. Pursuant to 17 U.S.C. §§ 502 and 503, that this Court order the transfer the domain names and websites for the following websites from Defendant to Plaintiff:

    a. The RFDTV.com website;

3. Pursuant to 17 U.S.C. § 504, that Defendant be required to pay actual damages and disgorgement of all profits derived by Defendant from its acts of copyright infringement;

4. That Defendant be required to perform a complete and full accounting of all profits generated by Defendant from the Willie Nelson Photo;

5. Pursuant to 17 U.S.C. § 504, that upon Plaintiff's election, Defendant be required to pay statutory damages up to $150,000 for each work infringed for its acts of copyright infringement, and in the event the factfinder determines that Defendant's infringement was not willful, that Defendant be required to pay statutory damages up to $30,000 for each work infringed for its acts of copyright infringement;

6. Pursuant to 17 U.S.C. § 505, Defendant be required to pay Plaintiff the costs of this action, prejudgment interest, and reasonable attorney's fees; and

7. Plaintiff be granted all other and further relief to which he is entitled.

Dated: October 28, 2020            Respectfully submitted,

**JACOBS & CRUMPLAR, P.A.**

/s/ Raeann Warner
Raeann Warner, Esq.
Delaware State Bar No. 4931
Jacobs & Crumplar, P.A.
750 Shipyard Drive, Suite 200
Wilmington, Delaware 19801
Tel: (302) 600-1935
Fax:
Email: Raeann@jcdelaw.com

**ATTORNEY FOR PLAINTIFF**