## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | |
|---|---|
| **TAMR, INC.**  *Plaintiff,*  v.  **NOR LABS, INC., D/B/A CLOUDTAMER.IO**  *Defendants.* | Civil Action No. _____  **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Tamr, Inc. ("Tamr") by and through its undersigned counsel, files this Complaint against Defendant Nor Labs, Inc., d/b/a cloudtamer.io ("Nor Labs"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action in law and equity for Trademark Infringement, False Designation of Origin and Unfair Competition, and violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d), as well as for Unfair Competition under Delaware law, 6 Del. C. § 2532, and Common Law Trademark Infringement and Unfair Competition.

## THE PARTIES

2. Plaintiff Tamr, Inc. is a Delaware corporation with an address at 66 Church Street, 2nd Floor, Cambridge, Massachusetts 02138. For at least six years, Tamr has owned and still owns federal trademark registrations for the word TAMR and the domain name registration <tamr.com>.

3. Defendant Nor Labs, Inc. is a Delaware corporation, and upon information and belief, maintains a principal place of business at 8115 Maple Lawn Boulevard, Suite 300, Fulton, Maryland 20759.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

5. This Court has personal jurisdiction over the Nor Labs because it is incorporated in Delaware.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Nor Labs is incorporated in this judicial district.

## FACTS

7. Tamr is a leading cloud computing and database management company founded by Dr. Michael Stonebraker and Andrew Palmer in 2012 based on Dr. Stonebraker's research at the Massachusetts Institute of Technology's Computer Science and Artificial Intelligence Lab. The company has operated under the name "Tamr" (pronounced "tamer") since its inception.

8. Tamr owns six living, issued trademarks registrations issued by the U.S. Patent & Trademark Office ("PTO") utilizing the inherently distinctive word TAMR (the "TAMR Marks"):

| Trademark | Reg. No. | Date Registered |
|---|---|---|
| tamr (logo) | 4881630 | Jan. 5, 2016 |
| TAMR CATALOG | 4979652 | June 14, 2016 |
| TAMR LEVERAGE ALL DATA | 4998745 | July 12, 2016 |
| TAMR | 5049177 | Sept. 27, 2016 |
| TAMR STEWARD | 6034897 | Apr. 14, 2020 |

| TAMR GOVERNMENT SOLUTIONS | 6145618 | Sept. 8, 2020 |

9. A true and correct copy of the PTO's status record and a true and correct copy of the registration certificate for each of the registrations listed above is attached hereto as Exhibit A.

10. Tamr has since at least March 2014 operated the website www.tamr.com to promote its products and services worldwide.

11. With respect to its trademark rights in the United States, Tamr's priority dates back to April 23, 2014. Tamr filed the first of its applications to register the TAMR Marks with the USPTO on April 23, 2014, based on an intent to use the trademark; an acceptable Statement of Use was submitted on April 27, 2016, stating that Tamr commenced use of the trademark in interstate commerce at least as early as May 19, 2014; and this trademark was issued Registration No. 4998745 on July 12, 2016.

12. Tamr has continuously, exclusively, and extensively used and promoted in interstate commerce the TAMR name and trademark since at least as early as May 19, 2014. Such use and promotion took places in the fields of database management and cloud computing featuring software for use in database management.[1]

13. By virtue of its continuous use and promotion of the TAMR name and mark on those products identified in the registrations identified above, Tamr has acquired a valuable reputation for and significant goodwill in the distinctive TAMR name and mark. The TAMR name and mark is easily recognized and appreciated by customers and industry members; the

---

[1] Excepting, from both fields, automotive maintenance and repair.

TAMR products are well and favorably known within the industry; and the TAMR name and mark is one of Tamr's most valuable assets.

14. Upon information and belief, Stratus Solutions, Inc. ("Stratus Solutions"), having a principal place of business at 8115 Maple Lawn Boulevard, Fulton, Maryland 20759 was the predecessor-in-interest to some or all of Defendant's business.

15. On March 10, 2017, Stratus Solutions filed trademark applications serial no. 87/366,248 for the mark CLOUDTAMER with the U.S. Patent and Trademark Office. This application was filed in international classes 9 and 42 listing the following goods and services: Cloud computing and information technology management software (class 9) and Software as a service for cloud computing and managing information technology (class 42).

16. In an Office Action dated June 12, 2017, the PTO rejected the CLOUDTAMER application "because of a likelihood of confusion with the marks in U.S. Registration Nos. 4881630 and 5049177." Reg. No. 4881630 is Tamr's registration for its ⋰tamr logo. Reg. No. 5049177 is Tamr's registration for the TAMR word mark.

17. In its response to the Office Action filed on August 2, 2017, Stratus Solutions attempted to overcome the rejection, arguing that there was no likelihood of confusion between CLOUDTAMER and the cited TAMR marks.

