**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| PerdiemCo LLC,<br><br>Plaintiff,<br><br>v.<br><br>Agilis Systems, LLC,<br><br>Defendant. | Civil Action No.: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff PerdiemCo LLC ("Plaintiff" or "PerDiem"), by its attorneys, hereby files this complaint against Agilis Systems, LLC ("Defendant" or "Agilis") for patent infringement, alleging as follows:

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, involving infringement of patents-in-suit identified by U.S. Patent Nos. 10,382,966 ("the '966 patent"); 10,021,198 ("the '198 patent"); 9,954,961 ("the '961 patent"); 9,871,874 ("the '874 patent"); 9,680,941 ("the '941 patent"); 10,277,689 ("the '689 patent"); 10,602,364 ("the '364 patent"); 10,284,662 ("the '662 patent"), and 10,397,789 ("the '789 patent").

## THE PARTIES

2. Plaintiff PerDiem, LLC is a Texas limited liability company with its principal

place of business at 505 East Travis Street, Suite 205, Marshall, TX 75670.

3.      On information and belief, Defendant Agilis Systems, LLC is a Delaware limited liability company having a place of business at 16305 Swingley Ridge Road, Suite 100, Saint Louis, Missouri 63017.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this District under 28 U.S.C. §1400(b) as Defendant Agilis Systems LLC is incorporated in this District, and also has a regular and established place of business and has committed acts of infringement in this District.

5.      Defendant maintains continuous and systematic contacts within this District by selling and offering for sale products and services to customers within this District, and by offering for sale products and services that are used within this District.

6.      This Court has specific personal jurisdiction over Defendant pursuant to due process and the Delaware Long Arm Statute because Defendant, directly or through intermediaries, have conducted and conduct substantial business in this forum, including but not limited to: (i) engaging in at least part of the infringing acts alleged herein; (ii) purposefully and voluntarily placing one or more infringing products or services into the stream of commerce with the expectation that they will be purchased and/or used by consumers in this forum; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in this District. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) for the reasons set forth above.

## THE TECHNOLOGY AND THE PATENTS IN SUIT

7.      Darrell Diem, the inventor of the patents-in-suit, served in the Air Force for four

2

years as an electronics technician. After being honorably discharged, Mr. Diem worked his way through college to earn degrees in physics and mathematics from Marquette University. Mr. Diem also obtained a Masters of Business Administration from Michigan State University, and a Masters of Arts in Pastoral Ministries from St. Thomas University, Miami, Florida. Mr. Diem has worked for Motorola, Harris Corporation, Time Domain, and other leading technology companies. Mr. Diem currently teaches computers to students at St. John the Baptist Catholic School.

8.      Mr. Diem conceived the inventions in the patents-in-suit when his daughter's car broke down on a long road trip. Mr. Diem wanted to convey location information for his daughter in an efficient way that would still protect her privacy. Mr. Diem's inventions, which have a broad range of significant applications, are widely used today.

9.      The '874 patent, entitled "A Multi-Level Database Management System and Method for an Object Tracking Service That Protects User Privacy," was duly and legally issued by the United States Patent and Trademark Office on January 16, 2018.  A copy of the '874 patent is attached hereto as Exhibit A.

10.      The '689 patent, entitled "Method for controlling conveyance of events by driver administrator of vehicles equipped with ELDs," was duly and legally issued by the United States Patent and Trademark Office on April 30, 2019.  A copy of the '941 patent is attached hereto as Exhibit B.

11.      The '662 patent, entitled "Electronic logging devices (ELD) for tracking driver of a vehicle in different tracking modes," was duly and legally issued by the United States Patent and Trademark Office on May 7, 2019.  A copy of the '662 patent is attached hereto as Exhibit C.

12.      The '966 patent, entitled, "A Computing Device Carried by A Vehicle for Tracking Driving Events in a Zone Using Location and Event Log Files," was duly and legally issued by the United States Patent and Trademark Office on August 13, 2019.  A copy of the '966 patent is

3

attached hereto as Exhibit D.