18. In a second and final Office Action dated August 28, 2017, the PTO maintained its rejection of the CLOUDTAMER application, rejecting Stratus Solutions's arguments that there was no likelihood of confusion between the CLOUDTAMER application and the cited TAMR marks.

19. On September 28, 2017, Stratus Solutions's counsel emailed Tamr's previous counsel to propose a consent agreement to allow Status Solutions to register the CLOUDTAMER mark.

20. On December 8, 2017, Tamr's previous counsel indicated to Stratus Solutions's counsel that Tamr was not willing to enter into a consent agreement to allow Stratus Solutions to register the CLOUDTAMER mark.

21. Stratus Solutions failed to respond to the second and final Office Action dated August 28, 2017. Accordingly, on April 2, 2018, the CLOUDTAMER application was abandoned. As of today, neither Stratus Solutions nor the Defendant have re-filed an application to register the CLOUDTAMER as a trademark with the PTO.

22. On information and belief, Stratus Solution registered the domain www.cloudtamer.io (the "Offending Domain Name") on January 12, 2018. Upon information and belief, the ".io" suffix merely denotes a top-level domain for the British Indian Ocean Territory.

23. On August 31, 2018, Stratus Solutions assigned to Defendant Nor Labs the www.cloudtamer.io domain and U.S. Trademark Registration No. 5465835. Reg. No. 5465835 features a cloud in its design and covering the goods and services of "Information technology management software in the field of cloud computing" in international class 9 and "Software as a service featuring cloud computing software for managing information technology" in international class 42.

24. In or around July 2020, Tamr became aware of Defendant's promotion of cloud computing technology services on the domain www.cloudtamer.io.

25. On July 20, 2020, Tamr wrote to Nor Lab regarding its promotion of services on the www.cloudtamr.io website, its infringement of Tamr's marks, and its knowledge of the prior refusal by the PTO to register the CLOUDTAMER mark. Tamr demanded, among other things, that Nor Labs cease all use of the "cloudtamer" name.

26. After a short call between Tamr's and Nor Labs's counsel on August 14, 2020, Tamr again wrote to Nor Labs on August 31, 2020. This letter summarized many of the above facts and reconfirmed Nor Labs's infringement of the TAMR marks. Tamr reiterated its demand for Nor Labs to cease use of the "cloudtamer" name.

27. On September 18, 2020, Defendant's counsel responded, denying any charges of infringement or likelihood of confusion for many of the same reasons previously argued to and rejected by the PTO.

28. Tamr has never authorized Nor Labs to use the TAMR mark or any mark similar to the TAMR mark.

29. Upon information and belief, Defendant intentionally and willfully registered the domain name <www.cloudtamer.io> that is confusingly similar to Tamr's registered trademark TAMR, with a bad faith intent to profit from its commercialization of the corresponding website www.tamr.com.

30. Upon information and belief, Defendant committed the activities complained of herein with full, actual knowledge of Tamr and its trademark rights in the TAMR name and mark. Defendant had actual knowledge of Registration Nos. 4881630 and 5049177 at least as of June 12, 2017. Under 15 U.S.C. § 1072, Defendant had constructive knowledge of all of Tamr's registered marks listed above as of their issuance dates.

**COUNT I**

## Federal Trademark Infringement
## 15 U.S.C. § 1114

31.     Tamr hereby repeats and incorporates the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

32.     This claim is brought under 15 U.S.C. § 1114.

33.     Tamr has continuously and extensively used the distinctive Tamr name and Marks since at least as early as May 19, 2014 and it has not abandoned its rights in these marks.

34.     Tamr owns U.S. Trademark Registration Nos. 4881630, 4979652, 4998745, 5049177, 6034897, and 6145618 directed to the distinctive TAMR Marks, which registrations are valid, subsisting, and in full force and effect.

35.     Tamr's use and registration of the TAMR name and Marks in the United States is prior to any date upon which Nor Labs could rely as the first date on which it used the name "Cloud Tamer" to promote and sell its services.

36.     Defendant began using the "Cloud Tamer" name no earlier than 2018; it created the website www.cloudtamer.io on which it competes directly with Tamr. Defendant's use of the "Tamer" name in this manner was and is likely to confuse, mislead, and deceive members of the public into believing that Tamr allowed, sponsored, approved, or licensed Defendant to use the TAMR name and Marks on its website and in connection with its cloud computing services, when that is not the case.

37.     Any such confusion would result in injury or have a direct impact on Tamr's reputation and its ability to market its own products under the TAMR name and Marks. Furthermore, any defect, objection, or fault found with the Cloud Tamer services sold through Defendant would negatively impact and seriously injure the reputation Tamr has established for the products and services it sells under the TAMR name and Marks.