13.     The '789 patent, entitled, "Method for Controlling Conveyance of Event Information About Carriers of Mobile Device Based on Location Information Received from Location Information Sources Used by the Mobile Devices," was duly and legally issued by the United States Patent and Trademark Office on August 27, 2019.  A copy of the '789 patent is attached hereto as Exhibit E.

14.     The '198 patent, entitled, "Software-based Mobile Tracking Service with Video Streaming When Events Occur," was duly and legally issued by the United States Patent and Trademark Office on July 10, 2018.  A copy of the '198 patent is attached hereto as Exhibit F.

15.      The '364 patent, entitled, "A Method For Conveyances Of Event Information To Individuals Interested In Locating Drivers Using Mobile Devices Having Phone Numbers" was duly and legally issued by the United States Patent and Trademark Office on March 24, 2020.  A copy of the '364 patent is attached hereto as Exhibit G.

16.     The '961 patent, entitled "Method for Logging Times and Locations of Carriers of Objects or Electronic Logging Devices (ELDS) or Sensors in Identified User, Driver or Vehicle Sub-Groups Within a Group or Fleet," was duly and legally issued by the United States Patent and Trademark Office on April 24, 2018. A copy of the '961 patent is attached hereto as Exhibit H.

17.     The '941 patent, entitled, "A Location Tracking System Conveying Event Information Based on Administrator Authorizations," was duly and legally issued by the United States Patent and Trademark Office on June 13, 2017.  A copy of the '941 patent is attached hereto as Exhibit I.

18.     Each of the foregoing patents, collectively referred to as the "patents-in-suit" is

4

valid and enforceable.

19.     PerDiem is the exclusive owner of all right, title, and interest in each of the patents-in-suit. PerDiem has the right to bring this action to recover damages for any current or past infringement of these patents.  Plaintiff PerDiem has never granted Defendant Agilis a license to practice any of the patents-in-suit.

## PERDIEM'S GEOFENCING PATENTS

20.     The inventions claimed in at least the '874, '198, and '789 patents represent an improvement to location tracking systems.  More specifically, the claims of these patents are directed to an improved location tracking system that tracks locations of a plurality of mobile objects or devices in a network employed to provide a tracking service that sends notifications or alerts after group event conditions which are based on locations of grouped tracked objects are met.

21.     Group event conditions may relate to mobile object/device locations and a zone where the occurrence of an event causes an alert/notification to be sent when grouped vehicles equipped with GPS devices cross a boundary.

22.     The claimed inventions provide an improvement over conventional networks by providing a reliable and efficient way to the service subscribers to track objects and convey the notifications only to authorized recipients.  The claimed inventions provide this benefit by creating multiple levels of administrative privileges and applying multiple levels of access control by checking the privileges.

23.     The multiple levels of administrative privileges includes a first level of administrative privilege used by a system administrator of the tracking service for controlling user membership in groups specified by the administrator and a second level of privilege being

assigned to a second administrator, *e.g.*, a service subscriber, in each group by the system administer for controlling conveyance of the notifications in the corresponding group such that the administrator having the first level of administrative privilege does not exercise the second level of administrative privilege.

24.     Under this claimed structure, the second administrator has complete control over who receives the notifications in the group independent of the system administrator and second administrators of other groups.  Interfaces are provided to the second administrator allow for setting event conditions and alert/notifications for the group.

25.     As claimed, a first level of access control is used to allow the second administrator to specify an event condition, *i.e.* a geo-fence, for the group and specify an access list such that only identified authorized users on the access list can receive the notification information, thereby providing total privacy to the second administrators.  A second level of access control is used to allow authorized recipients to access the notifications/alerts.

### PERDIEM'S ELECTRONIC LOGGING DEVICE (ELD) PATENTS

26.     The inventions claimed in at least the '662, '689, '966, '789 and '364 patents are directed to an improved mobile computing devices known as ELDs which are carried in vehicles. The claimed ELDs execute location tracking applications (LTAs) and the claimed ELD system and improved method control conveyance of driving event information in a tracking service.  The tracking service has a system administrator that manages privileges of the authorized users, including administrator of groups of drivers (diver administrators) of the service who log into user accounts as subscribers in a database management system application (DBMSA) executed in a server.