38. Upon information and belief, Defendant carried out the above activities willfully and with the intent and purpose of appropriating and trading upon the goodwill and reputation of Tamr and its TAMR name and Marks, and to pass off the products and services available through Defendant as genuine and authorized Tamr products or services, or as having been sponsored or approved by Tamr.

39. Defendant is liable for infringement of the federally registered TAMR Marks in violation of 15 U.S.C. § 1114.

40. Tamr is entitled to recover damages in an amount to be determined at trial, including profits made by Defendant from sales of the Cloud Tamer products and services, and the costs of this action. Also, because Defendant's activities were undertaken willfully and with the intention of causing confusion, mistake, or deception, this is an exceptional case entitling Tamr to recover treble damages and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

41. Tamr has been and will continue to be irreparably injured by Defendant's conduct. Tamr cannot be adequately compensated for these injuries by monetary remedies alone, and Tamr has no adequate remedy at law for Defendant's infringement of its rights. Tamr is therefore entitled to injunctive relief against Defendant pursuant to 15 U.S.C. § 1116(a).

## COUNT II
### False Designation of Origin and Unfair Competition
### 15 U.S.C. § 1125(a)

42. Tamr hereby repeats and incorporates the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

43. This claim is brought under 15 U.S.C. § 1125(a).

44. Tamr has continuously and extensively used the TAMR Marks and has not abandoned any of the TAMR Marks.

45. Each of the TAMR Marks is distinctive, commercially strong, and federally registered.

46. Tamr's use and registration of the TAMR Marks in the United States in the fields of database management and cloud computing featuring software for use in database management is prior to any date upon which Nor Labs could rely as the first date on which Nor Labs used the phrase Cloud Tamer on its own products and services.

47. Nor Labs is using a confusingly similar mark for the same or similar products or services without Tamr's authorization.  Nor Labs's use of the phrase "Cloud Tamer" misrepresents the nature, characteristics, qualities, and origin of Nor Labs's products or services, and it so resembles Tamr's prior used and registered TAMR Marks in appearance, pronunciation, connotation, and commercial impression that it is likely to confuse, mislead, and deceive members of the public into believing that Tamr has allowed, sponsored, approved, or licensed Nor Labs to provide competing products or services, or in some way Nor Labs is connected to or affiliated with Tamr, when that is not the case.

48. Any such confusion would result in injury or have a direct impact on TAMR's reputation and its ability to market its own products and services under the TAMR Marks. Furthermore, any defect, objection, or fault found with Nor Labs's products would negatively impact and seriously injure the reputation Tamr has established for the products and services it sells under the TAMR Marks.

49. Upon information and belief, Nor Labs's activities were carried out willfully and with the intent and purpose of appropriating and trading upon the goodwill and reputation of Tamr and the TAMR Marks and to pass off Nor Labs's products as Tamr's products, or as having been sponsored or approved by Tamr.

50. Nor Labs is liable for false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

51. Tamr is entitled to recover damages in an amount to be determined at trial, profits made by Nor Labs on its sales of the infringing products, and the costs of this action; also, because Nor Labs's activities were undertaken willfully and with the intention of causing confusion, mistake, or deception, this is an exceptional case entitling Tamr to recover treble damages and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

52. Tamr has been and will continue to be irreparably injured by Nor Labs's conduct. Tamr cannot be adequately compensated for these injuries by monetary remedies alone, and Tamr has no adequate remedy at law for Nor Labs's infringement of its rights. Tamr is therefore entitled to injunctive relief against Defendants pursuant to 15 U.S.C. § 1116(a).

## COUNT III
### Violation of the Anticybersquatting Consumer Protection Act
### 15 U.S.C. § 1125(d)

53. Tamr hereby repeats and incorporates the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

54. This claim is brought under 15 U.S.C. § 1125(d).

55. Tamr owns U.S. Trademark Registration Nos. 4881630, 4979652, 4998745, 5049177, 6034897, and 6145618 directed to the distinctive TAMR name and Marks, which registrations are valid, subsisting, and in full force and effect.

56. Tamr also owns the domain name registration <tamr.com> and operates the corresponding website www.tamr.com.

57. Tamr's rights in the TAMR name and Marks date back to 2014.

58. Nor Labs or its predecessor registered the domain name <cloudtamer.io> in 2018, which domain name is confusingly similar to Tamr's TAMR name and Marks. A portion of the Offending Domain Name is merely one letter different from Tamr's domain name <tamr.com>.

59. Nor Labs has registered, trafficked in, and/or used, and may continue to use, the Offending Domain Name with a bad faith intent to profit off same. Nor Labs commercialized the corresponding website by infringing the TAMR Marks, diverting customers away from Tamr's legitimate website, and reaping economic benefits from such activity.

60. Upon information and belief, Nor Labs carried out the above activities willfully and with the intent and purpose of appropriating and trading upon the goodwill and reputation of TAMR and its TAMR name and Marks, and to pass off the products and services available through Nor Labs's website as genuine and authorized Tamr products or services, or as having been sponsored or approved by Tamr.