27.     The claimed improvements are directed to using multiple levels of privileges that

allow driver access to recorded event log files for driving events that occur after detecting that the vehicles are powered on which cause locating the drivers and recording movement and non-movement driving events into the event log files.

28.     The claimed inventions provide that benefit by allowing the drivers to use the LTAs to log into driver user accounts over a wireless interface provided by the computing devices and edit, write or enter information into the event log files and sending notifications to one or more recipients who are authorized by a driver administrator to receive the recorded driving event information.

## PERDIEM'S CLAIMS ARE PATENT ELIGIBLE

29.     The claims in the asserted patents are directed to patent eligible subject matter.

30.     The asserted patents are directed at providing unconventional computing solutions that address problems that are particular to computerized location tracking systems.

31.     The systems, devices and methods of the asserted patents provide for establishing object location events that may be defined at an application or user level.  (*See, e.g.,* '941 patent at 2:11-15).   The systems, methods and devices of the asserted claims are also directed to conveying information relating to the object location events to one or more computing devices which may be associated with corresponding identification codes of one or more users.  (*Id.* at 2:16-19).

32.     According to one embodiment, an object location event can relate to information about a location of an object and information about a zone that is defined by a user.  (*Id.* at 2:23-25).   In another embodiment, information about a location can be derived from a location information source that is associated with an object and the object location event may occur by satisfaction of a defined relationship or condition between an object location information and

7

user-defined zone information.  (*Id.* at 2:26-31).

33.     Providing computerized location tracking systems with systems, devices and methods in the manner claimed in the PerDiem patents in suit solved challenges over the techniques and systems known in the art at the time.  Thus, the claims of the asserted patents contain inventive concepts, being both novel and unconventional, which are sufficient to render the asserted patent claims to be patent eligible.

34.     In particular, prior to the priority date of the asserted patents, in systems, such as traditional location tracking systems, information about the mere location of a device might be conveyed but without the correlation of events with location of objects and the conveyance of information about such events to computing devices.  (*Id.* at 1:55-60).

35.     The PerDiem patents in suit overcame these disadvantages by, for example, describing and enabling systems, devices and methods for delivering information about a location that is derived from a location information source that is associated with an object and the object location event that may occur by satisfaction of a defined relationship or condition between an object location information and user-defined zone information (*id.* at 2:26-31), and conveying information relating to the object location events to one or more computing devices which may be associated with corresponding identification codes of one or more users (*id.* at 2:16-19).

36.     The inventions of the asserted patents resolve technical problems related to interactive location tracking technology.  For example, the inventions allow remotely located parties to interact in a computerized environment in real time with one or more users, which, on information and belief, is exclusively implemented using computer technology.

37.     The claims of the PerDiem patents in suit do not merely recite the performance of

8

some method known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the asserted patents recite inventive concepts that are rooted in computerized location tracking system technology, and overcome problems specifically arising in the realm of computerized location tracking system technologies.

38.     The technology claimed in the asserted patents does not preempt all ways of using location tracking system technology, nor preempt the use of any well-known location tracking technology, nor preempt any other well-known or prior art technology.

39.     The asserted patent claims are not directed to any "method of organizing human activity," "fundamental economic practice long prevalent in our system of commerce," nor are any of the claims "a building block of the modern economy."

40.     The PerDiem patents in suit do not take a well-known or established business method or process and apply it to a general-purpose computer.  Instead, the specific systems and processes described in the asserted patents have no direct corollary to a process that predates the advent of the Internet.

41.     The asserted patent claims are directed toward a solution rooted in computer technology and uses technology, unique to computers and networks, to overcome problems specifically arising in the realm of computerized location tracking technologies.

42.     The asserted patent claims are not directed at a mere mathematical relationship or formula.

43.     The asserted patent claims cannot be performed by a human, in the human mind, or by pen and paper.

44.     Accordingly, each claim of the PerDiem patents in suit recites a combination of elements sufficient to ensure that each claim, in practice, amounts to significantly more than a

claim on an ineligible concept.