61. Nor Labs is liable for violation of the Anticybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d).

62. Tamr is entitled to surrender and transfer of the Offending Domain Name from Nor Labs to Tamr.

63. Tamr is entitled to recover damages in an amount to be determined at trial and the costs of this action. Also, because Nor Labs's activities were undertaken willfully and with the intention of causing confusion, mistake, or deception, this is an exceptional case entitling Tamr to recover treble damages and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

64. Tamr also reserves its right to elect statutory damages, pursuant to 15 U.S.C. § 1117(d).

65. Tamr has been and will continue to be irreparably injured by Nor Labs's conduct. Tamr cannot be adequately compensated for these injuries by monetary remedies alone, and Tamr has no adequate remedy at law for Nor Labs's infringement of its rights. Tamr is therefore entitled to injunctive relief against Nor Labs pursuant to 15 U.S.C. § 1116(a).

## COUNT IV
## Unfair Competition
## 6 Del. C. § 2532

66. Tamr hereby repeats and incorporates the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

67. Nor Labs's use of the TAMR Marks is likely to cause confusion, mistake or deception as to the source, origin, sponsorship or approval of the products or services Nor Labs sells in that consumers and others are likely to incorrectly believe Tamr authorizes or controls the sale of those products or that Nor Labs is associated with or related to Tamr.

68. Nor Labs's use of Cloud Tamr infringes or is confusingly similar to the TAMR Marks.

69. Nor Labs's use of Cloud Tamer is a deliberate, intentional and willful attempt to injure Tamr's business, to trade on Tamr's good will and to confuse and deceive consumers.

70. Nor Labs's acts constitute unfair competition under the Delaware Trade Practices Act, 6 Del. C. § 2531, *et seq.*, specifically 6 Del. C. § 2532.

71. Tamr has been and will continue to be irreparably harmed and damaged as a direct and proximate result of Nor Labs's actions. Tamr's remedies at law are inadequate to compensate for this harm and damage.

## COUNT V
## Common Law Trademark Infringement and Unfair Competition

72. Tamr hereby repeats and incorporates the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

73. Nor Labs has infringed the TAMR Marks in violation of Tamr's proprietary rights and have engaged in false and misleading advertising. Such acts constitute unfair trade practices and unfair competition under the common law.

74. Nor Labs's activities described above have at all times been willful and/or knowing.

75. As a direct and proximate result of the actions of Nor Labs described above, Tamr has been damaged and will continue to be damaged.

## **DEMAND FOR JURY TRIAL**

Tamr respectfully demands a trial by jury in this action of all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TAMR, INC. respectfully prays for the following relief against Defendant NOR LABS, Inc., as follows:

(a) An order declaring that Defendant's unauthorized conduct violates the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d); 6 Del. C. § 2532; and Delaware common law;

(b) An order permanently enjoining and restraining Defendant and those in active concert and participation with Defendant from:

1. Further infringing and/or making any use of the TAMR name and Marks and any colorable imitations to advertise, promote, display, or sell cloud computing services or any related products or services; and

      2. Representing or suggesting to any third party that Defendant or any of Defendant's activities are affiliated with, sponsored by, licensed by, or otherwise associated with Tamr; and

      3. Otherwise unfairly competing with Tamr;

(c) An order directing any other relief that the Court may deem appropriate to prevent the public from deriving any erroneous impression that Defendant and its activities are authorized by Tamr;

(d) An order directing an accounting and judgment be rendered against Defendant for:

      1. All profits received by Defendant and all damages sustained by Tamr as a result of Defendant's infringement and cybersquatting relating to the use of the Offending Domain Name, as provided for in 15 U.S.C. § 1117;

      2. An award of treble damages to Tamr for Defendant's willful and deliberate conduct, pursuant to 15 U.S.C. § 1117;

      3. If Tamr so elects, statutory damages for Defendant's willful and deliberate registration, trafficking, or use of the Offending Domain Name, pursuant to 15 U.S.C. § 1117(d);

      4. An award to Tamr for costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. §§ 1114 and 1117; and

(e) Any other relief that the Court finds warranted and just.

|  |  |
|---|---|
| Dated: <u>October 28, 2020</u> | **PANITCH SCHWARZE BELISARIO & NADEL, LLP** |
|  | By:  <u>/s/ John D. Simmons</u><br>John D. Simmons (Bar. No. 5996)<br>Dennis J. Butler (Bar No. 5981)<br>Wells Fargo Tower<br>2200 Concord Pike, Suite 201<br>Wilmington, DE 19803<br>Telephone:  (302) 394-6030<br>Facsimile:  (302) 394-6031<br>jsimmons@panitchlaw.com<br>dbutler@panitchlaw.com |