## PERDIEM'S PATENT LITIGATION HISTORY

45.     The patents-in-suit all claim priority to the U.S. Provisional Patent Application No. 60/752,879, filed on December 23, 2005, all nine patents-in-suit claim priority to that provisional application.

46.     The patent family to which the nine patents-in-suit belong are part of a larger portfolio of patents, with all patents in that portfolio claiming priority to the application filed on December 23, 2005.   Several of the patents within that portfolio have been subject to extensive federal court litigation in the Eastern District of Texas (the EDTX Litigations) involving eleven (11) companies who settled with PerDiem after filing more than *ten inter partes* Reviews ("IPRs") challenging the validity of PerDiem's patent at the United States Patent and Trademark Office ("USPTO") based on prior art.   All settlements in the EDTX litigations resulted in licensing agreements where PerDiem was compensated.

47.     In the EDTX Litigations, Magistrate Judge Payne construed the claims according to CLAIM CONSTRUCTION MEMORANDUM AND ORDER attached hereto as Exhibit J, which Order was adopted by Judge Gilstrap.

48.      In his REPORT AND RECOMMENDATION attached hereto as Exhibit K, Magistrate Judge Payne confirmed that the claims at issue are eligible subject matter under 35 U.S.C. §101 and that the specification supports the claims under 35 U.S.C. §112, with the REPORT AND RECOMMENDATION being adopted by Judge Gilstrap.

49.     The Asserted Patents issued after the USPTO examiner considered the prior art cited during the prior EDTX Litigations and the IPRs.   The Asserted Patents in this action have

the same ownership history and patent specification as those reviewed by Judge Gilstrap.

50.     PerDiem has concluded after careful review of publicly available information that Defendant's accused products and services infringe one or more claims of the asserted patents by applying the adopted claim construction during the EDTX litigations.

### THE ACCUSED PRODUCTS AND SERVICES

51.     Defendant makes, uses, sells, offers for sale, and/or imports products and services that infringe the patents-in-suit.  Defendant's product offering infringes Perdiem's ELD and geo-fencing patents.

52.     More specifically, Defendant's ELD and geo-fencing products and services are available through web-based fleet management applications with its ELD products and services being marketed as Defendant's "Linxup" (https://www.linxup.com/), "FleetSharp" (https://www.fleetsharp.com/), "Aware GPS" (https://www.awaregps.com/) and "CommandGPS" (https://www.commandgps.com/), which provide ELD and geo-fencing products and services hereafter, "the Accused Products and Services").

53.     On information and belief, PerDiem contends that Defendant makes, uses, sells, or offers for sale products and services that infringe each of the asserted patents, as set forth in more detail below in connection with Exhibits L through T, which are exemplary infringement claim charts for the asserted claims of the asserted patents, each of which is incorporated by reference herein

### PLAINTIFF'S PRE-FILING INTERACTIONS WITH DEFENDANT

54.     On October 3, 2018, PerDiem's CEO, Mr. Robert Babayi, sent a letter to Defendant's offices in Missouri to inform Defendant that PerDiemCo owned several patents and to invite business discussions involving Defendant's Accused Products and Services.

55.     Plaintiff's letter invited Defendant to review, among others, the '941, '198, '874 and the '961 patents (the '961 patent is asserted in this action) and the exemplary claim chart PerDiem provided for the '961 patent with that letter to assist Defendant's understanding how PerDiem believed its patent claims relate to Defendant's Accused Products and Services.

56.     PerDiem followed up on that letter on March 7, 2019, sending a second letter again inviting Defendant to discuss a license under PerDiem's patent portfolio.

## COUNT I – INFRINGEMENT OF THE '662 PATENT

57.     Paragraphs 1 through 56 are incorporated by reference as if fully stated herein.

58.     Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '662 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '662 patent.  An exemplary claim chart detailing the correspondence of every element of claim 1of the '662 patent with a feature of the Defendant Accused Products and Services is attached hereto as Exhibit L, which is incorporated by reference herein.

59.     Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '662 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '662 patent.

60.      Defendant has knowledge and notice of the '662 patent and its infringement through the filing of this action.

61.     Defendant has induced infringement and continues to induce infringement under

12

35 U.S.C. § 271(b).  Defendant has actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '662 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '662 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

62.     Defendant has contributed to, and continues to contribute to, the infringement by third parties, including its customers, of one or more claims of the '662 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '662 patent, knowing that those products are especially made or adapted to infringe the '662 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

63.     PerDiem has been and continues to be damaged by Defendant's infringement of the '662 patent.

64.     Having knowledge of the '662 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '662 patent.

13

65.     Defendant has willfully infringed the '662 patent and continues to do so.

66.     The conduct by Defendant in infringing the '662 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II – INFRINGEMENT OF '689 PATENT

67.     Paragraphs 1 through 56 are incorporated by reference as if fully stated herein.

68.     Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '689 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '689 patent.  An exemplary claim chart detailing the correspondence of every element of claim 1 of the '689 patent with a feature of the Defendant's Accused product offering is attached hereto as Exhibit M, which is incorporated by reference herein.

69.     Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '689 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '689 patent.

70.     Defendant has knowledge and notice of the '689 patent and its infringement through the filing of this action.

71.     Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '689 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the

14

knowledge and intent that third parties will use, sell, and/or offer for sale in the United States those products and services, for their intended purpose to infringe the '689 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

71.     Defendant has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '689 patent, including at least claim 1, under 35 U.S.C. § 271(c), by , for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '689 patent, knowing that those products are especially made or adapted to infringe the '689 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

72.     PerDiem has been and continues to be damaged by Defendant's infringement of the '689 patent.

73.     Having had prior knowledge of the '689 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '689 patent.

74.     Defendant has willfully infringed the '689 patent and continues to do so.

75.     The conduct by Defendant in infringing the '689 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

15

## COUNT III – INFRINGEMENT OF THE '941 PATENT

76.     Paragraphs 1 through 56 are incorporated by reference as if fully stated herein.

77.     Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '941 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '941 patent.  An exemplary claim chart detailing the correspondence of every element of claims 1 and 12 of the '941 patent with a feature of Defendant's product offering is attached hereto as Exhibit N, which is incorporated by reference herein.

78.     Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '941 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '941 patent.

79.     Defendant had prior knowledge and notice of the '941 patent and its infringement through prior communications with PerDiem and through the filing of the Counterclaims in this action.

80.     Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '941 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Products and Services, for their intended purpose to infringe the '689 patent, with

16

instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

81.     Defendant has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '941 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '941 patent, knowing that those products are especially made or adapted to infringe the '941 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

82.     PerDiem has been and continues to be damaged by Defendant's infringement of the '941 patent.

83.     Having knowledge of the '941 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '941 patent.

84.     Defendant has willfully infringed the '941 patent and continues to do so.

85.     The conduct by Defendant in infringing the '941 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## <u>COUNT IV – INFRINGEMENT OF THE '966 PATENT</u>

86.     Paragraphs 1 through 56 are incorporated by reference as if fully stated herein

17

87.     Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '966 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '966 patent.  An exemplary claim chart detailing the correspondence of every element of claims 1 and 6 of the '966 patent with a feature of the Defendant's Accused product offering is attached hereto as Exhibit O, which is incorporated by reference herein.

88.     Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '966 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '966 patent.

89.     Defendant has knowledge and notice of the '966 patent and its infringement through the filing of this action.

90.     Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '966 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '966 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the

dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

91.    Defendant has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '966 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '966 patent, knowing that those products are especially made or adapted to infringe the '966 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

92.    PerDiem has been and continues to be damaged by Defendant's infringement of the '966 patent.

93.    Having knowledge of the '966 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '966 patent.

94.    Therefore, Defendant has willfully infringed the '966 patent and continues to do so.

95.    The conduct by Defendant in infringing the '966 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT V – INFRINGEMENT OF THE '789 PATENT

96.    Paragraphs 1 through 56 are incorporated by reference as if fully stated herein.

97.    Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '789 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the

19

Accused Products and Services that infringe one or more of the claims '789 patent.  An exemplary

claim chart detailing the correspondence of every element of claims 1, 12, and 17 of the '789 patent

with a feature of the Defendant's Accused product offering is attached hereto as Exhibit P, which

is incorporated by reference herein.

98.     Third parties, including Defendant's customers, have directly infringed, and

continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '789 patent, either

literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or

offering for sale the Accused Products and Services in the United States so as to infringe one or

more claims of the '789 patent.

99.     Defendant has knowledge and notice of the '789 patent and its infringement

through the filing of this action.

100.     Defendant has induced infringement and continues to induce infringement under

35 U.S.C. § 271(b).  Defendant has actively, knowingly, and intentionally induced, and continues

to actively, knowingly, and intentionally induce, infringement of the '789 patent by, for example,

selling or otherwise supplying the Accused Products and Services in the United States with the

knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the

Accused Product and Services, for their intended purpose to infringe the '789 patent, with

instructions as to the use of those products and services and guidance as to the specific steps that

must be taken to utilize those products and services, including the provision of interactive data

fields, all with the knowledge and intent to encourage and facilitate infringement through the

dissemination of the Accused Products and Services and/or the creation and dissemination of

documentation and technical information to customers and prospective customers related to those

products and services.

101.    Defendant has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '789 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '789 patent, knowing that those products are especially made or adapted to infringe the '789 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

102.    PerDiem has been and continues to be damaged by Defendant's infringement of the '789 patent.

103.    Having knowledge of the '789 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '789 patent.

104.    Defendant has willfully infringed the '789 patent and continues to do so.

105.    The conduct by Defendant in infringing the '789 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VI – INFRINGEMENT OF THE '198 PATENT

106.    Paragraphs 1 through 56 are incorporated by reference as if fully stated herein.

107.    Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '198 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '198 patent.  An exemplary claim chart detailing the correspondence of every element of claims 1 and 20 of the '198 patent with a feature of the Defendant's Accused Product and Services is attached hereto as Exhibit Q,

21

which is incorporated by reference herein.

108.     Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '198 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '198 patent.

109.     Defendant has had prior knowledge and notice of the '198 patent and its infringement through prior correspondence from counsel for Plaintiff to Defendant and its CEO and through the filing and service of the Complaint in this action.

110.     Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '198 patent by, for example, selling or otherwise supplying the Accused products and services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '198 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

111.     Defendant has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '198 patent, including at least

claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '198 patent, knowing that those products are especially made or adapted to infringe the '198 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

112.    PerDiem has been and continues to be damaged by Defendant's infringement of the '198 patent.

113.    Having knowledge of the '198 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '198 patent.

114.    Defendant has willfully infringed the '198 patent and continues to do so.

115.    The conduct by Defendant in infringing the '198 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

### COUNT VII – INFRINGEMENT OF THE '874 PATENT

116.    Paragraphs 1 through 56 are incorporated by reference as if fully stated herein.

117.    Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '874 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '874 patent.  An exemplary claim chart detailing the correspondence of every element of claim 1 of the '874 patent with a feature of the Defendant's Accused Product and Services is attached hereto as Exhibit R, which is incorporated by reference herein.

118.    Third parties, including Defendant's customers, have directly infringed, and

continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '874 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '874 patent.

119.    Defendant had prior knowledge and notice of the '874 patent and its infringement through prior correspondence from counsel for Plaintiff to Defendant and its CEO and through the filing and service of the Complaint in this action.

120.    Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '874 patent by, for example, selling or otherwise supplying the Accused products and services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '874 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

121.    Defendant has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '874 patent, including at least claim 11, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part

of the invention or inventions of the '874 patent, knowing that those products are especially made or adapted to infringe the '874 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

122.    PerDiem has been and continues to be damaged by Defendant's infringement of the '874 patent.

123.    Having knowledge of the '874 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '874 patent.

124.    Defendant has willfully infringed the '874 patent and continues to do so.

125.    The conduct by Defendant in infringing the '874 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VIII – INFRINGEMENT OF THE '364 PATENT

126.    Paragraphs 1 through 56 are incorporated by reference as if fully stated herein.

127.    Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '364 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '364 patent.  An exemplary claim chart detailing the correspondence of every element of claims 12 through 14 of the '364 patent with a feature of the Defendant's Accused Product and Services is attached hereto as Exhibit S, which is incorporated by reference herein.

128.    Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '364 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or

offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '364 patent.

129.    Defendant has knowledge and notice of the '364 patent and its infringement through the filing of this action.

130.    Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '364 patent by, for example, selling or otherwise supplying the Accused products and services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '364 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

131.    Defendant has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '364 patent, including at least claims 3-6, 8-10, 12-20, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '364 patent, knowing that those products are especially made or adapted to infringe the '364 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

26

132.    PerDiem has been and continues to be damaged by Defendant's infringement of the '364 patent.

133.    Having knowledge of the '364 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '364 patent.

134.    Defendant has willfully infringed the '364 patent and continues to do so.

135.    The conduct by Defendant in infringing the '364 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

### COUNT IX – INFRINGEMENT OF THE '961 PATENT

136.    Paragraphs 1 through 56 are incorporated by reference as if fully stated herein.

137.    Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '961 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '961 patent.  An exemplary claim chart detailing the correspondence of every element of claim 33 with a feature of the Defendant's Accused Product and Services is attached hereto as Exhibit T, which is incorporated by reference herein.

138.    Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '961 patent, either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Accused Products and Services in the United States that infringe one or more claims of the '961 patent.

139.    Defendant has had prior knowledge and notice of the '961 patent and its

infringement through prior correspondence from counsel for Plaintiff to Defendant and its CEO and through the filing and service of the Complaint in this action.

140.    Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b). Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '961 patent by selling or otherwise supplying the Accused Products and Services with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States, for their intended purpose to infringe the '961 patent, and with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to the Accused Products and Services.

141.    Defendant has contributed and continues to contribute to the infringement by third parties, including its customers, of one or more claims of the '961 patent, including at least claim 33, under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States knowing that those products constitute a material part of the inventions of the '961 patent, knowing that those products are especially made or adapted to infringe the '961 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

142.    PerDiem has been and continues to be damaged by Defendant's infringement of the '961 patent. PerDiem has no adequate remedy to law.

143.    Having had prior knowledge of the '961 patent, Defendant knew or should have known that, without taking a license to the patents-in-suit, its actions continue to infringe one or more claims of the '961 patent. Therefore, Defendant has willfully infringed the '961 patent and continues to do so.

28

144.     The conduct by Defendant in infringing the '961 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## **PRAYER OF RELIEF**

**WHEREFORE**, PerDiem prays for judgment as follows:

A.     That Defendant has infringed each of the patents-in-suit;

B.     That PerDiem be awarded all damages adequate to compensate it for Defendant's infringement of the patents-in-suit, such damages to be determined by a jury with pre- judgment and post-judgment interest;

C.     A judgment that the infringement was willful and that such damages be trebled pursuant to 35 U.S.C. § 284;

D.     An order permanently enjoining Defendant and its officers, agents, servants and employees, privies, and all persons in concert or participation with it, from further infringement of the patents-in-suit;

E.     That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that PerDiem be awarded attorney fees, costs, and expenses incurred relating to this action; and

F.     That PerDiem be awarded such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

PerDiem hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

OFFIT KURMAN, P.A.

29

October 29, 2020

/s/ *Anthony N. Delcollo*
Anthony N. Delcollo, Esquire (DE 5688)
222 Delaware Avenue, Suite 1105
Wilmington, DE 19801
302.351.0903 (p)
adelcollo@offitkurman.com

*Attorneys for Plaintiff PerDiemCo, LLC*

Of Counsel:
James D. Berquist (*Pro hac vice pending*)
Donald L. Jackson (*Pro hac vice pending*)
Davidson Berquist Jackson & Gowdey LLP
8300 Greensboro Dr., Suite 500
McLean, VA 22102
571-765-7700 (p)
Jay.Berquist@davidsonberquist.com
Don.Jackson@davidsonberquist.com